1  Dena C. Sharp (State Bar No. 245869)          Elizabeth J. Cabraser (State Bar No.
2  Steven M. Tindall (State Bar No. 187862)      083151)
   Jordan Elias (State Bar No. 228731)           Lexi J. Hazam (State Bar No. 224457)
3  Adam E. Polk (State Bar No. 273000)           Sarah R. London (State Bar No. 267083)
   **GIRARD GIBBS LLP**                           Tiseme G. Zegeye (State Bar No. 319927)
4  601 California Street, Suite 1400             **LIEFF CABRASER HEIMANN &**
   San Francisco, California 94108               **BERNSTEIN, LLP**
5  Tel: (415) 981-4800                           275 Battery Street, 29th Floor
   Fax: (415) 981-4846                           San Francisco, CA  94111-3339
6  chc@girardgibbs.com                           Telephone:  415.956.1000
7  smt@classlawgroup.com                         Facsimile:  415.956.1008
   je@girardgibbs.com                            ecabraser@lchb.com
8  aep@girardgibbs.com                           lhazam@lchb.com
                                                 slondon@lchb.com
9                                                tzegeye@lchb.com

10 Adam B. Wolf (State Bar No. 215914)
   Tracey B. Cowan (State Bar No. 250053)
11 **PEIFFER WOLF CARR & KANE, A**
   **PROFESSIONAL LAW CORPORATION**
12 4 Embarcadero Center, Suite 1400
   San Francisco, CA 94111
13 Tel: (415) 766-3545
   Fax: (415) 402-0058
14 awolf@pwcklegal.com
   tcowan@pwcklegal.com
15
16 *Counsel for Plaintiffs and Interim Class Counsel*

17
                    UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19
                      SAN FRANCISCO DIVISION
20

21
22 *IN RE PACIFIC FERTILITY CENTER LITIGATION*     Case No. 3:18-cv-01586-JSC

23                                                **[PROPOSED] STIPULATED ORDER**
                                                  **RE: DISCOVERY OF**
24                                                **ELECTRONICALLY STORED**
                                                  **INFORMATION**
25

26
27
28
   ────────────────────────────────────────────
         [PROPOSED] STIPULATED ORDER RE: DISCOVERY OF
            ELECTRONICALLY STORED INFORMATION
               CASE NO. 3:18-CV-01586-JSC

**1.     PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.     COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.     LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.     PRESERVATION**

a)     The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that all ESI, created and received, from January 1, 2012 to the present, will be preserved, subject to the limitations set forth in subparagraphs (b), (c), and (f). The parties further agree that ESI related to the design, development, manufacture, instructions, policies and procedures for use, marketing, pricing, and sale of Tank 4 created and received from June 1, 2011 to the present will be preserved. The parties will meet and confer within 30 days of entry of this Order and attempt to reach agreement regarding the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved.

1

~~[PROPOSED~~] STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:18-CV-01586-JSC

b)      The parties will meet and confer within 30 days of entry of this Order and attempt to reach agreement on the number of custodians per party for whom ESI will be preserved.

c)      The parties will meet and confer within 30 days of entry of this Order and attempt to reach agreement on a list of sources of data that are "not reasonably accessible" because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)2(B)

d)      In addition to the above, the parties will meet and confer within 30 days of entry of this Order and attempt to reach agreement on a list of sources that: (a) could contain relevant information but (b) under the proportionality factors, should not be preserved.

In the event the parties are unable to reach agreement on the items listed in Section 4, subparts b) thru e), the parties will seek guidance from the Court.

**5.      PRODUCTION FORMATS**

The parties agree to produce documents in accordance with the Protocol Governing the Production of Electronically Stored Information attached as Exhibit A. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**6.      SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**7.      PHASING**

When a requesting party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to meet and confer concerning the prioritization of production of documents and records from sources most likely to contain relevant and discoverable information. Following the initial production, the parties will continue to meet and confer concerning prioritizing the order of subsequent productions.

