UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. E., et al., | Case No.18-cv-01586-JSC |
| Plaintiffs, | |
| v. | **ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL** |
| PACIFIC FERTILITY CENTER, et al., | Re: Dkt. Nos. 51, 142, 158, 164, 168 |
| Defendants. | |

The parties have filed several administrative motions to seal in connection with briefing on the pending motion to compel arbitration and the filing of Plaintiffs' First Amended Consolidated Class Action Complaint.

First, Defendant Pacific Fertility Center filed an administrative motion to seal with its motion to compel arbitration wherein it seeks sealing of Plaintiffs' informed consent forms. (Dkt. No. 51.) Defendant contends that sealing is warranted because the forms "contain Plaintiffs' personally identifiable information as well as other patient information regarding medical services rendered at PFC." (Dkt. No. 51-1 at ¶ 3.) These consent forms, however, are critical to Defendant's motion to compel arbitration and the request for sealing of the forms in their entirety is not narrowly tailored. *See* Civ. L.R. 79-5(b)("the request must be narrowly tailored to seek sealing only of sealable material"). The motion to seal is therefore DENIED WITHOUT PREJUDICE to renewal seeking sealing only of the personally identifying information.

Second, Plaintiffs filed an administrative motion to seal with the First Amended Consolidated Class Action Complaint wherein Plaintiffs seek sealing of two categories of information: (1) information designated as confidential by Defendants, and (2) information Plaintiffs designated as confidential to protect their identity. (Dkt. No. 142-1.) Plaintiffs' request

for sealing of their identifying information in Exhibits 3, 4, 5, 6, 7, 8, and 9 to the Declaration of Adam Polk is narrowly tailored the request to seal portions of those exhibits is GRANTED. However, Defendants have not filed a declaration in support of sealing the information which they designated as confidential under the parties' Stipulated Protective Order as required by Civil Local Rule 79-5(e)(1). Accordingly, Plaintiffs' request to file portions of the First Amended Consolidated Class Action Complaint under seal which reference information Defendants previously designated as confidential is DENIED WITHOUT PREJUDICE.

Third, Defendant Pacific Fertility Center filed a supplemental administrative motion to seal in connection with its supplemental brief in support of its motion to compel arbitration which seeks sealing of the signature lines of Plaintiffs' arbitration agreement and the entire informed consent agreement because "they contain Plaintiffs' personally identifiable information, as well as other patient information…and various treatment elections." (Dkt. No. 158-1 at ¶ 3.) The request to seal the signature lines of Exhibits A and B to the Declaration of Aaron Schultz is GRANTED. However, as with Pacific Fertility Center's prior administrative motion to seal, the request to seal the entire informed consent agreement is not narrowly tailored. Accordingly, the motion to filed Exhibit C under seal in its entirety DENIED WITHOUT PREJUDICE to renewal seeking sealing only of the personally identifying information.

Fourth, Plaintiffs filed an administrative motion to seal with their supplemental opposition brief wherein they seek sealing of material designated as confidential either by Defendants or by non-party Extron. (Dkt. No. 164.) However, neither designating party has submitted a declaration in support of sealing as required by Civil Local Rule 79-5(e)(1). Accordingly, this administrative motion to seal is also DENIED WITHOUT PREJUDICE.

Finally, Pacific Fertility MSO, LLC and Prelude Fertility, Inc., filed a motion to seal two lines of their reply brief and the accompanying Declaration of Alden Romney. (Dkt. No. 168.) The motion is supported by the Declaration of Susan Hertzberg who attests that the information for which sealing is sought is confidential and disclosure of it could harm Defendants' business. (Dkt. No. 168-1.) The motion to seal is therefore GRANTED.

Any renewed administrative motion to seal should be filed by Friday, March 8, 2019 in

accordance with Civil Local Rule 79-5.  To the extent that any party files a renewed motion, they shall electronically file both the redacted and unredacted versions of the documents for which sealing is sought.  Chambers copies are only required of the administrative motion to seal, supporting declaration, and the unredacted (highlighted) version of the document sought to be sealed. The chambers copies must include the ECF header.

This Order disposes of Docket Nos. 51, 142, 158, 164, 168.

**IT IS SO ORDERED.**

Dated: March 4, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge