1   ERIN M. BOSMAN (CA SBN 204987)
    EBosman@mofo.com
2   WILLIAM F. TARANTINO (CA SBN 215343)
    WTarantino@mofo.com
3   JULIE Y. PARK (CA SBN 259929)
    JuliePark@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California 94105
    Telephone:  415.268.7000
6   Facsimile:   415.268.7522

7   DAVID F. McDOWELL (CA SBN 125806)
    DMcDowell@mofo.com
8   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard, Suite 6000
9   Los Angeles, California  90017
    Telephone:  213.892.5200
10  Facsimile:   213.892.5454

11  Attorneys for Defendant
    PACIFIC MSO, LLC

12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16  IN RE PACIFIC FERTILITY CENTER          Case No. 3:18-cv-01586-JSC
    LITIGATION
17                                          DEFENDANT PACIFIC MSO, LLC'S
                                            NOTICE OF MOTION AND
18                                          MOTION TO DISMISS FIRST
                                            AMENDED CONSOLIDATED
19                                          CLASS ACTION COMPLAINT;
                                            MEMORANDUM OF POINTS AND
20                                          AUTHORITIES IN SUPPORT
                                            THEREOF
21
                                            Date:     August 1, 2019
22                                          Time:     9:00 a.m.
                                            Ctrm:     Courtroom F, 15th Floor
23                                          Judge:    Hon. Jacqueline Scott Corley

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND ................................................................................................. 1

      A.      Procedural Background ........................................................................... 1

      B.      Plaintiffs' Claims Against Pacific MSO .................................................. 2

III.    LEGAL STANDARDS ........................................................................................ 3

IV.     ARGUMENT ..................................................................................................... 4

      A.      Plaintiffs Fail to Plead Plausible Claims Against Pacific MSO............................ 4

      B.      Plaintiffs' Premises Liability Claim Fails ................................................ 6

      C.      Plaintiffs' Fraudulent Concealment and UCL Fraudulent Prong Claims Do Not Meet Rule 9(b)'s Heightened Pleading Standard............................. 7

V.      CONCLUSION ................................................................................................ 10

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Adams v. I-Flow Corp.*,
5
   No. CV09-09550 R SSX, 2010 WL 1339948 (C.D. Cal. Mar. 30, 2010) ................................5

6
*Alcaraz v. Vece*,
   14 Cal. 4th 1149 (1997) ................................................................................................................6

7

*Ashcroft v. Iqbal*,
8
   556 U.S. 662 (2009) ...............................................................................................................3, 4

9
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................................3, 4
10

*Corazon v. Aurora Loan Servs., LLC*,
11
   No. 11-00542-SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011)...................................................4

12
*Daugherty v. Am. Honda Motor Co., Inc.*,
13
   144 Cal. App. 4th 824 .................................................................................................................9

14
*Gauvin v. Trombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) .........................................................................................6
15

16
*Hodsdon v. Mars, Inc.*,
   891 F.3d. 857 (9th Cir. 2018).....................................................................................................9

17
*Kaplan v. Rose*,
18
   49 F.3d 1363 (9th Cir. 1994).......................................................................................................4

19
*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
   940 F.2d 397 (9th Cir. 1991)......................................................................................................7
20

21
*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*,
   6 Cal. App. 4th 603 (1992) .........................................................................................................8

22
*Markman v. Leoni*,
23
   No. CV 09-8364 SVW, 2010 WL 8275829 (C.D. Cal. Nov. 3, 2010) ......................................5

24
*McCready v. Am. Honda Motor Co.*,
   No. C 05-5247 SBA, 2006 WL 1708303 (N.D. Cal. June 19, 2006) ........................................8
25

26
*Powell v. Residential Mortg. Capital*,
   No. C 09-04928 JF (PVT), 2010 WL 2133011 (N.D. Cal. May 24, 2010) ......................4, 5, 6

27
*Rojas-Lozano v. Google, Inc.*,
28
   159 F. Supp. 3d 1101 (N.D. Cal. 2016) .................................................................................8, 9

*Rowland v. Christian*,
    69 Cal. 2d 108 (1968) ........................................................................................6

