MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane, Bar No. 149206
Benjamin P. Smith, Bar No. 197551
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000; Fax: +1.415.442.1001
molly.lane@morganlewis.com
benjamin.smith@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
Megan A. Suehiro, Bar No. 316104
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500; Fax: +1.213.612.2501
david.schrader@morganlewis.com
megan.suehiro@morganlewis.com

Attorneys for Defendant
CHART INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE PACIFIC FERTILITY CENTER LITIGATION* | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND, EIGHTH, AND TENTH CAUSES OF ACTION OF THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FILED ON NOVEMBER 30, 2018**<br><br>Date: August 1, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. Jacqueline S. Corley<br>Place: Courtroom F, 15th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CHART INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 3:18-cv-01586-JSC

# REQUEST FOR JUDICIAL NOTICE

1. In accordance with Rule 201 of the Federal Rules of Evidence ("Rule 201"), Defendant Chart Inc. ("Chart") respectfully requests that this Court take judicial notice of Exhibits 1 and 2 attached hereto (the "Informed Consent Agreements"), in support of its Motion to Dismiss the Second, Eighth, and Tenth Causes of Action of the First Amended Consolidated Class Action Complaint Filed on November 30, 2018 (the "Motion").

2. Rule 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. § 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* § 201(c)(2).

3. A court may take judicial notice of legally operative documents, such as commercial documents with independent legal significance. *See, e.g.*, *Universal City Studios LLC v. Otis Elevator Co.*, 2016 WL 2642209, at *2 (C.D. Cal. May 9, 2016) (taking judicial notice of a maintenance agreement between the parties); *see also Byrd v. Superior Court*, 2009 WL 2031761, at *2 n.2 (N.D. Cal. July 8, 2009) (taking judicial notice of a letter of termination, among other things, upon finding that the "court may take judicial notice of facts not reasonably subject to dispute, either because they are generally known, are matters of public record or are capable of accurate and ready determination" (citing *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)).

4. Judicial notice is also proper where a plaintiff does not dispute the authenticity of the subject documents and references them in prior filings. *See Capolupo v. Eills*, 2019 WL 2327883, at *3 n.3 (N.D. Cal. May 31, 2019) (taking judicial notice of documents that the plaintiff referenced in the operative complaint as well as in opposition to a motion to dismiss).

5. Moreover, in ruling on a motion to dismiss, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) (superseded by statute on other grounds). A plaintiff cannot evade application of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CHART INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 3:18-cv-01586-JSC

1  incorporation by reference doctrine by omitting or avoiding references to the documents upon
2  which their claims are based.  *See Steinle v. City and County of San Francisco*, 919 F.3d 1154,
3  1167 n.17 (9th Cir. 2019) (noting that "[r]emoving references to the [document] in their
4  complaint would be unavailing to Plaintiffs and would not assist them in overcoming the
5  incorporation by reference doctrine . . . .").

6.  "[T]he Court may consider matter that is properly the subject of judicial notice . . . without converting a motion to dismiss into one for summary judgment." *Permito v. Wells Fargo Bank, N.A.*, 2012 WL 1380322, at *2 (N.D. Cal. Apr. 20, 2012) (citing *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (noting that a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment" (citations omitted)).

7.  Here, the Informed Consent Agreements (attached hereto as Exhibits 1 and 2) are legally operative contracts signed by the Plaintiffs, have all been filed in the record in this action, and cannot reasonably be questioned.  The Informed Consent Agreements are "part of Plaintiffs' confidential patient records from PFC" and "reflect[] various treatment elections made by Plaintiffs related to those services."  Dkt. 172-1, ¶ 3; Dkt. 173-1, ¶ 3.  Moreover, the services Plaintiffs obtained pursuant to the Informed Consent Agreements form the basis of Plaintiffs' claims.  *See, e.g.*, Dkt. 143 (Compl.), ¶¶ 4, 10 (alleging that Plaintiffs "decided to undergo fertility treatment at PFC and to procure long-term freezer storage services for their eggs and embryos at its San Francisco facility," and that "[a]s a result of the [March 4, 2018] incident, Plaintiffs have suffered harm"); *see also, e.g.*, Exhibit 2-D at 21 (Plaintiffs "acknowledge and agree that PFC will not perform any of the procedures outlined above without your agreement to the terms and conditions of the Agreement, and that your concurrence constitutes adequate consideration as to the matters addressed in this Agreement").  Plaintiffs have conceded that the Informed Consent Agreements "were the means by which Plaintiffs consented to cryopreservation services."  Dkt. 165 (Plaintiffs' Consol. Opp. to Suppl. Briefing) at 8.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

