MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane, Bar No. 149206
Benjamin P. Smith, Bar No. 197551
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000; Fax: +1.415.442.1001
molly.lane@morganlewis.com
benjamin.smith@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
Megan A. Suehiro, Bar No. 316104
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500; Fax: +1.213.612.2501
david.schrader@morganlewis.com
megan.suehiro@morganlewis.com

Attorneys for Defendant
CHART INC.

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**JOINT STATEMENT REGARDING DISCOVERY FROM FORMER PUTATIVE CLASS REPRESENTATIVES**<br><br>Judge: Hon. Jacqueline S. Corley |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY FROM
FORMER PUTATIVE CLASS REPRESENTATIVES
CASE NO. 3:18-cv-01586-JSC

The parties have been unable to resolve this dispute regarding discovery directed to five former putative class representatives.[1] The parties therefore submit the following joint statement.

**Defendants' Statement**

Prior to withdrawing as putative class representatives in this action, the Former Plaintiffs each made specific allegations against Defendants, were identified as "likely to have discoverable information," and disclosed that they "have information relating to the March 4, 2018 incident that is the subject of this litigation, including information pertinent to the allegations in the Amended Complaint." Pltfs' Initial Disclosures (6/14/18) at 1. Available information regarding the Former Plaintiffs indicates that their testimony will undermine Plaintiffs' claims in this case, including with regard to Plaintiffs' request that a class be certified herein. Defendants expect that discovery will show, among other things, that certain of the Former Plaintiffs have had children using material from Tank 4 and that other Former Plaintiffs had "high-quality embryos" at PFC that were not affected by the Tank 4 incident. *See, e.g.*, Am. Compl. (Dkt. 44), ¶ 173 (re: MN). Defendants therefore seek to take the Former Plaintiffs' depositions, limited to four hours each.[2]

Courts permit discovery from absent class members when the information sought is (i) relevant, (ii) not readily obtainable from the representative parties or other sources, and (iii) the request is not unduly burdensome and made in good faith. *See Brown v. Wal-Mart Store, Inc.*, 2018 WL 339080, at *1 (N.D. Cal. Jan. 9, 2018) (citations omitted). The law on discovery of absent class members is "flexible," and the determination of whether to allow discovery from absent class members is a fact-specific inquiry, based on the particular circumstances of a specific case. *Id.* Indeed, such discovery "may be taken even prior to certification if the proponent of the deposition demonstrates discovery is not sought to take undue advantage of class members or to harass class members, and is necessary to the trial preparation . . . [or] for preparation of the opposition to class certification." *Moreno v. Autozone, Inc.*, 2007 WL 2288165, at *1 (N.D. Cal.

---

[1] Chart issued subpoenas to testify at a deposition to Megan Bauer, Jonathan Bauer, MN, OP, and SM (the "Former Plaintiffs"), all of whom are represented by Plaintiffs' counsel herein for the purposes of responding to requests for discovery.

[2] As a compromise, Chart offered to take the depositions of the Bauers (limited to 4 hrs. each) and to issue written interrogatories to MN, OP, and SM. Plaintiffs in turn, offered to permit 5 written interrogatories for each Former Plaintiff, and to confer about the need for depositions thereafter.

Aug. 3, 2007).

Courts are particularly inclined to permit depositions of absent class members when those individuals—like the Former Plaintiffs—have "injected" themselves into the litigation. *See, e.g.*, *Brown*, 2018 WL 339080, at *2 (permitting the depositions of eight absent class members identified as witnesses in plaintiffs' Rule 26 disclosure); *Mas v. Cumulus Media Inc.*, 2010 WL 4916402, at *3 (N.D. Cal. Nov. 22, 2010) (permitting defendant to depose absent class members who were identified as witnesses in plaintiffs' initial disclosures); *Antoninetti v. Chipotle, Inc.*, 2011 WL 2003292, at *1 (S.D. Cal. May 23, 2011) (granting defendant's motion to compel depositions of 20 absent class members who were identified in plaintiffs' disclosures). In fact, "federal courts in California have 'allow[ed] discovery of absent potential class members when they are identified as witnesses, or submit declarations, or are represented by the plaintiffs' counsel.'" *McKinney-Drobnis v. Massage Envy Franchising, LLC*, 2017 WL 4798048, at *3 (N.D. Cal. Oct. 24, 2017).

