UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>PACIFIC FERTILITY CENTER, et al.,<br><br>           Defendants. | Case No. 18-cv-01586-JSC<br><br>**ORDER RE: ABSENT CLASS MEMBER DISCOVERY**<br><br>Dkt. No. 335 |

       Pending before the Court is a joint discovery letter brief regarding defendant Chart's request to depose absent class members who were previously named plaintiffs but withdrew as named plaintiffs prior to the filing of the operative complaint. (Dkt. No. 335.) After carefully considering the parties' submission, Chart's request is denied. Instead, as Plaintiffs proposed, Chart may serve each formerly named plaintiff with five interrogatory requests.

       The Court agrees that the information sought could be relevant to the class certification motion; indeed, nearly every absent class member potentially possesses information relevant to certification. Nonetheless, discovery of absent class members is generally not permitted unless the class member has inserted herself into the litigation. *See McKinney-Drobnis v. Massage Envy Franchising, LLC*, 2017 WL 4798048, at *3 (N.D. Cal. Oct. 24, 2017) . Here, the proposed deponents have done the opposite of asserting themselves into the litigation: having initially agreed to serve as named plaintiffs, they have withdrawn and instead currently have no more involvement in the case than any other absent class member who has not submitted a declaration in support of class certification or been identified as a witness on initial disclosures.

      The cases Chart cites in support of its request are inapposite. In each, the named plaintiffs had identified the absent class members as potential witnesses in initial disclosures, *see Brown v.*

*Wal-Mart Stores, Inc.*, 2018 WL 339080, at *2 (N.D. Cal. Jan. 9, 2018) (discovery permitted of absent class members that the plaintiffs identified in amended disclosures as persons they may call as witnesses); *Mas v. Cumulus Media Inc.*, 2010 WL 4916402, at *3 (N.D. Cal. Nov. 22, 2010) (absent class members were identified as witnesses and were already deposed; defendant sought further deposition after the production of additional documents), or the absent class member submitted declarations in the litigation, *see Antoninetti v. Chipotle, Inc.*, 2011 WL 2003292, at *1 (S.D. Cal. May 23, 2011) (absent class members submitted declarations), or the absent class member was a percipient witness to the named plaintiff's alleged adequacy, *see McKinney-Drobnis v. Massage Envy Franchising, LLC*, 2017 WL 4798048, at *3 (N.D. Cal. Oct. 24, 2017) (permitting deposition of named plaintiff's husband (also an absent class member) on the limited issue of his spouse's adequacy as a class representative). None of those circumstances are present here.

While Chart suspects that these absent class members may have withdrawn as named plaintiffs because their personal circumstances no longer make them "typical" or destroy "commonality" for class certification purposes, it does not explain how Plaintiffs' offer to have these former named plaintiffs answer five interrogatories will not provide Chart with sufficient information to oppose class certification. Sitting for a deposition is a burden, especially for an absent class member, and especially for a case as potentially emotionally fraught as this. Chart has not persuaded the Court that at this time there is good cause for requiring these particular absent class members to endure that burden.

The Court notes that it is making this ruling without the benefit of the parties' full class certification briefing. If upon review of the briefing the Court concludes that Defendants have been deprived of necessary discovery, the issue can be revisited.

This Order disposes of Docket No. 335.

**IT IS SO ORDERED.**

Dated: December 3, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge