UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE PACIFIC FERTILITY CENTER LITIGATION

Case No. 18-cv-01586-JSC

**ORDER DENYING THIRD-PARTY DEFENDANTS' REQUEST TO EXTEND CLASS CERTIFICATION BRIEFING SCHEDULE AND VACATE DISCOVERY AND TRIAL DEADLINES**

Re: Dkt. No. 340

Plaintiffs filed this putative class action against Pacific Fertility Center ("Pacific Fertility"), Prelude Fertility, Inc. ("Prelude"), and Chart Industries ("Chart") alleging various state law claims.[1] Upon Pacific Fertility's motion, the Court compelled the claims against it to arbitration. (Dkt. No. 192.) Plaintiffs have filed a motion for class certification of their claims against Prelude, Pacific MSO, and Chart. (Dkt. No. 301.) Two weeks before Plaintiffs filed their motion for class certification, Chart filed a third-party complaint against San Francisco Fertility Centers dba Pacific Fertility, and seven physicians alleging claims for indemnity and contribution. (Dkt. No. 288.) All but one of these third-party defendants have moved to dismiss the third-party complaint and to extend the class certification briefing schedule and vacate and reset the discovery and trial deadlines. (Dkt. Nos. 339 & 340.) The parties have agreed to a briefing schedule on the motion to dismiss and Plaintiffs have filed an opposition to the motion to extend the class certification briefing schedule and vacate trial and discovery dates. (Dkt. Nos. 343 & 345.) Having considered the parties' briefs on the motion to extend and vacate dates, the Court DENIES the third-party defendants' motion as they have failed to demonstrate good cause for any

---

[1] Plaintiffs thereafter filed a First Amended Complaint which added Pacific Fertility MSO, LLC ("Pacific MSO"), a Prelude subsidiary, as a defendant. (Dkt. No. 143.)

1 | extension.

## DISCUSSION

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

The third-party defendants' request to amend the scheduling order is two-fold. First, the third-party defendants seek a three-month extension of the briefing schedule on Plaintiffs' motion for class certification. According to the third-party defendants such an extension is necessary because they need to "evaluate" how the motion for class certification "may affect" their claims and defenses, and without an extension they "will be prejudiced because the motion will affect Plaintiffs' claims against Chart, which in turn will affect the scope of Chart's claims against Third-Party Defendants for contribution and equitable/implied indemnity." (Dkt. No. 340 at 2:25-27; 3:1-3.) Neither of these arguments demonstrates good cause for adjusting the class certification briefing schedule. Plaintiffs do not seek certification of any claims against the third-party defendants nor is it apparent that there is anything for the third-party defendants to oppose with respect to class certification. They have not argued that their status as third-party defendants gives them a right to oppose class certification as to claims to which they are not joined and the Court is not aware of authority to this effect. The third-party defendants have thus failed to demonstrate good cause for modifying the class certification briefing schedule.

Second, the third-party defendants seek an extension of the discovery and trial schedule. However, the third-party defendants do not specify either how much time they will need or what discovery they need. Absent such information, the third-party defendants cannot establish cause, let alone good cause, for modifying the discovery and trial schedule. *See Rashdan v. Geissberger*, No. C 10-00634 SBA, 2012 WL 566379, at *3 (N.D. Cal. Feb. 21, 2012) (denying motion to

2

amend schedule where "Plaintiff neglects to specifically identify the documents she seeks or why those documents are necessary to proceed with the sixteen previously-scheduled depositions."); *Oracle Am., Inc. v. Serv. Key, LLC*, No. C 12-00790 SBA, 2013 WL 2384246, at *2 (N.D. Cal. May 30, 2013) (denying motion to amend where the moving party provided "no explanation" for delay). The fact-discovery cut-off is 60 days following the court's ruling on class certification which is set to be heard February 27, 2020. (Dkt. Nos. 224 & 330.) The third-party defendants' motion to dismiss will be heard on February 13, 2020. (Dkt. No. 339.) The third-party defendants have not shown that they will not have adequate time to conduct discovery following a decision on their motion to dismiss, especially given that their counsel has attended all of the depositions to date and is thus well positioned to know what particular additional discovery might be necessary. (Dkt. No. 345-1 at ¶¶ 4-5.)

Accordingly, the third-party defendants have failed to demonstrate good cause for modifying the Court's scheduling orders. The motion to amend is therefore DENIED.

This Order disposes of Docket No. 345.

**IT IS SO ORDERED.**

Dated: December 19, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge