United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PACIFIC FERTILITY CENTER, et al.,<br><br>    Defendants. | Case No. 18-cv-01586-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 301, 312, 352, 356, 369, 377, 381, 383, 385, 392 |

In this negligence and products liability action Plaintiffs' motion for class certification and Chart's motion to strike certain of Plaintiffs' experts ("*Daubert* motion") are now pending before the Court. In connection with these motions, the parties filed 10 administrative motions to seal. (Dkt. Nos. 301, 312, 352, 356, 369, 377, 381, 383, 385, 392.) For the reasons explained below, these motions are GRANTED IN PART and DENIED IN PART.

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978*)*; *see also Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1124, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). The right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598. The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *see, e.g.*, *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d

1172, 1178 (9th Cir. 2006) (internal citations omitted); *see, e.g., Times Mirror Co.*, 873 F.2d at 1219 (grand jury transcripts and warrant materials in the midst of a pre-indictment investigation not subject to right of public access).

This Court follows numerous other district courts within the Ninth Circuit in concluding that the compelling reasons standard applies to motions to seal documents relating to class certification. *See, e.g.*, *Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019) (collecting cases*); Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 617 (N.D. Cal. 2018) (applying compelling reasons standard to motion to file class certification briefs and exhibits under seal because they "more than tangentially related to the merits of the case."); *In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018) (applying compelling reasons standard to documents relating to class certification); *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292 HSG, 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017) (applying the compelling reasons standard to a motion for class certification).

"A party seeking to seal a judicial record [] bears the burden of overcoming th[e] strong presumption [of public access] by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178-79. The reasons must "outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1179 (internal quotation marks and citations omitted). Such compelling reasons include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. (internal quotation marks and citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. Likewise, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. Jun. 5, 2015) (quoting *Hodges v. Apple, Inc.*, No. 13–cv–01128–WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)).

In addition, parties moving to seal documents must comply with the procedures set forth in

Civil Local Rule 79–5. The rule permits sealing only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). It requires the parties to "narrowly tailor" their requests only to the sealable material. *Id*. at 79–5(d). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information). Whatever the basis, the court "must articulate [the] reasoning or findings underlying its decision to seal." *Apple Inc*., 658 F.3d at 1162.

**DISCUSSION**

The parties have filed 10 administrative motions to seal in connection with Plaintiffs' motion for class certification and Chart's *Daubert* motion. The parties seek sealing of five categories of information: (1) Plaintiffs' and the absent class members' private health information; (2) information Chart designated as confidential or highly confidential under the parties' protective order; (3) Chart's "proprietary and/or confidential" "commercially sensitive trade secret and business information"; (4) Pacific MSO's "regulatory communications with the PFC laboratory for which Pacific MSO provides support services"; and (5) Pacific MSO's "confidential information regarding the equipment, practices, and operations related to the PFC laboratory for which Pacific MSO provides support services." The Court address each in turn.

***First***, with respect to the Plaintiffs' and absent class members' health information, Plaintiffs only request sealing of their identities. This narrowly tailored request for sealing is GRANTED. Pacific MSO, in contrast, seeks sealing of a host of information which does not identify any Plaintiff or absent class member, but is derived from medical records. (Dkt. Nos. 316, 356-1, 366, 393.) For example, the number of individuals with eggs and embryos in Tank 4, the number of class members who had eggs versus embryos in Tank 4, the number of children members of the class have, the age breakdown of class members, the time period class members froze their tissue in Tank 4, the number of class members who had eggs or embryos stored in other

3

1    tanks, the number of pregnancies and live births from Tank 4 eggs or embryos following the

2    incident. None of this information is tied to a particular class member and neither the identities of

3    the Plaintiffs or absent class members are publicly known. Under these circumstances, Pacific

4    MSO has failed to demonstrate compelling reasons in support of its request for sealing and the

5    request is DENIED.

6    ***Second***, Chart seeks sealing of portions of its opposition to Plaintiffs' motion for class

7    certification and declarations and exhibits thereto because they were designated as confidential or

8    highly confidential pursuant to the parties' protective order. (Dkt. No. 352-1.) That material has

9    been designated as confidential or highly confidential fails to demonstrate that it is in fact properly

10   sealable confidential information subject to the compelling reasons standard. *See* N.D. Cal. L.R.

