UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACIFIC FERTILITY CENTER LITIGATION | Case No. 18-cv-01586-JSC<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING RE: JOINT DISCOVERY LETTER BRIEF ON SITRICK & CO. AND K2 COMMUNICATIONS SUBPOENAS**<br><br>Re: Dkt. No. 422 |

The parties have filed a joint discovery letter brief regarding Plaintiffs' subpoenas to non-parties Sitrick & Co. and Krupp Communications who were retained by Defendants Pacific MSO and Prelude Fertility ("Defendants" for purposes of this Order) in relation to the March 4 incident. (Dkt. No. 422.)   At issue, are documents that Defendants have withheld on the basis of attorney-client privilege.  Defendants have provided the Court with 17 such documents for *in camera* review.  Before the Court can resolve the discovery dispute, the Court requests additional briefing regarding the appropriate legal standard.

In particular, both parties cite cases discussing attorney-client privilege under federal law and this is what the Court relied upon in its prior order. However, the cases on which they rely all involve federal claims that gave rise to federal question jurisdiction.  Here, in contrast, Plaintiffs' complaint alleges Class Action Fairness Act ("CAFA") jurisdiction under 28 U.S.C. § 1332(d) and is therefore before the Court on diversity jurisdiction.  State law generally controls questions of privilege under these circumstances.  *See In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state law"); *Cortina v. Goya Foods, Inc.*, No. 14cv169 L (NLS), 2015 WL 11251806, at *2 (S.D. Cal. Oct. 7, 2015)

(applying state law to attorney-client privilege question in CAFA case).

Under California law, the attorney-client privilege is governed by statute. *See Behunin v. Superior Court*, 9 Cal. App. 5th 833, 843 (Cal. Ct. App. 2017) (discussing Cal. Evid. Code §§ 954 and 912). "[W]hether communications among a client, his or her attorney, and a public relations consultant are protected by the attorney-client privilege depends on whether the communications were confidential and whether disclosing them to the consultant was reasonably necessary to accomplish the purpose for which the client consulted the attorney." *Behunin,* 9 Cal. App. 5th at 845 (citing Cal. Evid. Code §§ 912(d), 952; *Seahaus La Jolla Owners Assn. v. Superior Court*, 224 Cal. App. 4th 754, 766 (2014)).

Accordingly, the parties are ordered to submit supplemental briefing of no more that two-pages (each) regarding the appropriate legal standard for resolving the parties' privilege dispute. The parties shall submit their supplemental briefs by April 16, 2020. The Court will take the matter under submission at that time.

**IT IS SO ORDERED.**

Dated: April, 9 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge