1
2
3
4
5
6                         UNITED STATES DISTRICT COURT

7                       NORTHERN DISTRICT OF CALIFORNIA

8

9    IN RE: PACIFIC FERTILITY CENTER              Case No.  18-cv-01586-JSC

10   LITIGATION
                                                  **ORDER RE: PLAINTIFF K.L.'S**
11                                                **MOTION FOR VOLUNTARY**
                                                  **DISMISSAL**
12
                                                  Re: Dkt. No. 536
13

14

15          These consolidated cases arise out of a March 2018 incident involving a cryopreservation

16   tank storing Plaintiffs' eggs and embryos.  Plaintiff K.L. was a putative class representative in

17   these consolidated actions.  Following the Court's denial of Plaintiffs' motion for class

18   certification, K.L. seeks to voluntarily dismiss her action without prejudice to refiling in state

19   court where there are approximately 71 individual actions proceeding regarding the same incident.

20   Chart Industries, the only remaining defendant in this federal action, opposes K.L.'s motion for

21   voluntary dismissal.  Having considered the parties' briefs and having had the benefit of oral

22   argument on September 3, 2020, the Court GRANTS K.L.'s motion for voluntary dismissal. Chart

23   has not identified any legal prejudice that it would suffer as a result of a without prejudice

24   dismissal.

25                                       **DISCUSSION**

26          K.L. moves to voluntarily dismiss her claims without prejudice to refiling in San Francisco

27   Superior Court on an individual basis.  K.L. seeks to do so because her counsel represents 47

28   individuals in the state court proceedings and is liaison counsel in those proceedings, but does not

United States District Court
Northern District of California

United States District Court
Northern District of California

1    represent any other plaintiffs in the federal proceedings. (Dkt. No. 536-1 at ¶ 1.)  Thus, it would be

2    much more efficient and less costly for K.L.'s counsel to represent her in state court.

3         K.L. may dismiss her suit only with Court approval because Chart already answered her

4    complaint. *See* Fed. R. Civ. P. 41(a)(2). The decision to grant a Rule 41(a)(2) voluntary dismissal

5    "is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber*

6    *Co*., 679 F.2d 143, 145 (9th Cir. 1982).  Generally, a Rule 41(a)(2) motion for voluntary dismissal

7    should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a

8    result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some

9    legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*,

10   100 F.3d 94, 97 (9th Cir. 1996). For example, legal prejudice justifying a motion for voluntary

11   dismissal  existed "when the dismissal of a party would have rendered the remaining parties

12   unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend

13   themselves against charges of fraud." *Id.* (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th

14   Cir. 1994), as amended (July 25, 1994)).

15        Chart contends that it will suffer the legal prejudice of the loss of a federal forum.  The

16   Ninth Circuit, however, has held that "plain legal prejudice does not result merely because the

17   defendant will be inconvenienced by having to defend in another forum or where a plaintiff would

18   gain a tactical advantage by that dismissal*." Smith*, 263 F.3d at 976 (internal quotation marks

19   omitted). In *Smith*, for example, the Ninth Circuit held that the district court did not err in

20   concluding "that the prospect of litigating the first lawsuit in state court does not amount to plain

21   legal prejudice" and that while the defendant "will be obliged to defend the state court action, this

22   does not add an extra burden to [the defendant] because it was already engaged in defending the

23   state court case." *Id.* (internal quotation marks omitted*); see also Westlands Water Dist.,* 100 F.3d

24   at 97 (holding that mere threat of future litigation, without more, does not constitute legal

25   prejudice). Indeed, in *Zanowick v. Baxter Healthcare Corp.*, the defendants removed the action to

26   federal court based on diversity jurisdiction.  The plaintiff subsequently filed a state court action

27   against the same defendants for the same claims, but this time adding a non-diverse defendant.

28   The district court granted the plaintiff's request for voluntary dismissal without prejudice.  The

United States District Court
Northern District of California

Ninth Circuit upheld the dismissal, rejecting the defendant's argument that the loss of the federal forum amounted to legal prejudice.  850 F. 3d 1090, 1093 n.2 (9th Cir. 2017); *see also Carrillo v. Target Corp.*, No. C 17-05693 WHA, 2017 WL 6497244 (N.D. Cal. Dec. 19, 2017) *(*explaining that in *Zanowick* "our court of appeals explicitly rejected defendant's argument that the loss of a federal forum constituted legal prejudice.")

*Westlands Water Dist.*, does not hold otherwise.  Chart relies on the court's statement that "in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense," 100 F.3d. at 97, to support its assertion that the loss of a federal forum constitutes legal prejudice.  But all the *Westlands Water District* court observed was that courts have "examined" whether a dismissal would result in the loss of a federal forum—it did not hold that loss of federal forum constitutes legal prejudice.  To the contrary, the cases the *Westlands* case cited for the proposition *examined* the loss of federal forum *and upheld the court's dismissal without prejudice.*  Indeed, Chart does not cite a single case in which a court held that being deprived of a federal forum amounted to legal prejudice.

Finally, Chart asks for an award of fees and costs in the event the Court grants K.L.'s motion.  "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims."  *Westlands*, at 97.  Chart has not identified any fees and costs it has of yet incurred as to K.L. alone which cannot be used in future state court litigation.

## CONCLUSION

As Chart has not identified any legal prejudice that arises from K.L.'s voluntary dismissal, and as it has not articulated any conditions on dismissal warranted by the circumstances, K.L.'s motion for voluntary dismissal without prejudice is GRANTED.

This Order disposes of Docket No. 536.

 **IT IS SO ORDERED.**

Dated:  September 3, 2020

1

2    JACQUELINE SCOTT CORLEY
     United States Magistrate Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California