UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 18-cv-01586-JSC<br><br>This Document Relates to: All Actions<br><br>**ORDER RE: CHART'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 547 |

These consolidated cases arise out of a March 2018 incident involving a cryopreservation tank storing Plaintiffs' eggs and embryos. Chart Industries Inc., who manufactured the tank, is the sole remaining defendant in this action as the other defendants have all been compelled to arbitration. Following this Court's order denying Plaintiffs' motion for class certification, 133 class members filed individual actions, all of which have been consolidated under this lead case number. Chart has filed a motion to dismiss the 133 consolidated actions under Federal Rule of Civil Procedure 8.[1] (Dkt. No. 552.) Having considered the parties' briefs, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motion to dismiss.

## DISCUSSION

Chart moves to dismiss Plaintiffs' consolidated complaints for failing to comply with Rule 8's requirement that a complaint contain a "short and plain statement of the claim" citing *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996), and *Nevijel v. North Coast Life Ins.*

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 553.)

*Co.*, 651 F.2d 671, 673 (9th Cir. 1981). (Dkt. No. 547 at 3.[2]) In particular, Chart contends that the complaints "are needlessly prolix in evidentiary detail, replete with redundancy and argumentative to the point of sensationalism." (Dkt. No. 564 at 2:26-3:1.)

Plaintiffs' 15-page complaints contain three claims for relief: (1) strict products liability - manufacturing defect; (2) strict products liability – design defect; and (3) negligent failure to recall. In support of these claims, Plaintiffs include detailed factual allegations regarding the tank, its functions, its alleged failure, and the alleged harm as a result of the failure. Because the parties have been actively engaged in discovery over the past year and a half, Plaintiffs are necessarily able to plead their factual allegations with more particularity than they did in the version of the second amended class action complaint filed over a year ago. (Dkt. No. 267.) While Plaintiffs are not required under Rule 8 to include such detailed allegations, the Court does not fault them for doing so.

Chart's reliance on *McHenry* and *Nevijel* is misplaced. In those cases, the Ninth Circuit was reviewing district court orders dismissing complaints under Federal Rule of Civil Procedure 41(b) for failure to comply with the courts' orders to file an amended complaint that complied with Rule 8. *See McHenry*, 84 F.3d at 1177 (affirming dismissal of 37-page complaint containing two claims which were "set out in a single sentence thirty lines long, alleging numerous and different violations of rights, without any specification of which of the twenty named defendants or John Does is liable for which of the wrongs," *id*. at 1174); *Nevijel*, 651 F.2d at 674 (affirming dismissal of "second complaint [which] was 23 pages long with 24 pages of addenda, named additional defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint").

"[A] dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (internal citation and quotation marks omitted). It is a "harsh remedy," and the court "should first consider less drastic

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   alternatives." *McHenry*, 84 F.3d at 1178; *see also Hearns v. San Bernadino Police Dep't*, 530 F.3d
2   1124, 1130-33 (9th Cir. 2008).  Under the circumstances here, the harsh remedy of dismissal is not
3   warranted.  While Chart may object to the dramatic nature of Plaintiffs' allegations, it does not
4   contend—nor could it—that it is unable to respond to Plaintiffs' allegations because of the way
5   they are pled.  That it may be "difficult" to do so, does not warrant dismissal.  (Dkt. No. 564 at 5.)
6   Accordingly, Chart's motion to dismiss is denied.

## CONCLUSION

For the reasons stated above, Chart's motion to dismiss is DENIED.  Chart shall file its answer to the consolidated complaints in 14 days.

This Order disposes of Docket. No. 547.

**IT IS SO ORDERED.**

Dated: October 5, 2020

*Jacqueline Scott Corley*
_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge