Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

*Counsel for Plaintiffs*

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE PACIFIC FERTILITY CENTER LITIGATION*<br><br>This document relates to: All Actions | Case No. 3:18-cv-01586-JSC<br><br>**[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER FOR HIGHLY SENSITIVE CONFIDENTIAL INFORMATION, INCLUDING PROTECTED HEALTH INFORMATION AND TRADE SECRETS** |

1 | **1.** **PURPOSES AND LIMITATIONS**

2        Disclosure and discovery activity in this action are likely to involve production of confidential,

3 proprietary, or private information for which special protection from public disclosure and from use for

4 any purpose other than prosecuting this litigation or related arbitration proceedings may be warranted.

5 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6 Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections

7 on all disclosures or responses to discovery and that the protection it affords from public disclosure and

8 use extends only to the limited information or items that are entitled to confidential treatment under the

9 applicable legal principles. The parties further acknowledge, as set forth in paragraph 12.3, below, that

10 this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets

11 forth the procedures that must be followed and the standards that will be applied when a party seeks

12 permission from the court to file material under seal.  The parties further acknowledge and agree that a

13 protective order that meets the requirements of a "qualified protective order," as that term is defined by

14 45 C.F.R. §164.512(e)(1)(v), may be required for certain information and documents and agree to comply

15 with any privacy requirements imposed on them by regulations promulgated under the Health Insurance

16 Portability and Accountability Act of 1996 (45 C.F.R. Part 164) and California Civil Code §§56 et seq.

17 | **2.** **DEFINITIONS**

18        2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or

19 items under this Order.

20        2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated,

21 stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure

22 26(c).

23        2.3    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support

24 staff).

25        2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

26 produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

27 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

28

[~~PROPOSED~~] SECOND AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 3:18-cv-01586-JSC

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel: attorneys who are not employees of a party to this action but are retained to represent or advise a party about the subject matter of this litigation or related arbitration proceedings.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, and retained experts.

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

a.      Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2

**3.**     **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**     **DURATION**

Even after final disposition of this litigation and related arbitration proceedings, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; and (3) the completion of all related arbitration proceedings.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

A plaintiff's identity shall not be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless that plaintiff is actively undergoing treatment at Pacific Fertility Center.  Any such designations will be automatically downgraded to "CONFIDENTIAL" 60 days after the first such designation. Plaintiffs continuing to actively undergo treatment at Pacific Fertility Center after 60 days from a prior designation are permitted to re-designate their identities "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Nothing in this paragraph is intended to restrict defendants' ability to challenge the confidentiality designation of any plaintiff's identity using the procedures set forth in this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of paragraph 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would

4

like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. Alternatively, the Designating Party may have up to 21 days following receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards that the entire transcript shall be treated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Prior to the expiration of the 21-day period for designation, all transcripts shall be treated

[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 3:18-cv-01586-JSC

1   as if they had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

2   entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only

3   as actually designated.

4          (c)      for information produced in some form other than documentary and for any other tangible

5   items, that the Producing Party affix in a prominent place on the exterior of the container or containers

6   in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or

8   item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

9   portion(s) and specify the level of protection being asserted.

10         5.3      <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate

11  qualified information or items does not, standing alone, waive the Designating Party's right to secure

12  protection under this Order for such material. Upon timely correction of a designation, the Receiving

13  Party must make reasonable efforts to assure that the material is treated in accordance with the provisions

14  of this Order.

15  **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

16         6.1      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

17  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

18  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or

19  a significant disruption or delay of this litigation or related arbitration proceedings, a Party does not waive

20  its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

21  original designation is disclosed.

22         6.2      <u>Meet and Confer</u>. The Challenging Party shall initiate the meet and confer process by

23  providing written notice of each designation it is challenging and describing the basis for each challenge.

24  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

25  challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

26  Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

27  selecting a mutually agreeable time and format to confer directly (in voice to voice dialogue; other forms

28  of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the

Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Protected Material produced in discovery for which protection is sought may be described by categories with illustrative examples if the subject matter of the dispute is voluminous. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only for prosecuting, defending, or attempting to settle this litigation or related arbitration proceedings. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation and all related arbitration proceedings have been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation or related arbitration proceedings;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation or related arbitration proceedings;

(c)     the Receiving Party's insurer and insurance coverage counsel to whom disclosure is reasonably necessary for purposes of this litigation or related arbitration proceedings;

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation or related arbitration proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court and its personnel;

(f)     an appointed arbitrator in related arbitration proceedings and associated JAMS personnel;

(g)     any mediator who is assigned to hear this matter, and her or his staff;

(h)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or related arbitration proceedings;

(i)      during their depositions, witnesses in the action if the Designating Party consents to disclosure, which shall not be unreasonably withheld**.** Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(j)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation or related arbitration proceedings;

(b)      employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation or related arbitration proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      the Receiving Party's insurer and insurance coverage counsel to whom disclosure is reasonably necessary for purposes of this litigation or related arbitration proceedings;

(d)      Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation or related arbitration proceedings, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5, below, have been followed;

(e)      the court and its personnel;

(f)      an appointed arbitrator in related arbitration proceedings and associated JAMS personnel;

(g)      any mediator who is assigned to hear this matter, and her or his staff;

(h)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or related arbitration proceedings; and

9

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items Automatically Downgraded to "CONFIDENTIAL".</u>  Prior to disclosing any plaintiff identities as "CONFIDENTIAL" instead of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the automatic reclassification set forth in paragraph 5.1, the Disclosing Party will notify that plaintiff's attorney and allow the plaintiff's attorney to renew the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the plaintiff is continuing to undergo treatment at Pacific Fertility Center.

7.5     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 3:18-cv-01586-JSC

has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[2]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

---

[2] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION OR RELATED ARBITRATION PROCEEDINGS**

9.1     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation or related arbitration proceedings is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b.. promptly provide the Non-Party with a copy of the Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c. make the information requested available for inspection by the Non-Party.

9.3 If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and in accordance with the procedure set forth in Section 8 of the Parties' Stipulated Order Re: Discovery of Electronically Stored Information (which is consistent with Federal Rule of Evidence 502(b)).

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, that Party shall have five days to initiate a review of the court's decision.  If no review is initiated during that time, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**13.    <u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this litigation and all related arbitration proceedings, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and attorney work product, even if such materials contain

1  Protected Material. Any such archival copies that contain or constitute Protected Material remain subject
2  to this Protective Order as set forth in paragraph 4 (DURATION).
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 3:18-cv-01586-JSC

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*IN RE PACIFIC FERTILITY CENTER*                    Case No. 3:18-cv-01586-JSC
*LITIGATION*

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [print date of order] in the case of *IN RE PACIFIC FERTILITY CENTER LITIGATION*,  Case No. 3:18-cv-01586-JSC.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 3:18-cv-01586-JSC

1    **IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

2

3    Dated: November 4, 2020                    Respectfully submitted,

4                                               By:    */s/ Amy M. Zeman*
5                                               Eric H. Gibbs (State Bar No. 178658)
                                                Amy M. Zeman (State Bar No. 273100)
6                                               **GIBBS LAW GROUP LLP**
7                                               505 14th Street, Suite 1110
                                                Oakland, CA 94612
8                                               Tel: (510) 350-9700
                                                Fax: (510) 350-9701
9                                               ehg@classlawgroup.com
                                                amz@classlawgroup.com
10

11   Dated: November 4, 2020                    By:    */s/ Dena C. Sharp*
                                                Dena C. Sharp (State Bar No. 245869)
12                                              Adam E. Polk (State Bar No. 273000)
13                                              **GIRARD SHARP LLP**
                                                601 California Street, Suite 1400
14                                              San Francisco, CA 94108
                                                Tel: (415) 981-4800
15                                              Fax: (415) 981-4846
                                                dsharp@girardsharp.com
16                                              apolk@girardsharp.com

17   Dated: November 4, 2020                    By:    */s/ Adam B. Wolf*
18                                              Adam B. Wolf (State Bar No. 215914)
                                                Tracey B. Cowan (State Bar No. 250053)
19                                              **PEIFFER WOLF CARR KANE & CONWAY, APLC**
20                                              4 Embarcadero Center, Suite 1400
                                                San Francisco, CA 94111
21                                              Tel: (415) 766-3545
22                                              Fax: (415) 402-0058
                                                awolf@peifferwolf.com
23                                              tcowan@peifferwolf.com

24

25                                             *Plaintiffs' Counsel*

26

27   Dated: November 4, 2020                    By:    */s/ John J. Duffy*
                                                John J. Duffy
28                                              Kevin M. Ringel
                                                **SWANSON, MARTIN & BELL, LLP**

---

17

[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 3:18-cv-01586-JSC

1
2
3
4

330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com

5
6
7
8
9
10
11

Marc G. Cowden
Adam Stoddard
**SHEUERMAN, MARTINI, TABARI, ZENERE &
GARVIN**
A Professional Corporation
1033 Willow Street
San Jose, California 95125
(408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

12

*Counsel for Chart Inc.*

13
14

Dated: November 4, 2020

By: ____/s/ Erin M. Bosman_____

15
16
17
18

Erin M. Bosman (State Bar No. 204987)
Julie Y. Park (State Bar No. 259929)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
Tel: (415) 268-7000
EBosman@mofo.com
JuliePark@mofo.com

19
20

*Counsel for Prelude Fertility, Inc and Pacific MSO, LLC*

21

Dated: November 4, 2020

By: ___/s/ Joseph S. Picchi_____

22
23
24
25
26

Joseph S. Picchi (State Bar No. 157102)
Aaron T. Schultz (State Bar No. 222949)
**GALLOWAY, LUCCHESE, EVERSON &
PICCHI**
2300 Contra Costa Blvd., Suite 350
Pleasant Hill, California 94523
Tel: (925) 930-9090
jpicchi@glattys.com
aschultz@glattys.com

27

*Counsel for Pacific Fertility Center*

28

[PROPOSED] SECOND AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 3:18-cv-01586-JSC

1

**IT IS ORDERED** that the forgoing Agreement is approved.

2

3    Dated:  November 5, 2020                    By: _____

4                                                   The Honorable _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

~~[PROPOSED]~~ SECOND AMENDED STIPULATED PROTECTIVE ORDER
CASE NO. 3:18-cv-01586-JSC