John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**N.D. Cal. Local Rules 7-11 and 79-5**<br><br>Judge:   Hon. Jacqueline Scott Corley<br><br>No Hearing Set Pursuant to L.R. 7-11(c) |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL FOR RECORD:**

PLEASE TAKE NOTICE that Chart Inc. will and does hereby move the Court, pursuant to Civil Local Rule 79-5, for an administrative order to file the following documents or portions thereof under seal:

- Declaration of Kevin M. Ringel in Support of Chart's Notice of Motion and Motion to Exclude Plaintiffs' Expert Dr. Elizabeth Grill;
- Exhibits A to D to the Ringel Declaration in Support of Chart's Motion to Exclude Plaintiffs' Expert Dr. Elizabeth Grill;
- Declaration of Kevin M. Ringel in Support of Chart's Notice of Motion and Motion to Exclude Plaintiffs' Experts Anand Kasbekar and David Wininger;
- Exhibits A to K to the Ringel Declaration in Support of Chart's Motion to Exclude Plaintiffs' Experts Anand Kasbekar and David Wininger;
- Declaration of Kevin M. Ringel in Support of Chart's Notice of Motion and Motion for Summary Judgment;
- Exhibits A to F of the Ringel Declaration in Support of Chart's Motion for Summary Judgment.

Defendant files this motion to comply with the Stipulated Protective Order (EFC No. 104) and Civil Local Rule 79-5. Pursuant to Civil Local Rules 79-5 and 7-11(c), no hearing date has been set.

## Material to be Filed Under Seal

Paragraph 12.3 of the Stipulated Protective Order prohibits a party from filing in the public record any disclosure or discovery material that is designated as confidential or highly confidential ("Protected Material") without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons. Protected Material includes portions of pleadings that contain, summarize, or reflect the Protected Material. ECF No. 104 at ¶ 12.3.

**Materials Designated by Plaintiffs and Non-Party Pacific MSO.** Plaintiffs and non-party Pacific MSO have designated the following documents or portions thereof as Confidential or Highly Confidential under the Stipulated Protective Order: the October 9, 2019 Deposition of Joseph Conaghan; the Expert Report of Dr. David Wininger, and certain documents produced in the course of discovery, including the medical records of certain named Plaintiffs. Pursuant to Local Rules 79-5(d)(1) and (2), the Designating Parties are responsible for establishing that all of the designated materials are sealable. Chart takes no position on whether these materials should remain under seal.

**Materials Designated by Chart.** Additionally, Chart has designated its expert reports as Confidential or Highly Confidential under the Stipulated Protective Order. These reports contain confidential information relating to Chart's business operations, processes, and functions. Courts have routinely recognized the need to protect from disclosure confidential business information like the information sought to be sealed here. *See, e.g., Huawei Techs., Co., Ltd. v. Samsung Elecs. Co., Ltd.*, 2017 WL 1508756, at *1 n.1 (N.D. Cal. Apr. 27, 2017) (granting party's administrative motion to file under seal confidential business information, including internal meeting minutes and excerpts from the party's opposition motion); *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2014 WL 12700984, at *1 n.1 (N.D. Cal. Oct. 3, 2014) (granting defendant corporation's administrative motion to file under seal document containing sensitive business information).

Moreover, disclosure of such commercially sensitive business information would allow potential competitors to gain insight into how Chart conducts its operations and business relationships such that its business could be significantly and irreparable harmed. In such circumstances, courts have granted a party's request to file such information under seal. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents

could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Contreras v. Portfolio Recovery Assocs.,* LLC, 2017 WL 2964012, at *6 (N.D. Cal. Jul. 12, 2017) (holding that the release of documents that might harm defendant's competitive business strategy constituted a compelling reason to file such documents under seal). Chart's request to seal the above-identified documents is narrowly tailored to only those potions that merit sealing.

To the extent that Chart's Motion to Exclude Dr. Grill and Motion to Exclude Kasbekar and Wininger reference information or documents designated as Confidential or Highly Confidential, those references are also Confidential or Highly Confidential and should accordingly be filed under seal. *See, e.g.*, *Autodesk, Inc. v. Alter*, 2017 WL 1862505, at *8 (N.D. Cal. May 9, 2017) (granting administrative motion to file under seal a confidential licensing agreement between the parties and portions of the defendant's opposition that referenced that agreement); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (permitting defendant to file portions of brief under seal when those portions referred to documents containing information on the "operation of [d]efendants' products, including technical information an  source code" and finding that if such information were disclosed, "there could be a risk that competitors would reproduce or recreate features of [D]efendants' products.").

Pursuant to Civil Local Rule 79-5(d)(1), the following attachments accompany this motion:

1. Ringel Declaration in Support of Chart's Motion to Exclude Dr. Elizabeth Grill;
2. Redacted and unredacted versions of Exhibits A-L to the Ringel Declaration in Support of Chart's Motion to Exclude Dr. Grill;

3. Ringel Declaration in Support of Chart's Motion to Exclude Anand Kasbekar and David Wininger;

4. Unredacted versions of Exhibits A-K to the Ringel Declaration in Support of Chart's Motion to Exclude Anand Kasbekar and David Wininger;

5. Ringel Declaration in Support of Chart's Motion for Summary Judgment;

6. Unredacted versions of Exhibits A-F to the Ringel Declaration in Support of Chart's Motion for Summary Judgment.

Dated: December 22, 2020                    Respectfully submitted,

                                            By: /s/ Kevin Ringel

                                            John J. Duffy (SB No. 6224834)
                                            Kevin M. Ringel (SB No. 6308106)
                                            Margaret C. Redshaw (SB No. 6327480)
                                            **SWANSON, MARTIN & BELL, LLP**
                                            330 N Wabash, Suite 3300
                                            Chicago, Illinois 60611
                                            Tel: (312) 321-9100; Fax: (312) 321-0990
                                            jduffy@smbtrials.com
                                            kringel@smbtrials.com
                                            mredshaw@smbtrials.com

                                            Marc G. Cowden (SB No. 169391)
                                            Adam Stoddard (SB No. 272691)
                                            **SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
                                            1033 Willow Street
                                            San Jose, California 95125
                                            Tel: (408) 288-9700; Fax: (408) 295-9900
                                            mcowden@smtlaw.com
                                            astoddard@smtlaw.com

                                            *Counsel for Defendant Chart, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

Dated: December 22, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: /s/ Kevin Ringel

　　　　　　　　　　　　　　　　　　　　　John J. Duffy (SB No. 6224834)
　　　　　　　　　　　　　　　　　　　　　Kevin M. Ringel (SB No. 6308106)
　　　　　　　　　　　　　　　　　　　　　Margaret C. Redshaw (SB No. 6327480)
　　　　　　　　　　　　　　　　　　　　　**SWANSON, MARTIN & BELL, LLP**
　　　　　　　　　　　　　　　　　　　　　330 N Wabash, Suite 3300
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60611
　　　　　　　　　　　　　　　　　　　　　Tel: (312) 321-9100; Fax: (312) 321-0990
　　　　　　　　　　　　　　　　　　　　　jduffy@smbtrials.com
　　　　　　　　　　　　　　　　　　　　　kringel@smbtrials.com
　　　　　　　　　　　　　　　　　　　　　mredshaw@smbtrials.com

　　　　　　　　　　　　　　　　　　　　　Marc G. Cowden (SB No. 169391)
　　　　　　　　　　　　　　　　　　　　　Adam Stoddard (SB No. 272691)
　　　　　　　　　　　　　　　　　　　　　**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
　　　　　　　　　　　　　　　　　　　　　1033 Willow Street
　　　　　　　　　　　　　　　　　　　　　San Jose, California 95125
　　　　　　　　　　　　　　　　　　　　　Tel: (408) 288-9700; Fax: (408) 295-9900
　　　　　　　　　　　　　　　　　　　　　mcowden@smtlaw.com
　　　　　　　　　　　　　　　　　　　　　astoddard@smtlaw.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Chart, Inc.*