# EXHIBIT 82

```
Elizabeth Cabraser (Cal. Bar No. 83151)          Eric H. Gibbs (State Bar No. 178658)
Lexi J. Hazam (Cal. Bar No. 224457)              Dylan Hughes (State Bar No. 209113)
Sarah R. London (Cal. Bar No. 267083)            Steven M. Tindall (State Bar No. 187862)
Tiseme Zegeye (Cal. Bar No. 319927)              Amy M. Zeman (State Bar No. 273100)
LIEFF CABRASER HEIMANN &                         GIBBS LAW GROUP LLP
BERNSTEIN                                        505 14th Street, Suite 1110
275 Battery Street, Fl. 29                       Oakland, CA 94162
San Francisco, CA 94111                          Tel: (510) 350-9700
Telephone: (415) 956-1000                        Fax: (510) 350-9701
Facsimile: (415) 956-1008                        ehg@classlawgroup.com
slondon@lchb.com                                 dsh@classlawgroup.com
                                                 smt@classlawgroup.com
Dena C. Sharp (State Bar No. 245869)             amz@classlawgroup.com
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)              Adam B. Wolf (Cal. Bar No. 215914)
GIRARD SHARP LLP                                 Tracey B. Cowan (Cal. Bar No. 250053)
601 California Street, 14th Floor                PEIFFER WOLF CARR & KANE, PLC
San Francisco, CA 94108                          4 Embarcadero Center, Suite 1400
Tel: (415) 981-4800                              San Francisco, CA 94111
Fax: (415) 981-4846                              Telephone: (415) 766-3545
dsharp@girardsharp.com                           Facsimile: (415) 402-0058
jelias@girardsharp.com                           awolf@pwcklegal.com
apolk@girardsharp.com                            tcowan@pwcklegal.com
```

*Counsel for Plaintiffs and Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE PACIFIC FERTILITY CENTER LITIGATION* | Case No. 3:18-cv-01586-JSC<br><br>**PLAINTIFF E.F.'S RESPONSES TO DEFENDANT CHART INC.'S INTERROGATORIES** |

## PRELIMINARY STATEMENT

Plaintiff E.F. ("Plaintiff") hereby objects and responds to Chart Inc.'s ("Chart") Interrogatories. All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. Plaintiff reserves her right to supplement these responses and objections at an appropriate time before trial as Plaintiff discovers additional facts relevant to her claims.

Plaintiff's responses or objections to any Interrogatory or part of an Interrogatory are not an admission of any fact set forth or assumed by that Interrogatory. In addition, each of Plaintiff's responses to an Interrogatory or part of an Interrogatory is not a waiver of part or all of any objection she might make to that Interrogatory, or an admission that such answer or objection constitutes admissible evidence.

This preliminary statement is incorporated into each response by this reference.

## GENERAL OBJECTIONS

The following objections apply to the entire set of responses. These general objections are incorporated by reference as though fully set forth in each response to each individual Interrogatory listed below:

1. Plaintiff objects to the Interrogatories insofar as they purport to require disclosure of communications and information that are shielded from disclosure by the attorney-client privilege and attorney work product doctrine.

2.   Plaintiff objects to the Interrogatories insofar as they purport to require disclosure of communications and information that are shielded from disclosure by the physician-patient privilege.

3.   Plaintiff objects to the Interrogatories on the grounds that they require the disclosure of confidential and/or private information that is not directly relevant to Plaintiff's claims, the disclosure of which would cause injury, embarrassment, or the invasion of Plaintiff's privacy as protected under Section 1 of the California Constitution.

4.   Plaintiff objects to the Interrogatories to the extent to which they purport to impose obligations on the responding entities other than those imposed by applicable law, including calling for responses that are not reasonably calculated to lead to the production of admissible evidence.

5.   Plaintiff objects to the Interrogatories to the extent they infringe upon plaintiff's privacy rights.

6.   Without waiving any of the foregoing General Objections, each of which is hereby expressly incorporated into each individual response as if fully restated therein, Plaintiff responds, as set forth below, subject to the following additional reservations:

   a.   The right to object on any permissible ground whatsoever, including, but not limited to, competency, vagueness, relevance, and materiality, to the admission into evidence or other use of any of these responses at the trial of this action or at any other proceeding in this action or any other action;

   b.   The right to object on any permissible ground whatsoever to any demand for further responses or any other discovery procedures involving or relating to the subject matter of the responses; and

   c.   The right at any time to revise, correct, add to, or clarify any of the responses set forth herein, as discovery is ongoing.

**INTERROGATORY NO. 1:**

Identify Your date of birth.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff responds: ████, 1982.

**INTERROGATORY NO. 2:**

Identify all Providers from whom You have sought treatment for obstetrics, gynecology, or reproductive services during the last 10 years.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory on the grounds that it purports to require the disclosure of information subject to a claim of privilege or protection, including, without limitation, information protected by based on the attorney-client relationship, physician-patient relationship, marital relationship, attorney work product, or litigation materials (Objection on the ground of "Privilege.") Plaintiff also objects to this Interrogatory to the extent that it calls for information protected by Plaintiff's privacy rights, or the privacy rights of others, or any other lawfully recognized privilege or immunity from disclosure that may attach to information requested by the interrogatory. (Objection on the ground of "Privacy.") Plaintiff objects to this Interrogatory to the extent that it purports to impose any duty upon Plaintiff that is inconsistent with, or beyond that required by, the rules of this Court and the Federal Rules of Civil Procedure. (Objection on the ground of "Scope.") Plaintiff objects to this Interrogatory on the ground that it seeks information that is not relevant to this action and not "proportional to the needs of the case" under Federal Rule of Civil Procedure 26(b)(1). (Objection on the ground of "Relevance.") Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff. (Objection on the ground of "Harassment.") Notwithstanding the above, and without waiving any objections, Plaintiff responds that, in or around May 2016, Plaintiff sought fertility services from Pacific Fertility Center and its doctors. Plaintiff further responds that in or around April 2018, Plaintiff consulted Dr. Paolo Rinaudo at the University of San Francisco (UCSF) for fertility services.

**INTERROGATORY NO. 3:**

Identify any diagnosis of infertility or other medical diagnosis that You understand could impact Your fertility or ability to give birth to a child in any way, including the date of such

diagnosis and the name of the Provider(s) from whom You received such diagnosis.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, and Harassment. Plaintiff further objects that this Interrogatory calls for expert testimony and information that may not be within Plaintiff's personal knowledge. Notwithstanding the above, and without waiving any objections, Plaintiff responds to the best of her understanding, Plaintiff is unaware of any particular medical diagnosis that she may have received. She understands from her providers at PFC that her age could impact her fertility.

**INTERROGATORY NO. 4:**

Identify all Fertility-Related Services that You have received, including, but not limited to, a description of such services, the dates on which You received such services, and the names of the Providers from whom You received such services.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Notwithstanding the above, and without waiving any objections, Plaintiff responds that, in or around August 2016, Plaintiff received the following fertility services from Pacific Fertility Center: egg retrieval, egg freezing, and egg storage services. Plaintiff further responds that she received the following fertility services in or around April 2018 from UCSF where her doctor was Dr. Paolo Rinaudo: egg retrieval, egg freezing, and egg storage services.

**INTERROGATORY NO. 5:**

For any Fertility-Related Services identified in response to Interrogatory No. 4, identify any psychological or emotional distress that You experienced in connection with such services.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Plaintiff further objects that this Interrogatory calls for expert testimony. Notwithstanding the above, and without waiving any objections, Plaintiff responds that she experienced the following psychological and emotional distress in connection with the Fertility-Related Services identified in response to Interrogatory No. 4: suffering, anguish, fright, horror,

nervousness, grief, anxiety, worry, shock, humiliation, shame, and significant personal relationship issues.

**INTERROGATORY NO. 6:**

Identify any treatment, medical or otherwise, that You have received for any psychological or emotional distress that You experienced in connection with Fertility-Related Services identified in Interrogatory No. 4, including, but not limited to, the type of treatment, the dates of such treatment, the names of the Providers from whom You received such treatment, the name of any medications that You were prescribed in connection with such treatment, and the outcome of such treatment.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Plaintiff further objects that this Interrogatory calls for expert testimony. Notwithstanding the above, and without waiving any objections, Plaintiff responds Plaintiff received therapy from psychologist Dr. Ayelet Krieger in and around August 2016 when she underwent fertility preservation services from PFC.

**INTERROGATORY NO. 7:**

Identify the total number of pregnancies that You have had, including the date of each pregnancy, whether the pregnancy occurred without Assisted Reproductive Technology, and the outcome of each pregnancy, including, but not limited to, whether the pregnancy resulted in a miscarriage or a live birth.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment, and particularly to the extent this question calls for information related to unplanned pregnancies terminated for elective reasons. Plaintiff also objects that this Interrogatory calls for expert testimony, is vague as to what "pregnancy" means (i.e. clinical, biochemical, or both), vague as to "date of each pregnancy", and calls for information that may not be within Plaintiff's personal knowledge (as often women are unaware of pregnancies that result in early miscarriages). Notwithstanding the above, and without waiving any objections, Plaintiff responds

that to the best of her understanding, she had the following pregnancies using assisted reproductive technology: Zero. Plaintiff further responds that to the best of her understanding, she had the following pregnancies without using assisted reproductive technology, resulting in either a miscarriage or live birth: Zero.

**INTERROGATORY NO. 8:**

For any pregnancy identified in Interrogatory No. 7 that did not result in a live birth, identify what You understand was the reason(s) for the pregnancy not resulting in a live birth and the basis for that understanding, including, but not limited to, the name of any Provider on whom You base Your understanding.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Plaintiff also objects that this Interrogatory calls for expert testimony and for information not within Plaintiff's personal knowledge or understanding. Subject to objections, Plaintiff responds: Not applicable.

**INTERROGATORY NO. 9:**

Identify all reasons why You sought services at PFC.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory on the ground of Vagueness because the term "reasons" is vague or otherwise incomprehensible. (Objection on the ground of "Vagueness."). Subject to objections, Plaintiff responds that PFC came recommended by her mother's doctor and Plaintiff's business partner. Plaintiff also saw representations about PFC's services on its website, including claims regarding the qualifications of PFC's staff and the science behind the clinic's procedures. Plaintiff also understood that PFC used cutting-edge technology that would adequately protect her eggs.

**INTERROGATORY NO. 10:**

Identify the total number of children that You currently have, their ages, and whether any are Your biological children (i.e., conceived from Your own eggs or sperm).

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Subject to these objections, Plaintiff responds: Zero.

**INTERROGATORY NO. 11:**

With regard to any child identified in response to Interrogatory No. 10, state (i) whether that child was conceived with Assisted Reproductive Technology, and (ii) whether that child shares any genetic parentage with the Biological Material that You understand to have been stored in Tank 4 on March 4, 2018, or in any other location, and, if so, which genetic parent or parents are in common.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Subject to these objections, Plaintiff responds: Not applicable.

**INTERROGATORY NO. 12:**

Identify all of the Biological Material that You have cryopreserved at any time, whether at PFC or at another facility, the location(s) at which such Biological Material was cryogenically stored, the type and quantity of Biological Material stored at each location, and the dates on which the Biological Material was stored at each location.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Subject to these objections, and to the best of her understanding, Plaintiff responds Plaintiff stored approximately 9 eggs at PFC in San Francisco, CA, in or around August of 2016. Plaintiff also stored approximately 15 eggs at UCSF in San Francisco, CA, in or around April 2018.

**INTERROGATORY NO. 13:**

With regard to the Biological Material identified in Your response to Interrogatory No. 12, identify all attempts that You made to use such cryopreserved Biological Material to initiate a pregnancy and the dates of such attempts.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Subject to these objections, with respect to Biological Material stored at PFC, Plaintiff responds: None.

**INTERROGATORY NO. 14:**

Describe the outcome of all of the attempts to use Your Biological Material identified in Interrogatory No. 13, including, but not limited to, whether such attempt resulted in a pregnancy, miscarriage, or a live birth.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Plaintiff further objects that the term "pregnancy" is vague. Subject to these objections, Plaintiff responds: Not applicable.

**INTERROGATORY NO. 15:**

For any attempt to use Your Biological Material identified in Interrogatory No. 13 that did not result in a live birth, identify what You understand was the reason(s) for that result and the basis for Your understanding, including, but not limited to, the name of any Provider on whom You base Your understanding.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Plaintiff also objects that this Interrogatory calls for expert testimony and for information not within Plaintiff's personal knowledge or understanding. Subject to these objections, Plaintiff responds: Not applicable.

**INTERROGATORY NO. 16:**

State whether You have ever donated or discarded, or directed anyone to donate or discard, any cryogenically stored Biological Material.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory on the grounds of Privilege, Privacy, Relevance, and Harassment. Subject to these objections, Plaintiff responds that as to Biological Material stored

1 at PFC: No.

**INTERROGATORY NO. 17:**

Describe any emotional distress that You claim to have experienced as a result of the Incident.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this Interrogatory on the grounds of Privilege and Privacy. Subject to objections, Plaintiff responds she experienced the following psychological and emotional distress as a result of the Incident: suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame, anxiety, and depression.

**INTERROGATORY NO. 18:**

Identify any treatment, medical or otherwise, that You have received for any psychological or emotional distress that You claim to have experienced as a result of the Incident, including, but not limited to, the type of treatment, the dates of such treatment, the names of the Providers from whom You received such treatment, the name of any medications that You were prescribed in connection with such treatment, and the outcome of such treatment.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this Interrogatory on the grounds of Privilege and Privacy. Subject to objections, Plaintiff responds that, soon after the Incident, Plaintiff received therapy from psychologist Dr. Evelyn Weiser who recommended she take prescription medication to deal with the impact of the Incident. A few months after the Incident, Plaintiff then received psychotherapy treatment from psychiatrist Dr. Heather Warm, who prescribed her Zoloft. Presently, Plaintiff still is on Zoloft, which is now prescribed by her general doctor.

**INTERROGATORY NO. 19:**

Identify any medical diagnoses that You have received in connection with any psychological or emotional distress that You claim to have experienced as a result of the Incident, including, but not limited to, the date of such diagnoses, the name of the Provider(s) who made such diagnoses, and the name of any medications that You were prescribed in connection with such diagnoses.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects to this Interrogatory on the grounds of Privilege and Privacy. Subject to objections, Plaintiff responds that, a few months after the Incident, psychiatrist Dr. Heather Warm diagnosed Plaintiff with anxiety and prescribed her Zoloft.

**INTERROGATORY NO. 20:**

With regard to any Biological Material that You allege to have been stored in Tank 4 on March 4, 2018, identify all payments made for such storage, including the dates of payment.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this Interrogatory on the grounds that the information sought is available from other parties and/or is not within Plaintiff's possession, custody, or control. (Objection on the ground of "Custody."). Plaintiff responds Plaintiff paid approximately $600 for initial storage in or around August 2016 and approximately $600 for her second year of storage about a year later.

**INTERROGATORY NO. 21:**

Identify the total amount of expenses that You have incurred for any Fertility-Related Services identified in response to Interrogatory No. 4, including the dates on which you incurred such expenses.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to this Interrogatory on the grounds of Custody. Subject to objections, Plaintiff responds Plaintiff incurred approximately $11,000 in expenses in or around the summer of 2016 for fertility preservation services at PFC. Plaintiff also incurred approximately $12,000 in expenses in or around spring of 2018 for fertility preservation services at UCSF.

**INTERROGATORY NO. 22:**

Describe any damages to which You allege You are entitled based upon the claims alleged in the Action, including a detailed computation of all components of those damages.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff responds Plaintiffs, on behalf of themselves and the class, seek compensatory and punitive damages subject to proof. Plaintiffs' calculation of damages will depend on information

to be received from Defendant in discovery, as well as expert testimony. Plaintiffs, on behalf of themselves and the class, also seek injunctive relief in the form of a preliminary and permanent injunction against Defendants.

Dated: November 4, 2019      By: */s/ signature/*

Elizabeth J. Cabraser (State Bar No. 083151)
Lexi J. Hazam (State Bar No. 224457)
Sarah R. London (State Bar No. 267083)
Tiseme G. Zegeye (State Bar No. 319927)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008
ecabraser@lchb.com
lhazam@lchb.com
slondon@lchb.com
tzegeye@lchb.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR & KANE, A PROFESSIONAL LAW CORPORATION**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@pwcklegal.com
tcowan@pwcklegal.com

Dena C. Sharp (State Bar No. 245869)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
**GIRARD SHARP LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com

Eric H. Gibbs (State Bar No. 178658)
Dylan Hughes (State Bar No. 209113)
Steven M. Tindall (State Bar No. 187862)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94162
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com
smt@classlawgroup.com
amz@classlawgroup.com

*Counsel for Plaintiffs and Interim Class Counsel*

# VERIFICATION

I, E.F., verify subject to the penalty of perjury that the foregoing Objections and Responses to Defendant Chart's Interrogatories are true and correct to the best of my knowledge and belief.

Dated: 11/3/2019      By: ___[redacted signature]___

E.F.