UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 18-cv-01586-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 630, 633, 641, 646, 647, 669, 673, 688 |

Plaintiffs bring product liability and failure to recall claims against Chart Industries following a March 2018 incident involving a Chart-manufactured cryopreservation tank which was storing Plaintiffs' eggs and embryos. Chart's motion for summary judgment and the parties' motions to exclude various expert testimony are now pending before the Court. (Dkt. Nos. 628, 629, 631, 632.) In connection with these motions, the parties have filed numerous administrative motions to file portions of the briefing and exhibits thereto under seal. (Dkt. Nos. 630, 633, 641, 646, 647, 669, 673, 688.) For the reasons set forth below, these motions are GRANTED IN PART and DENIED IN PART.

**LEGAL STANDARD**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Examples of compelling reasons include "the use of court records for improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* "[S]ources of business information that might harm a litigant's competitive strategy" may also give rise to a compelling reason to seal,

*Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597 (1978), as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage, *see Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013).

The "compelling reasons" standard is a strict one. *Kamakana*, 447 F.3d at 1184. "An unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. Jun. 5, 2015) (quoting *Hodges v. Apple, Inc.*, No. 13–cv–01128–WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (internal citation and quotation marks omitted); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

In addition, parties moving to seal documents must comply with the procedures set forth in Civil Local Rule 79–5. The rule permits sealing only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). It requires the parties to "narrowly tailor" their requests only to the sealable material. *Id*. at 79–5(d). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. See *Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489 at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information). Whatever the basis, the court "must articulate [the] reasoning or findings underlying its decision to seal." *Apple Inc.*, 658 F.3d at 1162.

## DISCUSSION

The parties seek sealing of three categories of information: (1) Plaintiffs' names and identifying information (Dkt. No. 645); (2) non-party Pacific MSO's request for sealing of a single

2

line of Dr. Conaghan's deposition testimony (Dkt. No. 642); and (3) Chart's request for sealing of documents which "contain confidential information regarding Chart's business operations, processes, and functions." (*See, e.g.*, Dkt. No. 639 at 3; Dkt. No. 647 at 3; Dkt. No. 684 at ¶ 8.) Plaintiffs and Pacific MSO's requests for sealing are narrowly tailored to only seek sealing of confidential patient information. Accordingly, the administrative motions to seal the materials described in the declarations filed at Docket Nos. 642 and 645 are granted.

With respect to the material Chart seeks to file under seal, which includes large swaths of documents and expert reports, the requests for sealing are not narrowly tailored to only seek sealing of confidential information. Chart's generalized statement that exposure of "commercially sensitive business information would allow potential competitors to gain insight into how Chart conducts its operations and business relationships such that its business could be significantly and irreparable harmed" fails to satisfy the compelling reasons standard. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1179. The cases on which Chart relies are inapposite. *See, e.g.*, *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-CV-02787-WHO, 2017 WL 1508756, at *1, n.1 (N.D. Cal. Apr. 27, 2017) (granting motion to seal under the "good cause standard for sealing non-dispositive motions" not the compelling reasons standard at issue here); *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS, 2014 WL 12700984, at *1, n. 1 (N.D. Cal. Oct. 3, 2014) (same). In *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008), the Ninth Circuit considered a request for sealing of "pricing terms, royalty rates, and guaranteed minimum payment terms" in a licensing agreement which it held "plainly falls within the definition of 'trade secrets.'" Here, in contrast, Chart has not made a particularized showing with respect to any of the documents it seeks to file under seal nor has it argued that particular documents contain trade secret information.

Instead, Chart relies on a boilerplate assertion of competitive harm of the sort that courts routinely reject. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV01846 LHK PSG, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) ("Although Samsung recites boilerplate terms that this information is proprietary and confidential, it does not provide a particularized showing of how

this information would be detrimental if disclosed."); *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) ( "[a]n unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient."); *Welle v. Provident Life & Accident Ins. Co.*, No. 3:12–cv–3016 EMC (KAW), 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013) ("although [defendant] identifies the information at issue as proprietary and confidential, it does not provide reasons beyond the boilerplate references to competitive disadvantage if the information were publicly available."); *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. 12–cv–1971–CW, 2013 WL 4049686, at *1 (N.D. Cal. Aug. 8, 2013) (denying sealing where party "failed to state what harm [it] would experience if this material were publicly disclosed or to provide any specific reasons, supported by facts, that could outweigh the public policy favoring public access to court filings.").

Some of the information Chart seeks to file under seal may in fact be confidential, but its requests are overbroad. For example, while it contends that exhibits 42-46, 51, 54, 56-60, 62-64, 75-76, and 78 should be filed under seal in their entirety because the contents of the exhibits (emails) include pricing terms and purchase contracts, many of these exhibits are emails regarding customer product complaints or regarding issues that have arisen regarding Chart products. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178-79. Thus, while the pricing or contract information might be properly sealable, there is no basis for sealing these documents in their entirety.

With respect to the expert reports themselves, Chart seeks sealing of some in their entirety and large portions of others. For example, Chart seeks sealing of the Rebuttal Expert Report of Ronald Parrington in its entirety (Dkt. No. 674-7), all but the signature page of Dr. Kasbekar's Expert Report (Dkt. No. 674-8), and large portions of the Expert Report of John Cauthen (Dkt. No. 675-25), all with no explanation as to why the entire contents of their reports warrant sealing. *See In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 5709269, at *1 (S.D. Cal. Sept. 24, 2020) (denying motion to seal expert reports attached to a

4

1   *Daubert* motion because the "unsupported blanket assertion that the charts and graphs in [the
2   expert's] reports disclose 'competitively sensitive business information,' is insufficient to make
3   the particularized showing necessary to meet the 'compelling reasons' standard.").
4       Accordingly, the parties' administrative motions to seal are GRANTED IN PART and
5   DENIED IN PART.  They are granted as to the materials Plaintiffs and Pacific MSO seek to file
6   under seal as set forth in Docket Nos. 642 and 645.  Chart's requests for sealing are denied
7   without prejudice to renewal in a narrowly tailored form in accordance with this Order.  Any
8   renewed motion to seal is due by March 1, 2021 and must be accompanied by a chart which lists
9   not just the exhibit number, but the document title and docket number for each document.
10      This Order disposes of Docket Nos. 630, 633, 641, 646, 647, 669, 673, 688.
11      **IT IS SO ORDERED.**
12  Dated: February 18, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge