Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com

Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

*Counsel for Plaintiffs*

[Additional Counsel on Signature Page]

Marc G. Cowden
Adam Stoddard
**SHEUERMAN, MARTINI, TABARI,
ZENERE & GARVIN**
A Professional Corporation
1033 Willow Street
San Jose, California 95125
(408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

John J. Duffy
Kevin M. Ringel
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com

*Counsel for Defendant Chart Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  Hon. Jacqueline Scott Corley |

Pursuant to Local Rule 16-10(d), the parties provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for February 24, 2021.

## I.      DEVELOPMENTS SINCE LAST STATUS CONFERENCE

Since the last case management conference, the parties have completed their *Daubert* and summary judgment briefing and continue with trial preparation. The parties have also begun discovery relating to the first Additional Case in accordance with this Court's Order Regarding Additional Trials. Dkt No. 620.

The parties have continued to confer regarding a plan for alternative dispute resolution and trial format. As is reflected below, while the parties have agreed on an ADR plan, the parties have differing views on trial format. Plaintiffs request that trial proceed in May using remote means if necessary. Chart requests an in person trial.

## II.     TRIAL DATE AND FORMAT

The parties have met and conferred regarding the upcoming trial date in May 2021.

***Plaintiffs' position.*** The only alternative to a remote trial in May is indefinite delay. Nearly a year into the pandemic, the entire Bay Area is still in the "purple" tier and an overwhelming majority of the population still awaits vaccination. *Tracking COVID-19 in California*, https://covid19.ca.gov/state-dashboard/ (Feb. 16, 2021). Plaintiffs understand that once in-person jury trials resume, the Northern District of California plans to hold no more than three jury trials at a time, with one trial per courthouse. With such limited courtroom space, in-person civil jury trials will surely face further delays, as they are "parked behind a long line of criminal jury trials which will necessarily have greater claim to available courtroom access." *See Kieffaber v. Ethicon, Inc.*, No. CV 20-1177-KHV, 2021 WL 425822, at *2 (D. Kan. Feb. 8, 2021).

Ordinarily, a party seeking a continuance must show that delay is warranted and that they would be prejudiced if the trial were to proceed as scheduled. *See United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (citation omitted). Chart has thus far made no showing of prejudice associated with a remote jury trial. Plaintiffs, in contrast, will be prejudiced if the trial does *not* proceed as scheduled, because any delay is likely indefinite. "Justice delayed is justice denied, the saying goes." *Schroeder v. City of Chicago*, 927 F.2d 957, 960 (7th Cir.1991). "Rule 1 of the Federal Rules of Civil Procedure

1   commands this Court *and* the parties to utilize the Rules to 'secure the just, speedy and inexpensive

2   determination of every action and proceeding.' Under present conditions, [a remote trial] appears to be

3   the best we can do. Fairness and the law dictate nothing less." *Flores v. Town of Islip*, No. 18-cv-3549-

4   GRB-ST, 2020 WL 5211052, at *3 (E.D. N.Y. Sept. 1, 2020) (quoting Fed. R. Civ. P. 1). Plaintiffs have

5   already waited nearly three years for their day in court, and delay of this first trial will inevitably delay

6   resolution of the proceedings.

7       While plaintiffs recognize that the Court is inclined to require the parties' mutual consent to a

8   remote trial, the Court has the authority to compel a trial by videoconference, even over objections. That

9   authority "derives from Federal Rules of Civil Procedure 77(b) and 43(a)." *Gould Elecs. Inc. v.*

10  *Livingston Cty. Rd. Comm'n*, 470 F. Supp. 3d 735, 738 (E.D. Mich. 2020). Rule 43 allows remote

11  testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ.

12  P. 43(a). And Rule 77(b) provides that "[e]very trial on the merits must be conducted in open court and,

13  so far as convenient, in a regular courtroom." Fed. R. Civ. P. 77(b). As *Gould* explained, remote trials

14  satisfy the "open court" requirement, and "the tenor of Rule 77(b)—as evidenced by the phrase 'so far as

15  convenient'—is the allowance for flexibility in conducting trials in non-traditional ways when

16  exigencies make traditional procedures impracticable." 470 F. Supp. 3d at 738.

17      A growing number of district courts have held that the pandemic presents compelling

18  circumstances under Rule 43, ordering jury trials to proceed remotely over a party's objection. *See e.g.*,

19  *Kieffaber*, 2021 WL 425822, at *1-2 (ordering remote jury trial using protocols "successfully pioneered

20  in the Western District of Washington"); *Guardant Health, Inc. v. Found. Med., Inc.*, No. CV 17-1616-

21  LPS-CJB, 2020 WL 6120186, at *1-4 (D. Del. Oct. 16, 2020) (hybrid with parties and witnesses remote,

22  jurors in person). Even more courts have ordered bench trials to proceed remotely over objection, under

23  the same analysis. *See, e.g.*, *Flores*, 2020 WL 5211052, at *3; *Gould*, 470 F. Supp. 3d at 741; *Argonaut*

24  *Ins. Co. v Manetta Enters., Inc.*, 2020 WL 3104033, at *2 (E.D. N.Y. June 11, 2020). The parties

25  anticipate a two-week trial, which is not too long or complicated to hold remotely. *See Kieffaber*, 2021

26  WL 425822, at *3 (two-week trial "easily falls within the heartland of cases that are amenable to remote

27  trial proceedings," and complex scientific testimony may be *more* effective via video than in person,

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:18-CV-01586-JSC

where jurors will be "masked (maybe double-masked), wearing face shields, socially distanced by six to 12 feet and separated by plexiglass from counsel and other jurors").

Plaintiffs are mindful that preparation for the District's first remote civil jury trial will require a substantial commitment of Court time and resources, and plaintiffs' counsel and their staffs are prepared to devote the time and resources to ensure the trial is a success. One option, following the example of other courts, would be to appoint a Zoom Trial Special Master or other neutral party for special designated technology support. *See, e.g., D.M. v. Wesley Medical Center*, No. CV 18-2158-KHV, 2021 WL 168925, at *1-2 (D. Kan. Jan. 19, 2021); *Flores*, 2020 WL 5211052, at *3. Committing to a remote trial now would be the best course, because "even if the pandemic environment seems to be improving, on the surface, the Court cannot wait until the last minute or even defer the question whether an in-person trial can safely occur" in a few months. *Kieffaber*, 2021 WL 425822, at *5 (ordering on February 8 that trial on April 19 proceed remotely). As the court in *Kieffaber* concluded:

> The Court will not make the parties wait another unknown number of months (possibly years) until it is safe to resume in-person jury trials and the District's pandemic backlog (an ever-growing backlog) of criminal jury trials has been cleared—particularly when it is possible to conduct a remote jury trial in a manner that ameliorates each of defendants' objections and satisfies Rules 77(b) and 43(a).

*Id.*

### Chart's Position.

Chart objects to Plaintiffs' inclusion of the position statement above as Chart believes it is inappropriate in the case management statement and would be appropriate for a joint letter brief, which was never discussed between the parties.  Subject to and without waiving its objection, Chart includes the following brief statement of its objection to a remote trial, and will be prepared to address this issue with the Court at the CMC and by letter brief if requested.

Chart objects to conducting a remote Zoom trial.  Contrary to Plaintiffs' claims, a short continuance in the trial date does not equate to an "indefinite delay."  In-person jury trials are resuming around the country, and Chart expects that an in-person jury trial in this matter will be feasible in short order and in 2021. The prejudice Plaintiffs claim by a five or six month delay will be vastly outweighed by the prejudice Chart will sustain if forced to proceed with a remote Zoom trial over its objection.

Further, this first trial is merely the first in line for 150+ cases in this matter. If compelled by the Court, a remote Zoom trial in May 2021 would be conducted entirely under objection by Chart and Chart would not view the remote Zoom trial as having any representative value in assisting with resolution for the 150+ remaining cases outstanding. As such, proceeding with a remote Zoom trial over Chart's objection would not only deprive Chart of its right to an in-person jury trial and tie up the parties in a timely and costly appeal, but it would do nothing to move toward resolution the broader universe of cases.

The Court provided clear guidance on this issue at the last conference: "But the main thing is, a jury trial, the jury would have to be virtual – right? – because that's the biggest risk. That's the biggest risk. And so I just – so that's all I would say, is the jury would have to be virtual. The parties all would have to agree a hundred percent to that. And then I'd have to inquire. And what's different about this case, too, is that it's a long trial, and so I don't know that they'd be willing to do it. But I certainly would be happy to ask and inquire once there was agreement from the parties that they would do it if allowed to do so." (Trans. of Proceedings Jan. 20, 2021 at 12-13)

As stated above, Chart does not agree to proceed with a remote Zoom trial. Chart will be prepared to address this issue at the case management conference and submit a formal letter brief on this issue if requested.

## III.   ADDITIONAL CASES

With respect to the first Additional Case (November 8, 2021 trial), the parties have commenced discovery in accordance with the case schedule. Dkt. No. 620. Plaintiffs in the first Additional Case have provided Chart with their PFC medical records; on February 22, 2021, Chart requested signed medical record authorizations for additional providers in order to obtain a complete set of the plaintiffs' medical records, and Plaintiffs anticipate returning executed copies shortly.

With respect to the second Additional Case (April 11, 2022 trial), the parties have selected Plaintiffs and submitted a case schedule for Court approval.

## IV.   ARBITRATION PROCEEDINGS

The approximately 200 arbitrations subject to a coordination protocol have initiated, a schedule has been entered, and the cases are proceeding.

## V.     ADR UPDATE

In accordance with the Court's guidance at the last case management conference, the parties have conferred regarding a plan for alternative dispute resolution. The parties have agreed to proceed with private mediation before Michael G. Ornstil with JAMS San Francisco.

*        *        *

The parties request that the Court hold another status conference at the Court's convenience in late-March, with a further joint case management statement to be submitted prior to the conference.

Dated: February 23, 2021                         **GIRARD SHARP LLP**

By: _  /s/ Dena C. Sharp_____

Dena C. Sharp (State Bar No. 245869)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com

Eric H. Gibbs (State Bar No. 178658)
Dylan Hughes (State Bar No. 209113)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE &
CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058

awolf@peifferwolf.com
tcowan@peifferwolf.com

*Plaintiffs' Counsel*

Dated: February 23, 2021

By:  */s/ Kevin M. Ringel*
Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI,**
**ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com

*Counsel for Defendant Chart, Inc.*

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Dena C. Sharp attest that concurrence in the filing of this document has been obtained.

Dated: February 23, 2021

*/s/ Dena C. Sharp*
Christina (Dena) C. Sharp

6
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:18-CV-01586-JSC