John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC |
| | **DEFENDANT'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| This Document Relates to:<br>Case No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | **N.D. Cal. Local Rules 7-11 and 79-5** |
| | Judge: Hon. Jacqueline Scott Corley |
| | No Hearing Set Pursuant to L.R. 7-11(c) |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL FOR RECORD:**

PLEASE TAKE NOTICE that Chart Inc. will and does hereby move the Court, pursuant to Civil Local Rule 79-5 and this Court's Order entered February 18, 2021 (ECF No. 691), for an administrative order to file the following documents or portions thereof under seal:

- Certain exhibits to the Declaration of Amy M. Zeman in Support of Plaintiffs' Motion to Exclude Experts, including:
  - Exhibit 1 – Expert Report of Eldon Leaphart dated November 6, 2020;
  - Exhibit 2 – Excerpts from the Deposition of Eldon Leaphart on November 18, 2020;
  - Exhibit 7 – Supplemental Expert Report of Franklin Miller dated November 20, 2020;
  - Exhibit 8 – Excerpts from the Deposition of Franklin Miller dated December 1, 2020; and
  - Exhibit 9 – Second Rebuttal Report of Franklin Miller dated December 11, 2020.
- Certain exhibits to the Declaration of Kevin M. Ringel in Support of Chart's Motion for Summary Judgment, including:
  - Exhibit A – Supplemental Expert Report Franklin Miller dated November 20, 2020; and
  - Exhibit D – Expert Report of Anand Kasbekar dated November 6, 2020.
- Certain exhibits to the Declaration of Kevin M. Ringel in Support of Chart's Motion to Exclude Plaintiffs' Experts Kasbekar and Wininger, including:
  - Exhibit A – Expert Report of Anand Kasbekar dated November 6, 2020;
  - Exhibit B – Expert Rebuttal Report of Anand Kasbekar dated December 4, 2020;
  - Exhibit C - Deposition of Anand Kasbekar dated December 13, 2019;
  - Exhibit D - Deposition of Anand Kasbekar dated November 25, 2020;
  - Exhibit E - Deposition of Anand Kasbekar dated December 15, 2020;

- Exhibit H – Expert Report of Franklin Miller dated November 20, 2020;
- Exhibit I – Expert Rebuttal Report of Franklin Miller dated December 11, 2020;
- Exhibit J - Deposition of Franklin Miller dated December 14, 2020; and
- Exhibit K – Expert Rebuttal Report of Ron Parrington dated December 8, 2020.

➢ Declaration of Kevin M. Ringel in Opposition to Plaintiffs' Motion to Exclude Chart's Experts, including:
- Exhibit H – Deposition of Eldon Leaphart dated November 18, 2020; and
- Exhibit K – Deposition of Franklin Miller dated December 1, 2020.

➢ Declaration of Amy M. Zeman in Opposition to Chart's Motion to Exclude Plaintiffs' Experts and Motion for Summary Judgment, including:
- Exhibit 1 – Expert Report of Anand Kasbekar dated November 6, 2020;
- Exhibit 2 – Expert Report of Eldon Leaphart dated November 6, 2020;
- Exhibit 5 – Expert Report of Franklin Miller dated November 20, 2020;
- Exhibit 6 – Expert Report of Ron Parrington dated November 6, 2020;
- Exhibit 7 – Excerpts from the Deposition of Anand Kasbekar dated November 25, 2020;
- Exhibit 9 – Excerpts from the Deposition of Ron Parrington dated November 16, 2020;
- Exhibit 10 – Assembly Drawing of Chart MVE Tank, produced by Chart in this action bearing the Bates stamp CHART070444;
- Exhibit 12 – Expert Rebuttal Report of Ronald Parrington dated December 4, 2020;
- Exhibit 13 – Expert Rebuttal Report of Anand Kasbekar dated December 4, 2020;
- Exhibit 35 - Excerpts from the Deposition of Chart and Jeff Brook dated January 23, 2020;
- Exhibit 41 - Excerpts from the Deposition of Justin Junnier dated January 14, 2020;

- Exhibit 42 - an email exchange between Chart field service engineers produced by Chart in this action bearing the Bates stamp CHART034331-33;
- Exhibit 43 - an email exchange produced by Chart in this action bearing the Bates stamp CHART051322-30;
- Exhibit 44 - an email exchange produced by Chart in this action bearing the Bates stamp CHART062204-13;
- Exhibit 45 - an email exchange produced by Chart in this action bearing the Bates stamp CHART070695-701;
- Exhibit 46 - email exchange produced by Chart in this action bearing the Bates stamp CHART008310-20.
- Exhibit 51 - an email exchange produced by Chart in this action bearing the Bates stamp CHART004576-79;
- Exhibit 54 - an email exchange produced by Extron in this action bearing the Bates stamp EXTRON-000225-30;
- Exhibit 56 - an email exchange produced by Chart in this action bearing the Bates stamp CHART008978-79;
- Exhibit 57 - an email exchange produced by Chart in this action bearing the Bates stamp CHART004150-51;
- Exhibit 58 - an email exchange produced by Chart in this action bearing the Bates stamp CHART017944-47;
- Exhibit 59 - an email exchange produced by Chart in this action bearing the Bates stamp CHART038721-25;
- Exhibit 60 - an email exchange produced by Chart in this action bearing the Bates stamp CHART002854-55;
- Exhibit 61 - Excerpts from the Deposition of Brendon Wade dated February 20, 2020;
- Exhibit 62 - an email exchange produced by Chart in this action bearing the Bates stamp CHART028403-5;

- Exhibit 63 - an email exchange produced by Chart in this action bearing the Bates stamp CHART020048-53;
- Exhibit 64 - an email exchange produced by Chart in this action bearing the Bates stamp CHART007923-25;
- Exhibit 75 - an email exchange produced by Chart in this action bearing the Bates stamp CHART015541-43; and
- Exhibit 76 - an email exchange produced by Chart in this action bearing the Bates stamp CHART058287-93.

Chart files this motion to comply with the Second Amended Stipulated Protective Order (ECF No. 596) and Civil Local Rule 79-5. Pursuant to Civil Local Rules 79-5 and 7-11(c), no hearing date has been set.

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 US. 589, 597 (1978). A party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Examples of compelling reasons include "the use of court records for improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. "[S]ources of business information that might harm a litigant's competitive strategy" may also give rise to a compelling reason to seal, *Nixon v. Warner Comm'cns, Inc*., 435 US. 589, 597 (1978), as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage, *see Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214 (Fed. Cir. 2013).

Chart submits confidentiality designations narrowly tailored to cover only Chart's business operations, processes, and functions. The designations are set forth in the Declaration of Kevin M. Ringel in Support of Chart's Amended Motion to Seal. Each of these documents were designated by Chart as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Second Amended Stipulated Protective Order (ECF No. 596). Chart's request for sealing generally covers two categories of documents: expert reports and testimony; and emails between Chart personnel

and/or Chart customers. The information set forth in the expert reports and deposition transcripts primarily relates to the design, manufacture, assembly, and use of Chart's products. The emails contain sensitive information regarding Chart's internal operations, policies, distributors, and end users. Additionally, the emails also contain information regarding specific purchase orders and warranty requests.

  Compelling cause exists for sealing the documents set forth in the Ringel Declaration in Support of this Amended Motion. *See Nixon,* 435 U.S. at 597.  The documents sought to be sealed contain the confidential, proprietary information of Chart, such as the design, manufacture, assembly, and operation of Chart's cryogenic tanks and TEC 3000 controller; Chart's internal operations and customer support; and Chart's distributors and end users. This information is not publicly available and Chart makes every effort in the ordinary course of business to keep this information confidential. Chart operates its business in highly competitive market and the release of the information related to Chart's design and manufacturing processes could potentially be used by Chart's competitors to its detriment. Moreover, disclosure of commercially sensitive business information set forth in the emails would allow potential competitors to gain insight into how Chart conducts its operations and business relationships such that its business could be significantly and irreparably harmed.

  Pursuant to Civil Local Rule 79-5(d)(1), the following attachments accompany this motion:

1. The Declaration of Kevin M. Ringel in Support of Chart's Amended Administrative Motion to Seal;
2. A proposed order that lists each document and portion thereof sought to be sealed;
3. Redacted and unredacted versions of the exhibits to the Declaration of Amy M. Zeman in Support of Plaintiffs' Motion to Exclude  Chart's Experts;
4. Redacted and unredacted versions of the exhibits to the Declaration of Kevin M. Ringel in Support of Chart's Motion for Summary Judgment;
5. Redacted and unredacted versions of the exhibits to the Declaration of Kevin M. Ringel in Support of Chart's Motion to Exclude Kasbekar and Wininger;

6. Redacted and unredacted versions of the exhibits to the Declaration of Kevin M. Ringel in Opposition to Plaintiffs' Motion to Exclude Chart's Experts; and

7. Redacted and unredacted versions of the exhibits to the Declaration of Amy M. Zeman in Opposition to Chart's Motions to Exclude Kasbekar, Wininger, and Grill and to Motion for Summary Judgment.

Dated: March 1, 2021

Respectfully submitted,

By: /s/ Kevin M. Ringel
John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021 I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

Dated: March 1, 2021                                  Respectfully submitted,

                                                   By: /s/ _Margaret C. Redshaw_____

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*