John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S MOTION *IN LIMINE* NO. 2: REPTILE THEORY**<br><br>Date:	April 29, 2021<br>Time:	2:00 p.m.<br>Judge:	Hon. Jacqueline Scott Corley<br>Place:	Zoom |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on April 29, 2021, at 2:00 p.m. before the Honorable Jacqueline Scott Corley, Defendant Chart Inc. will and does hereby move the Court for an order in *limine* barring Plaintiffs and their counsel from offering any testimony, argument, suggestion, evidence, statement, inference, innuendo, or any other indication consistent with the "Golden Rule" and its equivalent, the "Reptile Theory." This motion is made following the conference of counsel pursuant to Local Rule 7-3.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Kevin M. Ringel, pleadings and other documents on file in this action, any oral or documentary evidence or argument as may be requested by the Court, and any other information the Court deems proper and necessary.

Dated: April 2, 2021

Respectfully submitted,

By: /s/ _Kevin M. Ringel_____
John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs allege that, on March 4, 2018, they sustained injuries as a result of an incident involving a cryogenic tank (Tank 4), manufactured by Chart, at Pacific Fertility Center (PFC). Tank 4 contained Plaintiffs' eggs and embryos. On that date, the PFC laboratory director, Dr. Joseph Conaghan, discovered that Tank 4 had lost liquid nitrogen. Plaintiffs' theory is that a defect existed in Tank 4, which consequently created a crack in the interior weld that allowed liquid nitrogen to leak out of the tank overnight. Plaintiffs' contend that, as a result, the temperature of Tank 4 increased and compromised their eggs and embryos. The issues for the jury to decide are whether Chart was negligent in manufacturing and design Tank 4, whether that conduct proximately caused Plaintiffs' alleged injuries, and what those injuries were.

Chart anticipates that Plaintiffs' counsel may seek to engage in questioning, argument, and/or attempt to elicit testimony regarding the "Golden Rule" or its equivalent, the "Reptile Theory." If permitted, it is expected that counsel may do so during *voir dire*, opening statement, direct and cross examination of witnesses, and closing argument.

Golden Rule arguments are those designed to encourage the jury to depart from its role of impartiality and step into the shoes of the litigation. *Cassim v. Allstate Ins. Co*., 33 Cal.4th 780 (2004). The tactic known as the "Reptile Theory," first popularized by David Ball and Don Keenan in 2009, is routinely practiced by plaintiff attorneys during depositions and trials. The reptile strategy relies on manipulation of the jury's "primitive instincts of safety and self-preservation" to condition the jury in favor of the plaintiff. As explained by Ball and Keenan in their book, *Reptile: The 2009 Manual of the Plaintiff's Revolution* (Balloon Press 2009):

> Once you have established the community danger of the defendant's act or omission, you are most of the way to waking up the Reptile. The Reptile does not fight dangers unless you also show how the dangers can be meliorated. You must convey to jurors that they are in charge of the level of required safety in this community, and that by means of their verdict they have great power—even in small cases—to effect it. "You are the guardians of the community." Justice enables them to protect. (*Id.* at 38-39).

According to the theory, once jurors perceive that a safety rule has been broken by the defendant, jurors will adjudicate the case based on fear and speculation rather than a review of the evidence, leading them to award damages to the Plaintiff to protect themselves and society as a survival instinct. This strategy is simply a veiled Golden Rule argument and, therefore, is improper.

## II.  LEGAL STANDARD

The Court has the inherent power to grant a motion *in limine*, in advance of trial, to exclude evidence that could be objected to at trial. *Luce v. U.S.*, 469 U.S. 38, 41, n.4 (1984). The Court may exercise broad discretion to grant a motion *in limine* to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Id.*, at 40 n.2. A motion *in limine* can also be brought to limit the scope of a party's argument. *See 350 W.A. LLC v. Chubb Group of Ins.*, 2007 WL 4365502, at *17-18 (S.D. Cal., Dec. 5, 2007, No. 05CV75WQHCAB) (granting a motion *in limine* to limit evidence and argument). The purpose of a motion *in limine* is to avoid the futile attempt to "unring the bell" when highly prejudicial evidence is offered and then stricken at trial. *See McEwen v. City of Norman, Okla.*, 926 F.2d 1539, 1548 (10th Cir. 1991); *see also* FRE 103(c) and 104(c) (allowing the Court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury).

## III.  ARGUMENT

Evidence elicited through Golden Rule and Reptile Theory inquiries must be excluded as unduly prejudicial. "Golden rule" arguments create passion and prejudice against the defendant. Once the jurors have an adversary, their natural urge to punish surfaces, depriving the defendant of its right to have the jury fairly consider the evidence. This strategy is strictly intended to cajole or coerce the jury. California courts have determined that such arguments are impermissible. *Id.* at 797; *see U.S. v. St. Marks*, 460 Fed.Appx. 682, 683 (9th Cir. 2011); *see also Pawlowski v. GE Realprop, L.P.*, 2019 WL 5693511, at *1 (Cal. Super. Sept. 21, 2019).

The "Reptile Theory" is nothing more than an attempt to circumvent the "Golden Rule." The Reptile Theory seeks to have jurors decide a case not on the evidence presented, but rather on potential harms and losses that could have occurred within the community, which includes each

juror and their family member. The danger of these arguments is in the misrepresentation of the applicable standard of care and manipulating the jury into making decisions based on anxiety and fear rather than on evidence. There is overwhelming California law and authority to bar such "Reptile Theory" arguments. *Desautels v. Kaiser Foundation Health Plan, Inc.*, 2019 WL 5680670, at *2 (Cal. Super. Oct. 21, 2019) (precluding Reptile Theory); *Luo v. Rodriguez*, 2019 WL 3246680, at *1 (Cal. Super. June 11, 2019) (precluding "any and all evidence and argument based on the 'Reptile Theory' including but not limited to evidence and argument that the defendants' acts and/or omissions were 'not the safest'"); *Bowman v. Bukata*, 2019 WL 4854907, at *1 (Cal. Super. June 10, 2019) (precluding reptile tactics); *Garcia v. Gray*, 2019 WL 3246684, at *1 (Cal. Super. June 4, 2019) (same); *Reyes v. Pick Up Stix*, 2019 WL 4737911, at *1 (Cal. Super. May 28, 2019) (same).

As set forth above, Golden Rule and Reptile Theory tactics have long been held improper. Moreover, if such conduct is not addressed preemptively, Chart will suffer prejudice when their counsel is required to make objections to reptile tactics at trial. As acknowledged by Ball and Keenan, when a defense attorney is required to object to reptile tactics at trial, the purpose of the strategy is nonetheless fulfilled because the objection alone "will imply there's something to hide." (*Reptile*, p. 58). For these reasons, the Court must prospectively bar Plaintiffs and their attorneys from engaging in this type of inappropriate and misleading conduct.

## IV. CONCLUSION

WHEREFORE, Defendant Chart, Inc. respectfully requests this Honorable Court enter an order *in limine* barring Plaintiffs from offering any testimony argument, suggestion, evidence, statement, inference, innuendo or any other argument consistent with the "Golden Rule" and "Reptile Theory," and for any other relief this Honorable Court may deem equitable and just.

Dated: April 2, 2021                    Respectfully submitted,

By: /s/ Kevin M. Ringel

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*

Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

*Plaintiffs' counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Master Case No. 3:18-cv-01586-JSC<br><br>**PLAINTIFFS' OPPOSITION TO CHART'S MOTION IN LIMINE NO. 2: REPTILE THEORY**<br><br>Pretrial Hearing: April 29, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jacqueline S. Corley<br>Place: Courtroom F, 15th Floor<br><br>Trial Date: May 20, 2021 |

## INTRODUCTION

Chart's second motion in limine, like its others, seeks to limit Plaintiff's jury presentation at an impermissibly high level of generalization: here, any concept found in *an entire book*. Plaintiffs have no plan to ask jurors to put themselves in Plaintiffs' shoes, nor veer from the bounds of professionalism and permissible argument during trial. Plaintiffs, however, cannot speak to Chart's characterizations of the contents of *Reptile: The 2009 Manual of the Plaintiff's Revolution* or of any theory or strategy found in it. Even if not viewed by reference to the *Reptile* book, however, Chart's motion is simply "too broad and hypothetical to provide the springboard for any sort of meaningful pretrial ruling by the Court." *See Manion v. Americ-Can Freight Sys., Inc.*, 2019 WL 3718951, at *6–7 (D. Ariz. Aug. 7, 2019).

## ARGUMENT

As a threshold matter, Chart's motion is wrong that state law governs its request. "The propriety of an argument is a matter of federal trial procedure under *Byrd v. Blue Ridge Electric Co-op, Inc.*, 356 U.S. 525 (1958), and, therefore, in a diversity case, subject to federal rather than state law." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 275 (5th Cir. 1998). And federal courts confronted with "reptile theory" motions have overwhelmingly refused to circumscribe the bounds of a plaintiff counsel's argument in the way Chart requests. *See, e.g.*, *Baxter v. Anderson*, 277 F. Supp. 3d 860, 862–63 (M.D. La. 2017); *Aidini v. Costco Wholesale Corp.*, 2017 WL 10776082, at *1 (D. Nev. Apr. 12, 2017); *McNally v. Riis*, 2020 WL 209141, at *7 (S.D. Cal. Jan. 14, 2020); *Gannon v. Menard, Inc.*, 2019 WL 7584294, at *4–5 (S.D. Ind. Aug. 26, 2019).

As the court observed in *Baxter*, final arguments "must be forceful" and courts accordingly permit "reasonable latitude in counsel's final arguments" to allow for "effective representation of the client's interests." *Baxter*, 277 F. Supp. 3d at 862 (citations omitted); *see also Dorman v. Anne Arundel Med. Ctr.*, 2018 WL 2431859, at *6 (D. Md. May 30, 2018), *aff'd sub nom. Dorman v. Annapolis OB-GYN Assocs., P.A.*, 781 F. App'x 136 (4th Cir. 2019) ("At this time the Court does not find a need to classify any potential future argument as 'reptilian' or inappropriate, especially because counsel's arguments to the jury are permitted a significant degree of latitude.").

Here, Chart's unwieldy request for a blanket and nebulous pretrial ruling is both premature and unnecessary. "Defendants give the Court nothing objective to consider in deciding what language, phrases or evidence the Court should deem improper" and instead "complain about amorphous and ill-defined concepts rather than specific evidence which they believe Plaintiff[s] will introduce or arguments which they believe Plaintiff[s] might make." *Manion v. Americ-Can Freight Sys. Inc.*, 2019 WL 3718951, at *5–6 (D. Ariz. Aug. 7, 2019) (citing *Baxter*, 277 F. Supp. 3d at 863). As a result, "[t]he Court is being asked to rule on abstract and generalized hypotheticals." *Id.*; *see also Gannon*, 2019 WL 7584294, at *4–5 (S.D. Ind. Aug. 26, 2019) ("The topic is not appropriate to be ruled upon" where "the defendant has requested that plaintiff be prohibited from trying his case according to a general 'theory.'"); *Dorman*, 2018 WL 2431859, at *6 ("[T]his motion is premature and presents vague challenges to Plaintiffs' style of argument rather than to any evidence that Plaintiffs intend to introduce.").

Moreover, this motion should be denied as moot because "there has been no indication that Plaintiffs' counsel intends to engage in such tactics." *DeRuyver v. Omni La Costa Resort & Spa, LLC*, 2019 WL 1097490, at *3–4 (S.D. Cal. Mar. 8, 2019); *see also Aidini*, 2017 WL 10775082, at *1 ("I will not issue a blanket pretrial ruling based on nothing more than Costco's suspicion that there are snakes lurking in the grass") (and other great puns); *Walden v. Maryland Cas. Co.*, 2018 WL 6445549, at *2–3 (D. Mont. Dec. 10, 2018) ("The Court will not categorically prohibit a form of trial strategy, particularly given the absence of any reason to believe that reptile theory is likely to rear its head here (or that the Court would be able to identify it if it did).").

Because Chart's arguments "are far too broad and nebulous to rule on at this time," the Court should deny its motion and "consider the permissibility of specific statements at trial and exclude them if they are impermissible." *McNally*, 2020 WL 209141, at *7. "If Defendant believes a particular line of questioning or argument by Plaintiff's counsel during trial is improper, it should object at that time." *Gannon*, 2019 WL 7584294, at *4–5; *see also Hodgson v. Wisconsin Cent. Ltd.*, 2020 WL 3251187, at *8 (W.D. Wis. June 16, 2020).

## CONCLUSION

For the foregoing reasons, Chart's second motion in limine should be denied.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: April 15, 2021 | Respectfully submitted, |
| 3 | | By:  /s/ Amy M. Zeman |
| 4 | | Eric H. Gibbs (State Bar No. 178658) |
| 5 | | Amy M. Zeman (State Bar No. 273100) |
| | | **GIBBS LAW GROUP LLP** |
| 6 | | 505 14th Street, Suite 1110 |
| | | Oakland, CA 94612 |
| 7 | | Tel: (510) 350-9700 |
| 8 | | Fax: (510) 350-9701 |
| | | ehg@classlawgroup.com |
| 9 | | amz@classlawgroup.com |
| 10 | | Dena C. Sharp (State Bar No. 245869) |
| 11 | | Adam E. Polk (State Bar No. 273000) |
| | | Nina R. Gliozzo (State Bar No. 333569) |
| 12 | | **GIRARD SHARP LLP** |
| 13 | | 601 California Street, Suite 1400 |
| | | San Francisco, CA 94108 |
| 14 | | Tel: (415) 981-4800 |
| | | Fax: (415) 981-4846 |
| 15 | | dsharp@girardsharp.com |
| 16 | | apolk@girardsharp.com |
| | | ngliozzo@girardsharp.com |
| 17 | | |
| 18 | | Adam B. Wolf (State Bar No. 215914) |
| | | Tracey B. Cowan (State Bar No. 250053) |
| 19 | | **PEIFFER WOLF CARR KANE &** |
| | | **CONWAY, APLC** |
| 20 | | 4 Embarcadero Center, Suite 1400 |
| | | San Francisco, CA 94111 |
| 21 | | Tel: (415) 766-3545 |
| 22 | | Fax: (415) 402-0058 |
| | | awolf@peifferwolf.com |
| 23 | | tcowan@peifferwolf.com |
| 24 | | *Plaintiffs' Counsel* |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

3

PLTFS' OPPOSITION TO CHART'S MOTION IN LIMINE NO. 3: INSURANCE POLICY
MASTER CASE NO. 3:18-cv-01586-JSC