**8.     DOCUMENTS PROTECTED FROM DISCOVERY**

a)     Pursuant to Fed. R. Evid. 502(d) and as expanded by this stipulation and order, the production of privileged or work-product-protected documents, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents and any other form of confidential or privileged data in this case as part of any production is not itself a waiver in this case or in any other federal or state proceeding.

b)     The parties have agreed upon a process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows:

i.     If a producing party has a good faith belief that privileged or otherwise protected or confidential data has been inadvertently produced, it shall promptly notify the requesting parties of the claim of privilege, protection or confidentiality;

ii.     Upon receipt of any notice claiming privilege, protection or confidentiality with respect to a produced data, all other parties (regardless of whether they agree with the producing party's claim of privilege, protection or confidentiality) shall promptly:

a.     Use reasonable efforts to destroy or sequester all copies of the inadvertently produced data or material in such party's possession, custody, or control, and notify the producing party that they have done so; and

b.     Notify the producing party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced data or material from other persons, if any, to whom such documents or material have been provided, consistent with Rule 26(b)(5)(B);

iii.     To the extent a requesting party disputes the producing party's claim of privilege, protection or confidentiality, the receiving party shall notify the producing party of its position within 14 days of receiving the producing party's notice of the dispute.  Within 14 days of receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement.  If the parties are unable to resolve their disagreement, the parties may submit the

1    issue to the Court for a determination and may submit any document(s) in dispute under seal in

2    compliance with Rule 26(b)(5)(B).

3         c)    Communications involving trial counsel that post-date the filing of the complaint

4    need not be placed on a privilege log, so long as the communication was not shared with anyone

5    other than counsel and client or counsel and work product consultants or work product

6    consultants acting pursuant to their engagement by trial counsel and clients. Communications

7    may be identified on a privilege log by category, rather than individually, if appropriate.

8         **9.    MODIFICATION**

9         This Stipulated Order may be modified by a Stipulated Order of the parties or by the

10   Court for good cause shown.

11        **IT IS SO STIPULATED**, through Counsel of Record.

12   Dated:  September 7, 2018            **GIRARD GIBBS LLP**

13                          By:   _/s/ Adam E. Polk_

14                          Dena C. Sharp (State Bar No. 245869)
                            Steven M. Tindall (State Bar No. 187862)
15                          Jordan Elias (State Bar No. 228731)
                            Adam E. Polk (State Bar No. 273000)
16                          **GIRARD GIBBS LLP**
                            601 California Street, Suite 1400
17                          San Francisco, California 94108
                            Tel: (415) 981-4800
18                          Fax: (415) 981-4846
                            chc@girardgibbs.com
19                          smt@classlawgroup.com
                            je@girardgibbs.com
20                          aep@girardgibbs.com

21                          Adam B. Wolf (Cal. Bar No. 215914)
                            Tracey B. Cowan (Cal. Bar No. 250053)
22                          **PEIFFER WOLF CARR & KANE, PLC**
                            4 Embarcadero Center, Suite 1400
23                          San Francisco, CA  94111
                            Telephone: (415) 766-3545
24
                            Elizabeth Cabraser (Cal. Bar No. 83151)
25                          Sarah R. London (Cal. Bar No. 267083)
                            Tiseme Zegeye (Cal. Bar No. 319927)
26                          **LIEFF CABRASER HEIMANN & BERNSTEIN**
                            275 Battery Street, Fl. 29
27                          San Francisco, CA 94111
                            Telephone: (415) 956-1000
28

---

1                                *Counsel for Plaintiffs and Interim Class Counsel*

2    Dated:  September 7, 2018            By: */s/ Joseph S. Picchi*

3                                  Joseph S. Picchi (State Bar No. 157102)
Aaron T. Schultz (State Bar No. 222949)
**GALLOWAY, LUCCHESE, EVERSON &**

4                                  **PICCHI**
2300 Contra Costa Blvd., Suite 350

5                                  Pleasant Hill, California 94523
Tel: (925) 930-9090

6                                  jpicchi@glattys.com
aschultz@glattys.com

7

8                                  *Counsel for Defendant Pacific Fertility Center*

9                                  By: */s/ Erin M. Bosman*

10                                Erin M. Bosman (State Bar No. 204987)
**MORRISON & FOERSTER LLP**
425 Market Street

11                                San Francisco, California 94105
Tel: (415) 268-7000

12                                EBosman@mofo.com

13                                *Counsel for Defendant Prelude Fertility, Inc.*

14                                By: */s/ Molly Moriarty Lane*
Molly Moriarty Lane (State Bar No. 149206)

15                                **MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower

16                                San Francisco, California 94105
Tel: (415) 442-1000
molly.lane@morganlewis.com

17

18                                *Counsel for Defendant Chart Industries, Inc.*

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from counsel for Defendants Pacific Fertility Center and Prelude Fertility.

Dated:   September 7, 2018                    */s/ Adam E. Polk*_____

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: _September 10, 2018_                  By: _____

The Honorable Jacqueline Scott Corley

1

**EXHIBIT A**

2

**PROTOCOL GOVERNING THE PRODUCTION OF**
**ELECTRONICALLY STORED INFORMATION (ESI)**

3

4

**Production of Data:**

5

ESI is to be produced in 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or
.TIF) files.  TIFF files shall be produced in single-page format along with image load files and
.OPT file and .LFP file).  All documents are to be provided with multi-page searchable text
(.TXT) files.  The image load files should indicate page breaks

6

7

8

During the process of converting ESI from the electronic format of the application in which the
ESI is normally created, viewed and/or modified to TIFF, metadata values should be extracted
and produced in a load file ("metadata load file").

9

10

To the extent they are available, the metadata values that are to be extracted and produced in the
metadata load files (.DAT file using Concordance standard delimiters file) are:

11

12

Metadata from Email:

13

     Email Subject

14

     Email Author
     Email Recipient

15

     Email CC
     Email BCC

16

     Email Received Date

17

     Email Received Time
     Email Sent Date

18

     Email Sent Time

19

Metadata from Electronic Files:

20

     File Name

21

     File Author
     File Created Date

22

     File Created Time
     File Modified Time

23

     File Extension

24

Data for both Email and Electronic Files:

25

     Custodian or Source

26

     Original Path
     MD5 Hash

27

28

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 3:18-cv-01586-JSC

To the extent reasonably available, the "Custodian" "Source" or "Original Path" field with respect to ESI gathered from an individual's hard drive will provide metadata sufficient to identify the custodian from whose hard drive such ESI has been gathered.

For all documents (for example, email) that contained an attachment, to the extent available, the following fields should be produced as part of the metadata load file to provide the parent/child or parent/sibling relationship.

    Production Number Begin
    Production Number End
    Production Attachment Range Number Begin
    Production Attachment Range Number End
    Attachment Name
    Production Doc Page Count

The parties may de-duplicate identical ESI on a global scale, subject to the parties' good faith agreement to provide any requesting party information about other custodians who possessed or had access to any given ESI record that would be available but for the deduplication.

Email threads are email communications that contain prior or lesser-included email communications. A most inclusive email thread is one that contains all of the prior or lesser-included emails and attachments, including each branch of the email thread. A producing party may not use e-mail thread suppression to exclude email from production without first meeting and conferring to reach an agreement with the requesting party regarding the methodology used for suppression and means of preserving and producing metadata of any suppressed email. If the parties are unable to agree after meeting and conferring in good faith, the parties shall notify (and seek resolution by) the Court of their unresolved dispute(s).

**Production of Excel and Access ESI**

Unless such materials contain privileged information, MS-Excel spreadsheets and MS-Access databases shall be produced in native format.  The metadata load file shall contain a link to the produced MS-Excel spreadsheets and MS-Access database via data values called "Native Link." The Native Link values should contain the full directory path and file name of the MS-Excel spreadsheet and MS-Access database as contained in the produced media.

Production of responsive data contained in relational databases other than MS-Access should be achieved via a report or export of such data to MS-Excel spreadsheets that will be produced.

Producing native MS-Excel files and MS-Access databases should be accompanied by a reference file containing the name of the file and MD5 hash value for each produced file.  To the extent such material contain information subject to a claim of privilege, it shall be produced  after having been redacted natively. Should native redaction prove impractical, the Parties shall meet and confer about alternative means of production of non-privileged portions of the file.

**Production of Audio and Video Files**

Audio and video files are to be produced in the native audio or video file format in which they were maintained in the ordinary course of business. Produced native audio or video files should

be accompanied by a reference file containing the name of the MD5 hash value for each produced file.  If the audio files are maintained in a non-standard format, they should be produced in MP3 format.

**Bates Numbering and Confidentiality Designation**

Bates number and any confidentiality and designation should be electronically branded on each produced TIFF image ESI.  Documents produced natively, *e.g*., spreadsheets, identified as Confidential or Highly Confidential shall have that information appear on the placeholder .TIFF image and shall be added to the document metadata .  Bates numbers should consist of consecutive characters or connectors without spaces.