*Sherman v. Stryker Corp.*,
    No. SACV 09-224 JVS (ANx), 2009 WL 2241664 (C.D. Cal. Mar. 30, 2009) ...................7, 8

*Sprecher v. Adamson Cos.*,
    30 Cal. 3d 358 (1981) ........................................................................................6

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ...........................................................................4

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .............................................................................7

*Vess v. Ciba-Geigy Corp.*,
    317 F.3d 1097 (9th Cir. 2003) .....................................................................4, 7, 8

*Vieste, LLC v. Hill Redwood Dev.*,
    No. C 09-04024 JSW, 2010 WL 4392939 (N.D. Cal. Oct. 29, 2010) .......................7

*Wilhelm v. Pray, Price, Williams & Russell*,
    186 Cal. App. 3d 1324 (1986) ...........................................................................8

*Zucco Partners LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) .............................................................................4

**Other Authorities**

Fed. R. Civ. P. Rule 8 ................................................................................1, 5, 6

Fed. R. Civ. P. 9(b) ...........................................................................5, 4, 7, 8, 10

Fed. R. Civ. P. 12(b)(6).....................................................................................3

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 1, 2019, or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Jacqueline Scott Corley, Defendant Pacific MSO, LLC ("Pacific MSO") will and hereby does move to dismiss the First Amended Consolidated Class Action Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the FAC fails to state a claim upon which relief can be granted; and to dismiss the following causes of action:

(i) The FAC in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a) on the ground that the FAC fails the notice pleading requirement and therefore fails to state a claim upon which relief can be granted;

(ii) Premises Liability pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the FAC fails to state a claim upon which relief can be granted;

(iii) Fraudulent Concealment pursuant to Fed. R. Civ. P. 9(b) for failure to plead fraud with specificity; and

(iv) Violation of the Unfair Competition Law – Fraudulent Prong pursuant to Fed. R. Civ. P. 9(b) for failure to plead fraud with specificity.

This Motion will be based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file with the Court, and such other evidence and argument as may be presented at the hearing.

Dated: June 4, 2019                    MORRISON & FOERSTER LLP


                                       By:   */s/ Erin M. Bosman*
                                             _____
                                             ERIN M. BOSMAN

                                             Attorneys for Defendant
                                             PACIFIC MSO, LLC

## I.     INTRODUCTION

Pacific MSO and Prelude Fertility, Inc are separate corporate entities with distinct identities and operations.  Plaintiffs' FAC ignores this distinction in attempting to state a claim for relief against Pacific MSO.  What Plaintiffs do acknowledge is that Prelude and Pacific MSO finalized a series of agreements with Pacific Fertility Center (PFC) in September 2017.  Pursuant to those agreements, PFC retained certain roles and responsibilities related to its tissue storage, and Pacific MSO began providing support services for PFC's tissue storage operations in September 2017.  Against this backdrop, Plaintiffs fail to allege any facts that could support its claims against Pacific MSO, warranting dismissal of the FAC and all of the claims against Pacific MSO on the following grounds.

First, Plaintiffs do not state a plausible claim for relief for any cause of action because they fail to differentiate between Pacific MSO and Defendants Prelude and PFC.  Plaintiffs do not allege that Pacific MSO engaged in specific conduct, which fails the notice requirement under Rule 8(a).

Second, Plaintiffs' premises liability claim is duplicative and cannot be stated as a separate claim.  At best, the claim is a duplication of Plaintiffs' negligence claim, although it fails to allege the basic elements of premises liability, which is limited to situations in which a dangerous property condition injures a person.  That is not the case here.

Third, Plaintiffs' fraud-based claims should be dismissed for two reasons.  These claims fail to meet the heightened federal pleading requirements for fraud because Plaintiffs lump Pacific MSO with other Defendants and vaguely allege fraud and concealment.  In addition, Pacific MSO had no duty to disclose the allegedly concealed facts.  Plaintiffs' fraudulent concealment and related UCL claims should be dismissed.

## II.     BACKGROUND

### A.     Procedural Background

Plaintiffs' theories of liability and slate of Defendants have shifted significantly since the start of this case.  Plaintiffs filed their class action complaint on March 13, 2018, naming only PFC and Prelude.  (ECF No. 1.)  That complaint pled claims for (1) negligence and/or gross

1    negligence; (2) breach of contract; (3) bailment; and (4) violation of the UCL.  (*Id.*)  On March

2    23, 2018, Plaintiffs amended that complaint, adding a claim for premises liability.  (ECF No. 7.)

3          Plaintiffs filed their consolidated amended class action complaint on May 30, 2018.  (ECF

4    No. 44.)  This time, Plaintiffs added Defendant Chart—the manufacturer of Tank 4.  (*Id.* at 6 n.9.)

5    Plaintiffs pled five causes of action against Chart and alleged that, among other things, Chart had

6    "manufactured, distributed, and/or sold" Tank 4, that the tank was "defective and unreasonably

7    dangerous," and that Chart had failed to recall the tank or provide warning of its defects.  (*Id.*

8    ¶¶ 274-76.)  Plaintiffs also added three claims against PFC and Prelude for breach of fiduciary

9    duty, violation of the CLRA, and fraudulent concealment.  (*Id.* ¶¶ 230-34, 249-72.)

10         On June 29, 2018, PFC filed a motion to compel arbitration, which was joined by Prelude

11   and Chart.  (ECF Nos. 52, 56, 67.)  Plaintiffs opposed that motion, relying on several documents

12   that had been produced in discovery, including the Management Services Agreement between

13   PFC and Prelude's subsidiary, Pacific MSO, and the Tissue Storage Management Services

14   Agreement between PFC and Prelude.  (ECF Nos. 110-1, 110-5.)  At the hearing on the motion

15   and joinder, the Court granted Plaintiffs leave to file an amended complaint.  (*See* ECF No. 133.)

16         On November 30, 2018, Plaintiffs filed their FAC.  (ECF No. 143 ("FAC").)  Plaintiffs

17   stripped their complaint of the breach of contract and breach of fiduciary duty causes of action

18   and named Pacific MSO as an additional Defendant.  (*Id.*)

19   **B.      Plaintiffs' Claims Against Pacific MSO**

20         Plaintiffs allege that Pacific MSO's parent entity Prelude "operates the largest frozen

21   donor egg bank in North America, in addition to a network of egg and embryo storage facilities—

22   including PFC—across the country."  (FAC ¶ 25.)  They allege that Prelude "added PFC to its

23   national network of fertility clinics and storage facilities in September 2017."  (*Id.* ¶ 27.)

24         Specifically, Plaintiffs allege that "[i]n conjunction with its transaction with PFC, on

25   September 15, 2017, Prelude formed Pacific MSO, LLC, a wholly owned subsidiary, through

26   which it conducted a portion of its PFC-based egg and embryo storage operation."  (*Id.* ¶ 28.)

27   Plaintiffs have conducted extensive discovery and are well aware that Prelude and Pacific MSO

28   are separate entities, as acknowledged in Plaintiffs' Opposition to Motion to Compel Arbitration.

1    (ECF No. 187.)  Yet the FAC defines Pacific MSO and Prelude, two separate and distinct entities,

2    together as "Prelude."  (FAC ¶ 5.)  By lumping Pacific MSO and Prelude together, Plaintiffs fail

3    to put Pacific MSO on notice of *its* alleged wrongdoing, as opposed to Prelude's.

4        In their premises liability cause of action, Plaintiffs allege that both Prelude and Pacific

5    MSO "owned, leased, and/or occupied the property, premises, machinery, and equipment,

6    including Tank 4, on the premises at 55 Francisco Street, Suite 500, San Francisco, California

7    94133." (*Id.* ¶ 218.)  Despite enumerating several items of personal property such as the

8    machinery and equipment, Plaintiffs allege that Prelude and Pacific MSO "were careless and

9    negligent in the ownership, management, control, and maintenance of the aforementioned ***real***

10    property, such that Plaintiffs, whose cryopreserved eggs were under Prelude and Pacific MSO's

11    care, were harmed."  (*Id.* ¶ 221 (emphasis added).)

12        Plaintiffs' fraudulent concealment claim is not different.  It alleges that Prelude and

13    Pacific MSO "knowingly and intentionally failed to disclose and actively concealed:  (1) that they

14    had acquired control over the storage of Plaintiffs' eggs and embryos from PFC . . . and (2) that

15    their systems and processes in place to safeguard the eggs and embryos were inadequate." (*Id.*

16    ¶ 260(c).)  Plaintiffs make the same two allegations under the fraudulent prong of the UCL.  (*Id.*

17    ¶ 233(c).)  Nowhere do Plaintiffs describe which Defendant did what, or the specifics of the

18    alleged misrepresentations or omissions made by each Defendant.

19    **III.   LEGAL STANDARDS**

20        Under Federal Rule of Civil Procedure Rule 12(b)(6), dismissal of a case is warranted if

21    the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

22    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To survive a Rule 12(b)(6) motion to dismiss, a

23    complaint must contain "more than labels and conclusions" or "a formulaic recitation of the

24    elements of a cause of action." *Id.* at 555.  "Factual allegations must be enough to raise a right to

25    relief above the speculative level." *Id.*  A court is "not bound to accept as true a legal conclusion

26    couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

27    550 U.S. at 555).

28        The Court may consider the facts alleged in the complaint, documents attached to the

1   complaint, as well as documents relied upon in the complaint or essential to a plaintiff's claim.

2   *E.g.*, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998); *Zucco Partners*

3   *LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).

4       Federal Rule of Civil Procedure 9(b) requires that fraud claims "state with particularity the

5   circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under this standard, "[t]he

6   pleadings must state precisely the time, place, and nature of the misleading statements,

7   misrepresentations, and specific acts of fraud."  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.

8   1994), *overruled on other grounds by City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v.*

9   *Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017).  The pleading must be "specific enough to give

10  defendants notice of the particular misconduct . . . so that they can defend against the charge and

11  not just deny that they have done anything wrong."  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097,

12  1106 (9th Cir. 2003) (internal quotation omitted).  Rule 9(b) requires a complaint to state "with

13  particularity the circumstances constituting" the fraud.  Fed. R. Civ. P. 9(b).

14      **IV.    ARGUMENT**

15          **A.    Plaintiffs Fail to Plead Plausible Claims Against Pacific MSO**

16      The rampant use of impermissible "group pleading," which fails to differentiate between

17  the separate and distinct Prelude and Pacific MSO entities, justifies dismissal of the FAC in its

18  entirety.  As courts have recognized, "undifferentiated pleading against multiple defendants is

19  improper."  *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542-SC, 2011 WL 1740099, at *4

20  (N.D. Cal. May 5, 2011).  The FAC is a textbook example of undifferentiated group pleading.

21  Paragraph 5 of the FAC defines the two separate and distinct entities as one:  "Prelude"; every

22  cause of action in the FAC conflates the two entities.  (*E.g.*, FAC ¶¶ 187, 188, 190-201, 211, 213-

23  16, 218-21, 228, 233(c), 235, 238, 247(c), 249, 252, 260(c), 262, 265.)

24      Plaintiffs' failure to show the participation of each Defendant in the alleged wrongful

25  conduct merits dismissal.  Under *Twombly* and *Iqbal*, a "[p]laintiff must plead facts sufficient to

26  put [each defendant] on notice of the claims asserted against it, and such facts must be specific

27  enough to be more than speculation."  *Powell v. Residential Mortg. Capital*, No. C 09-04928 JF

28  (PVT), 2010 WL 2133011, at *3 (N.D. Cal. May 24, 2010) (citing *Twombly*, 550 U.S. at 535-55;

1   *Iqbal*, 556 U.S. at 667).  In *Powell*, the plaintiff had sued GMAC Mortgage, among other

2   defendants, related to a residential mortgage transaction.  *Id.* at *1.  Like the present case, the

3   plaintiffs referred to "Defendants" generally throughout the complaint, and attributed the

4   allegedly wrongful conduct to both defendants.  *Id.* at *2.  Nowhere did plaintiffs refer to GMAC

5   specifically and individually, except when describing the corporation and its relationship as the

6   servicer of the loan.  *Id.*  The Court granted GMAC's motion to dismiss, finding that the plaintiff

7   "makes no specific allegations of wrongdoing tied specifically to GMAC and in many cases

8   refers to 'Defendants' generally when alleging facts related to the loan's origination, of which

9   GMAC could not have been a part."  *Id.*

10          Similarly, in *Markman v. Leoni*, the court dismissed a complaint that relied on group

11   allegations and lacked information about alleged actions that formed the basis of the claims for

12   relief.  No. CV 09-8364 SVW, 2010 WL 8275829, at *9 (C.D. Cal. Nov. 3, 2010), *adopted by*

13   2012 WL 83721 (C.D. Cal. Jan. 5, 2012).  "Despite its length, the FAC contains very few specific

14   references to Leal, much less factual allegations supporting the claims."  *Id.*  The court explained

15   that the plaintiff failed to meet the Rule 8 standards as the complaint did not allege any

16   misrepresentations made by Leal, or any actions that Leal took.  Indeed, plaintiff simply alleged

17   various actions or representations made by the other defendant, and then "lumps defendants

18   together as both liable for the claims."  *Id.*  The court reached the same result in *Adams v. I-Flow*

19   *Corp.*, No. CV09-09550 R SSX, 2010 WL 1339948, at *3 (C.D. Cal. Mar. 30, 2010), dismissing

20   the complaint because it "never specifies that any one of the defendants, as opposed to the 21

21   other defendants, caused each plaintiff's claimed injury."  Because of this, the complaint

22   contained no more than the "sheer possibility that any particular defendant might have" caused a

23   particular plaintiff's injury."  *Id.*

24          Here, Plaintiffs' claims fail for the same reasons in *Powell*, *Markman*, and *Adams*:

25   Plaintiffs conflate Prelude and Pacific MSO, and do not (and cannot) make specific, individual

26   allegations of wrongdoing as to Pacific MSO.  (*E.g.*, FAC ¶ 193 ("Prelude and Pacific MSO took

27   actions"); *id.* ¶ 196 ("Prelude and Pacific MSO's conduct"); *id.* ¶ 198 ("Prelude and Pacific MSO

28   acted, and failed to act").)  These cases make clear that "Plaintiff may not simply lump

1  defendants together but must make specific factual allegations as to each." *Markman*, 2010 WL

2  8275829, at *9; *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)

3  (lumping together of multiple defendants in one broad allegation failed to satisfy the notice

4  requirement of Rule 8(a)(2))  "Treating disparate parties identically without explanation, as

5  Plaintiff does throughout the complaint, deprives each individual defendant a fair and meaningful

6  opportunity to defend itself."  2010 WL 2133011, at *3.  In this case, where Plaintiffs have

7  already conducted discovery regarding the various entities, there is no reasonable justification for

8  Plaintiffs' failure to make specific allegations against these two Defendants.  All of Plaintiffs'

9  claims should be dismissed.

10                          **B.    Plaintiffs' Premises Liability Claim Fails**

11            Plaintiffs' "premises liability" claim cannot be maintained for three independent reasons.

12  First, the premises liability is legally indistinct from Plaintiffs' negligence claim.  *See, e.g.*,

13  *Rowland v. Christian*, 69 Cal. 2d 108 (1968) (describing history of how courts came to apply

14  ordinary principles of negligence to premises liability).

15            Second, to the extent that the applicable facts distinguish premises liability claims from

16  negligence claims, those facts are absent here.  Premises liability is based on a property owner or

17  manager's failure to warn or remedy a dangerous *condition* on *real* property (e.g., a broken

18  staircase) that could pose a threat to occupants or invitees, *see, e.g.*, *Alcaraz v. Vece*, 14 Cal. 4th

19  1149, 1161-62 (1997), as opposed to any dangerous *activity* on the property or an allegedly

20  defective product within the premises.

21            Finally, premises liability seeks to protect the "individuals coming upon the land," not the

22  property they leave behind.  *Sprecher v. Adamson Cos.*, 30 Cal. 3d 358, 368 (1981).  Plaintiffs

23  have failed to allege any facts that a condition on the property caused injury to any *person*.

24  Plaintiffs have only alleged damage to their tissue, which is indisputably Plaintiffs' personal

25  property and not subject to a premises liability claim.  *Cf. Sprecher*, 30 Cal. 3d at 368.  Based on

26  the duplicative nature of this claim and Plaintiffs' failure to allege the requisite elements, their

27  premises liability claim should be dismissed.

28

**C.      Plaintiffs' Fraudulent Concealment and UCL Fraudulent Prong Claims Do Not Meet Rule 9(b)'s Heightened Pleading Standard**

Plaintiffs' claims for fraudulent concealment and violation of the "fraudulent prong" of the UCL are not pled with the requisite specificity.[1]  Rule 9(b) requires a complaint to state "with particularity the circumstances constituting" the fraud.  Fed. R. Civ. P. 9(b).  This means a plaintiff must allege the time, date, place, and content of each fraudulent statement, and explain, in detail, why each statement was false at the time it was made.  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  Plaintiffs' claims fail on two grounds.

Plaintiffs' fraud-based claims fail because they attribute statements and omissions to "PFC, Prelude, and Pacific MSO" or "Prelude and Pacific MSO" collectively.  (*E.g.*, FAC ¶¶ 233-241, 260-68.)  This fails the heightened pleading standard for fraud.  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Swartz*, 476 F.3d at 764 (internal quotations, brackets, and citation omitted).  *See also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (noting that Rule 9(b) requires a plaintiff to plead with particularity "the role of each defendant in each scheme").

In *Sherman v. Stryker Corp.*, for example, the court dismissed a plaintiff's fraud-based claims against multiple defendants in a product liability case.  No. SACV 09-224 JVS (ANx), 2009 WL 2241664 (C.D. Cal. Mar. 30, 2009).  The court explained that the issue was not whether the plaintiff had pled all the elements of her claim, but whether she had done so "with the requisite specificity."  *Id.* at *3.  The court found she had made "allegations against the defendants in general, rather than any defendant in particular[.]"  *Id.*  Just as in *Sherman*, Plaintiffs have lumped together all the Defendants and thus failed to give Pacific MSO sufficient

---

[1] Because Plaintiffs fail to properly plead fraud, their request for exemplary damages fails too.  *See, e.g.*, *Vieste, LLC v. Hill Redwood Dev.*, No. C 09-04024 JSW, 2010 WL 4392939, at *7 (N.D. Cal. Oct. 29, 2010) (linking survival of prayer for punitive damages with fraud claim).

1  "notice of the particular misconduct . . . so that [it] can defend against the charge . . . ."  *Vess*, 317

2  F.3d at 1106.

3        Second, Plaintiffs fail to specify the "who/when/where/how" of the alleged fraudulent

4  representations or concealments.  The elements of an action for fraudulent concealment are:

5  "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have

6  been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally

7  concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have

8  been unaware of the fact and would not have acted as he did if he had known of the concealed or

9  suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff

10  must have sustained damage."  *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App.

11  4th 603, 612-13 (1992).  Under California law, the "absence of any one of these elements will

12  preclude recovery."  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331

13  (1986).

14        Plaintiffs have not pled these elements with sufficient particularity to satisfy Rule 9(b).

15  *Sherman*, 2009 WL 2241664, at *3 (dismissing claims where plaintiff "fails to specify who made

16  the alleged representation, when the representation was made, where the representation was

17  made, or how the representation was communicated").  For example, Plaintiffs do not identify

18  any marketing or representation made *by Pacific MSO* that Plaintiffs allege they relied on, let

19  alone anything that was material to their decision to store their tissue at PFC.  *See McCready v.*

20  *Am. Honda Motor Co.*, No. C 05-5247 SBA, 2006 WL 1708303 (N.D. Cal. June 19, 2006)

21  (dismissing complaint for failure to adequately plead fraud when plaintiffs failed to provide a

22  single example of an advertisement, contemporaneous with their purchases, upon which they

23  relied in making their purchases).

24        The allegations under the fraudulent prong of the UCL are similarly deficient.  To state a

25  claim for fraudulent business practices under UCL, a plaintiff must show that members of the

26  public are "likely to be deceived by the business practice" *and* that he or she actually relied on the

27  misrepresentation or nondisclosure, such that it was the "immediate cause" of the injury-

28  producing conduct.  *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1118 (N.D. Cal. 2016)

1    (Corley, J.) (citing *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1111 (N.D. Cal. 2015) and *In re*

2    *Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)).  To bring a UCL claim based on an omission, the

3    "omission must be contrary to a representation actually made by the defendant, or an omission of

4    a fact the defendant was obliged to disclose." *Id.* (citing *Mui Ho v. Toyota Motor Corp.*, 931 F.

5    Supp. 2d 987, 996 (N.D. Cal. 2013) and *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 925 (N.D.

6    Cal. 2012)).  "To establish the causal nexus between the omission and a plaintiff's harm, a

7    plaintiff must plead that she would not have purchased the product or service at issue if she had

8    known the material fact that Defendant allegedly omitted." *Id.* (citing *Doe v.*

9    *SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1076 (N.D. Cal. 2014)).

10           Here, the claim that Pacific MSO had an affirmative duty to disclose Prelude's investment

11   in PFC or its role in providing certain support services to PFC, is a bare legal conclusion and

12   unsupportable.  Pacific MSO did not have any legal duty to disclose to Plaintiffs the details of

13   how the PFC doctors elected to provide medical services or their engagement of Pacific MSO to

14   provide clinical support.  Without a duty to disclose, the UCL and fraudulent concealment claims

15   must be dismissed.  *See Hodsdon v. Mars, Inc.*, 891 F.3d. 857, 865 (9th Cir. 2018) (dismissing

16   UCL claims after finding that Mars had no duty to disclose international labor practices to

17   customers); *see also Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 825

18   (affirming dismissal of UCL fraudulent claims based on alleged failure to disclose remote risk of

19   defect).[2]

20           Even if Pacific MSO had a duty to disclose these facts to Plaintiffs, Plaintiffs fail to plead

21   how or why disclosure of these facts would have changed their conduct.  Plaintiffs fail to plead

22   *any* affirmative misrepresentations by Pacific MSO.  Instead, the FAC only refers vaguely to both

23

24           [2] Plaintiffs charge Prelude and Pacific MSO with having "actively concealed" their
     connection to PFC.  (FAC ¶¶ 233(c), 260(c).)  This is particularly surprising in light of the fact
25   that Prelude issued a press release announcing their investment in Pacific Fertility Center, and the
     transaction was covered by the San Francisco Chronicle and San Francisco Business Times. *See*
26   https://www.prnewswire.com/news-releases/prelude-fertility-expands-network-with-pacific-
     fertility-center-in-san-francisco-300524534.html (visited May 30, 2019); *see also*
27   https://www.sfgate.com/business/article/Private-equity-backed-firm-acquires-majority-of-
     12234717.php.
28

1   Defendants having allegedly "knowingly and intentionally failed to disclose and actively

2   concealed" these facts.  (FAC ¶ 237.)  Even read in the light most favorable to Plaintiffs, the

3   allegations for both claims fail to meet Rule 9(b)'s heightened pleading requirements

4   **V.     CONCLUSION**

5        Plaintiffs improperly conflate Defendants Pacific MSO and Prelude, thereby failing to

6   meet federal pleading standards.  Plaintiffs' premises liability claim fails because it is duplicative

7   of their negligence claim.  Finally, Plaintiffs fail to plead with the requisite specificity their claims

8   for fraudulent concealment and violation of the fraudulent prong of the UCL.  For all of the

9   foregoing reasons, Pacific MSO respectfully requests that the Court dismiss the FAC and the

10  causes of action against it for Premises Liability, Fraudulent Concealment, and Violation of the

11  Unfair Competition Law – Fraudulent Conduct.

12

13  Dated:  June 4, 2019                    By:    */s/ Erin M. Bosman*

14                                                 ERIN M. BOSMAN
                                                   WILLIAM F. TARANTINO
15                                                 JULIE Y. PARK
                                                   DAVID F. McDOWELL
16
                                                   MORRISON & FOERSTER LLP
17
                                                   Attorneys for Defendant
18                                                 PACIFIC MSO, LLC

19

20

21

22

23

24

25

26

27

28