2

CHART INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 3:18-cv-01586-JSC

8. Defendant Pacific Fertility Center ("PFC") filed the Informed Consent Agreements in connection with its "Renewed Administrative Motion to File Under Seal Exhibits to the Supplemental Declaration of Aaron T. Schultz in Support of Motion to Compel Arbitration" (Dkt. 172) and its "Renewed Administrative Motion to File Under Seal Exhibit to Aaron T. Schultz Declaration in Support of Motion to Compel Arbitration" (Dkt. 173).[1]

9. PFC filed unredacted versions of the Informed Consent Agreements concurrently with its motions to file under seal. *See* Dkt. 172-1, ¶ 7; Dkt. 173-1, ¶ 7.

10. Attached hereto as **Exhibit 1** is a true and correct copy of Dkt. 172-3 without the cover page (available through PACER.gov), which is current Plaintiffs A.B. and C.D.'s Informed Consent Agreement, with redactions to protect Plaintiffs' identifying information. *See* Dkt. 172-1 (3/7/19 Schultz Decl.), ¶ 3. PFC initially filed this document conditionally under seal as Exhibit C to Exhibit 1 to the January 9, 2019 "Corrected Supplemental Declaration of Aaron T. Schultz in Support of Defendant Pacific Fertility Center's Notice of Motion and Motion to Compel Arbitration," which Mr. Schultz described and declared to under penalty of perjury. *See* Dkt. 157 (1/9/19 Schultz Decl.), ¶ 3.

11. Attached hereto as **Exhibit 2** is a true and correct copy of Dkt. 173-3 without the cover page (available through PACER.gov), which includes the Informed Consent Agreements of Plaintiffs E.F., G.H., I.J., K.L., M.N., and O.P.,[2] with redactions to protect Plaintiffs' identifying information. *See* Dkt. 173-1 (3/7/19 Schultz Decl.), ¶ 3. PFC initially filed this document conditionally under seal as Exhibits B, D, F, H, J-L, and N-S to Exhibit 1 to the June 29, 2018 "Declaration of Aaron T. Schultz in Support of Defendant Pacific Fertility Center's Administrative Motion to File Under Seal Exhibit to Aaron T. Schultz Declaration in Support of Motion to Compel Arbitration," which Mr. Schultz described and declared to under penalty of perjury. *See* Dkt. 51-1 (6/29/18 Schultz Decl.), ¶ 3.

12. The Informed Consent Agreements are not subject to reasonable dispute. PFC previously filed all of the Informed Consent Agreements as operative documents in connection

---

[1] The Court granted PFC's motions to file under seal. *See* Dkt. 177.
[2] Plaintiffs M.N. and O.P. voluntarily dismissed their claims. *See* Dkt. 163.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CHART INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 3:18-cv-01586-JSC

with PFC's motion to compel arbitration. *See, e.g.*, Dkt. 51-3, Dkt. 157.  Plaintiffs referred to these agreements in their oppositions to PFC's motion and they did not at any time contest or question the authenticity of their Informed Consent Agreements. *See* Dkt. 109, 165.  Judicial notice is therefore proper.  *See Capolupo*, 2019 WL 2327883, at *3 n.3.

13. For all of the foregoing reasons, Chart respectfully requests that the Court take judicial notice of Exhibits 1 and 2 hereto, and/or determine that Exhibits 1 and 2 are incorporated by reference into the Complaint.

Dated: June 4, 2019

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Molly Moriarty Lane*
    Molly Moriarty Lane

Attorneys for Defendant
CHART INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CHART INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 3:18-cv-01586-JSC