<u>Discovery from the Former Plaintiffs is relevant.</u> Here, Defendants seek to take five depositions, limited to four hours each, of absent class members who "injected" themselves in this litigation as *former plaintiffs and putative class representatives*, all of whom made specific allegations of wrongdoing against the Defendants and specifically identified themselves as having information relating to the subject March 4, 2018 incident prior to terminating their claims for unspecified reasons. By their own initial disclosures, discovery from the Former Plaintiffs is relevant to the claims and defenses herein.[3] Moreover, such discovery is relevant to Plaintiffs' Motion for Class Certification as it will demonstrate disparities among the putative class and undermine Plaintiffs' conclusory statements, *e.g.*, that class members "confront substantially lower fertility success rates than PFC has historically reported," and that all class members had eggs or embryos in Tank 4 that were uniformly "exposed to the incident." Cert. Mot. at 4, 12. Based on currently available information, discovery from the Former Plaintiffs is highly relevant to the issues of causation, typicality, predominance, and commonality, among other things.

---

[3] Plaintiffs' recent revision to their initial disclosures to avoid the Former Plaintiffs' depositions is immaterial. *See Antoninetti*, 2011 WL 2003292, at *2 (stating that the proposed deponents "cannot claim noninvolvement as a means of avoiding discovery").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

JOINT STATEMENT RE DISCOVERY FROM
FORMER PUTATIVE CLASS REPRESENTATIVES
CASE NO. 3:18-cv-01586-JSC

<u>Discovery is not readily obtainable from other sources.</u> The information that would be gleaned about these particular individuals through their depositions is not readily obtainable from representative parties or other sources. Deposing the Former Plaintiffs is the most efficient and reliable method of obtaining detailed, first-hand information about these Former Plaintiffs and their personal decisions to withdraw as putative class representatives.

<u>The Defendants' request is not unduly burdensome and made in good faith.</u> Defendants seek to take time-restricted depositions of only five absent class members (out of an estimated putative class of "more than 400" members (Second Am. Compl., ¶176)) – all of whom, at their sole election, were at one time putative class representatives herein.[4] Defendants are entitled to dispute Plaintiffs' contentions through the discovery process, including by deposing the Former Plaintiffs to ascertain their reasons for terminating and whether their specific circumstances are such that their claims are not appropriate for class treatment.[5] *Cf. Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) ("individual case histories" precluded class treatment).

**Plaintiffs' Statement**

Discovery of absent class members is highly disfavored absent "good cause" and "a strong showing of necessity." *See, e.g., In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at *2, 4 (N.D. Cal. July 9, 1992). To meet that heavy burden, Defendants must affirmatively show "the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith." *Tierno*, 2008 WL 2705089, at *6; *Vedachalam v. Tata Am. Int'l Corp.*, 2011 WL 13161567, at *1-2 (N.D. Cal. Aug. 11, 2011); *Holman v. Experian Info. Sols., Inc.*, 2012 WL 2568202, at *3 (N.D. Cal. July 2, 2012) (discussing cases). Defendants have not and cannot meet that test.

---

[4] In the *Vedachalam* case relied upon by Plaintiffs below, the defendants had already taken <u>28 other class member depositions</u> and the Court found that the defendants did not sufficiently take into account the personal hardships of the witnesses whose depositions were at issue.

[5] Some of the Former Plaintiffs are current plaintiffs in individual state court actions. In addition to calling into question the superiority of the class action vehicle, the Former Plaintiffs' continuing participation in litigation indicates that any "chilling" effect of these depositions is unlikely. *See* Fed. R. Civ. P. 23(b)(3)(A) (factors to assess in superiority include the class members' "interests in individually controlling the prosecution . . . of separate actions").

*Good Cause is Lacking Here.* The absent class members were previously involved in the case to different degrees,[6] but they all withdrew before Plaintiffs filed the operative complaint and moved for class certification, and long before Defendants issued any discovery requests. None submitted a declaration in support of class certification. And contrary to Defendants' argument, none is identified as a likely witness or listed on the Plaintiffs' initial disclosures.[7] In these circumstances, the proscription against absent class member discovery applies with equal force to shield former named plaintiffs. *Vedachalam*, 2011 WL 13161567, at *1 (N.D. Cal. Aug. 11, 2011) ("Having withdrawn . . ., these [class members] are on equal footing with unnamed, absent class members."); *see also In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 211 (M.D. Fla. 1993) ("By virtue of not being chosen as class representatives, these Plaintiffs remain as passive class members.").

*Defendants have Not Established A Need for the Depositions.* Any class member may possess relevant information. Here, Defendants speculate that depositions of former class representatives may establish that some of them may have had children from Tank 4 material or that they possess other high-quality embryos at PFC. But that possibility does not establish necessity sufficient to satisfy Defendants' heavy burden where, as here, the information can be obtained by other means. *Vedachalam*, 2011 WL 13161567, at *2; *see also Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys. Inc.*, 2006 WL 8439200, at *5 (M.D. Fla. May 17, 2006) (declining to permit deposition of former named plaintiff absent showing of particularized need). If Defendants' conjectures are true, documents can establish these facts. Discovery

---

[6] The absent class members withdrew as named plaintiffs at different times: S.M. was a named plaintiff who withdrew *ten days* after the case was first filed. Dkt No. 7. A.B. and C.D. withdrew in November 2018, Dkt. No. 143, and M.N. and O.P. dismissed on February 8, 2019—before Plaintiffs filed the operative complaint. Dkt. No. 163.

[7] Plaintiffs' initial disclosures identified "named plaintiffs" as having relevant discoverable information. Though Plaintiffs' counsel believed it obvious that withdrawn named plaintiffs from prior complaints no longer fit this category, Chart disagreed. Plaintiffs therefore amended their initial disclosures on November 4, 2019 to clarify that individuals identified therein referred specifically to "the named Plaintiffs in the operative Second Amended Consolidated Class Action Complaint (Dkt. No. 267)." The *Antoninetti* case, which Defendants cite to show that amended disclosures are "immaterial," states nothing of the kind. 2011 WL 2003292, at *1. Moreover, the absent class members there—unlike here—thrust themselves into the case by submitting declarations in support of class certification. *Id*.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

JOINT STATEMENT RE DISCOVERY FROM
FORMER PUTATIVE CLASS REPRESENTATIVES
CASE NO. 3:18-cv-01586-JSC

produced in this case already provides information about thaw, transfer, and birth rates achieved by the class using Tank 4 material; and PFC keeps records of class members' embryos.[8]

Defendants have cited no authority that weighs in favor of ordering absent class member discovery here. Each of Defendants' cases involve absent class members who actually did "inject" themselves into the case, unlike the absent class members here. In *Brown*, the deposition targets were *added* to amended initial disclosures. 2018 WL 339080, at *1; *see also Mas*, 2010 WL 4916402, at *3 (absent class members were identified as witnesses with relevant testimony in the plaintiffs' operative Rule 26 disclosures). Plaintiffs here, in contrast, amended their disclosures to clarify that the absent class members, all of whom had been terminated from the case, had been *removed*. In *Antoninettii,* the absent class members were both added to supplemental disclosures *and* submitted declarations in support of class certification. 2011 WL 2003292, at *1. Defendants' deposition targets here, in contrast, submitted no declarations, are not listed on amended disclosures, and were withdrawn as named plaintiffs long before Plaintiffs filed their motion.[9]

*Depositions are Unduly Burdensome*: Finally, even if Defendants could have established good cause and necessity for *some* discovery—which they haven't—they have not explained why the information could not be obtained through less burdensome means. *See, e.g., In re Worlds of Wonder*, 1992 WL 330411 (holding there is an even higher burden on party seeking absent class member depositions versus written discovery); *Vedachalam,* 2011 WL 13161567, at *2. As a compromise, Plaintiffs offered five interrogatories for each former plaintiff (25 total) and to then address any purported need for depositions. Rejecting that offer, Defendants argue, without citing any legal support, that 20 hours of invasive depositions would be more "reliable and efficient."

Because Defendants have failed to meet their burden to overcome the general prohibition on absent class member discovery, this motion must be denied.

---

[8] Defendants also have not identified a particularized need for the absent class members' reasons for withdrawing, especially given the high likelihood such an inquiry will invade the attorney-client privilege and/or work-product protections.

[9] Defendants' cite to *McKinney* is similarly inappropriate. First, *McKinney* held that simply being represented by class counsel is *insufficient* to warrant discovery. 2017 WL 4798048, at *3. Second, for purposes of this motion, class counsel represents the absent class members in connection with Defendants' premature attempt to depose them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

JOINT STATEMENT RE DISCOVERY FROM
FORMER PUTATIVE CLASS REPRESENTATIVES
CASE NO. 3:18-cv-01586-JSC

Dated: November 25, 2019

By: */s/ Molly Moriarty Lane*
Molly Moriarty Lane (State Bar No. 149206)
Benjamin P. Smith (State Bar No. 197551)
Megan A. Suehiro (State Bar No. 316104)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market Street, Spear Street Tower
San Francisco, CA 94105-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
molly.lane@morganlewis.com
benjamin.smith@morganlewis.com
megan.suehiro@morganlewis.com

*Counsel for Defendant Chart Inc.*

Dated: November 25, 2019

By: */s/ William F. Tarantino*
Erin M. Bosman (State Bar No. 204987)
William F. Tarantino (State Bar No. 215343)
Julie Y. Park (State Bar No. 259929)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Tel: (415) 268-7000
EBosman@mofo.com
WTarantino@mofo.com
JuliePark@mofo.com

*Counsel for Defendant Prelude Fertility, Inc. and Pacific MSO, LLC*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

JOINT STATEMENT RE DISCOVERY FROM
FORMER PUTATIVE CLASS REPRESENTATIVES
CASE NO. 3:18-cv-01586-JSC

Dated: November 25, 2019

By: */s/ Tracey B. Cowan*
Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR & KANE, A PROFESSIONAL LAW CORPORATION**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@pwcklegal.com
tcowan@pwcklegal.com

Dena C. Sharp (State Bar No. 245869)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com

Eric H. Gibbs (State Bar No. 178658)
Dylan Hughes (State Bar No. 209113)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94162
Tel: (510) 350-9700
amz@classlawgroup.com

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

JOINT STATEMENT RE DISCOVERY FROM
FORMER PUTATIVE CLASS REPRESENTATIVES
CASE NO. 3:18-cv-01586-JSC

Elizabeth J. Cabraser (State Bar No. 083151)
Lexi J. Hazam (State Bar No. 224457)
Sarah R. London (State Bar No. 267083)
Tiseme G. Zegeye (State Bar No. 319927)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel.:  415.956.1000
Fax:  415.956.1008
ecabraser@lchb.com
lhazam@lchb.com
slondon@lchb.com
tzegeye@lchb.com

*Interim Class Counsel*

Joseph G. Sauder (*pro hac vice*)
**SAUDER SCHELKOPF LLC**
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Tel: (610) 200-0580
jgs@sstriallawyers.com

*Plaintiffs' Counsel*

## **FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Molly Moriarty Lane, attest that concurrence in the filing of this document has been obtained.

Dated: November 25, 2019

                 */s/ Molly Moriarty Lane*
                 Molly Moriarty Lane

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

JOINT STATEMENT RE DISCOVERY FROM
FORMER PUTATIVE CLASS REPRESENTATIVES
CASE NO. 3:18-cv-01586-JSC