11   79-5(d)(1)(A) ("References to a stipulation or protective order that allows a party to designate

12   certain documents as confidential is not sufficient to establish that a document, or portions thereof,

13   are sealable"). Accordingly, Chart's administrative motion to seal information in its class

14   certification opposition and attachments thereto that it designated as confidential or highly

15   confidential is DENIED. (Dkt. No. 352.)

16   ***Third***, Chart seeks sealing of portions of Plaintiffs' motion for class certification, reply

17   class certification brief, and exhibits attached to both briefs because they contain "proprietary

18   and/or confidential information regarding Chart's business operations, processes, product testing,

19   design, and functions, along with communications with its customers and vendors (whose

20   information is not readily available to competitors), made in confidence and intended to be kept

21   confidential" (Dkt. Nos. 308, 394). The mere fact that the information discloses Chart's business

22   processes or information about its products, and design or testing of products and is therefore

23   confidential is insufficient. "Simply mentioning a general category of privilege, without any

24   further elaboration or any specific linkage with the documents, does not satisfy the burden."

25   *Kamakana*, 447 F.3d at 1179. Nor is Chart's boilerplate assertion of competitive harm or trade

26   secrets sufficient to meet its burden. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-

27   01846 LHK PSG, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) ("Although Samsung recites

28   boilerplate terms that this information is proprietary and confidential, it does not provide a

particularized showing of how this information would be detrimental if disclosed."); *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)( "[a]n unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient."); *Welle v. Provident Life & Accident Ins. Co*., No. 3:12–cv–3016 EMC (KAW), 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013)("although [defendant] identifies the information at issue as proprietary and confidential, it does not provide reasons beyond the boilerplate references to competitive disadvantage if the information were publicly available."); *Digital Reg of Texas, LLC v. Adobe Sys. Inc*., No. 12–cv–1971–CW, 2013 WL 4049686, at *1 (N.D. Cal. Aug. 8, 2013) (denying sealing where party "failed to state what harm [it] would experience if this material were publicly disclosed or to provide any specific reasons, supported by facts, that could outweigh the public policy favoring public access to court filings."). Indeed, in *In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th Cir. 2008), upon which Chart relies, the Ninth Circuit was considering Electronic Arts' request to seal a particular trial exhibit: a licensing agreement which contained trade secret pricing terms, royalty rates, and guaranteed minimum payment terms. No such specific showing has been made here with respect to the documents for which Chart seeks sealing. Accordingly, Chart's request for sealing of information in Plaintiffs' motion for class certification, reply class certification brief, and exhibits attached to both briefs is DENIED. (Dkt. Nos. 308 & 394.)

*Fourth*, Pacific MSO seeks sealing of "confidential information regarding the equipment, practices, and operations related to the PFC laboratory for which Pacific MSO provides support services" and "the policies and protocols related to PFC's tissue storage for which Pacific MSO provides support services" because disclosure "would allow potential competitors and counterparties to gain insight…such that Pacific MSO's business could be significantly harmed." (Dkt. Nos. 316, 366, 379, 393.) As with Chart's request for sealing of propriety business information, Pacific MSO's boilerplate assertion of competitive disadvantage is insufficient and not narrowly tailored. Accordingly, Pacific MSO's broad request for sealing of information regarding its equipment, practices, protocols, and operations is DENIED.

In contrast, Prelude's (Pacific MSO's parent) narrow request for sealing of the

5

1 Management Services Agreement and attachments thereto submitted as Exhibit I to the Sharp

2 Declaration (Dkt. No. 301-14), which describes the confidential business arrangement between

3 Prelude, Pacific MSO, and Pacific Fertility, and which the Court has previously held is properly

4 sealable, is GRANTED. (Dkt. No. 315.)

*Fifth*, Pacific MSO seeks sealing of "regulatory communications with the PFC laboratory for which Pacific MSO provides support services" because "disclosure of this information would allow potential competitors and counterparties to gain insight into the laboratory's regulatory status, policies and procedures, training, and patient information." (Dkt. Nos. 316, 366, 393.) Beyond baldly asserting that its business could be significantly harmed if this information is disclosed, Pacific MSO has failed to offer any support for its request for sealing. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178-79.

## CONCLUSION

For the reasons stated above, the parties' administrative motions to seal are GRANTED IN PART and DENIED IN PART. They are granted insofar as Plaintiffs seek sealing of their identities and Prelude seeks sealing of Exhibit I to the Sharp Declaration (Dkt. No. 301-14), but are otherwise denied as Defendants have failed to satisfy the strict compelling reasons standard.

**IT IS SO ORDERED.**

Dated: February 26, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge