Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

*Plaintiffs' counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Master Case No. 3:18-cv-01586-JSC<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 5: OFFERS TO PAY MEDICAL EXPENSES**<br><br>Pretrial Hearing: April 29, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jacqueline S. Corley<br>Place: Courtroom F, 15th Floor<br><br>Trial Date: May 20, 2021 |

1  In the wake of the March 4th incident at the Pacific Fertility Center (PFC), the clinic offered to provide free medical services to affected patients. For instance, if a patient wanted to attempt to use their Tank 4 embryos despite the long odds and unknown risks associated with doing so, PFC would provide a frozen embryo transfer for that patient free of charge. (*See* Trial Ex. 330 at 2.) Or if a patient wanted to attempt to replace eggs she had frozen for fertility preservation, PFC would perform another egg retrieval procedure for that patient free of charge. (*See* Trial Ex. 369.) PFC additionally provided affected patients with five years of storage free of charge.

PFC's offers are inadmissible under Rule 409 of the Federal Rules of Evidence, which prohibits the use of "[e]vidence of furnishing, promising to pay, or offering to pay medical, hospital, or similar expenses resulting from an injury … to prove liability for the injury." As the Advisory Committee Notes on Rule 409 explain, an offer to pay the expenses of an injured party is "usually made from humane impulses and not from an admission of liability." To allow those offers to be used in court would only discourage those humane impulses.

Trial Exhibits 324, 330, 353, 369, 372, 373, 411, 424, and 534 each contain evidence that PFC furnished, promised to pay, or offered to pay medical expenses resulting from the March 4th incident. Plaintiffs respectfully request that Chart be precluded from entering any of these exhibits into evidence, and that Chart be precluded from inquiring about PFC's offers to pay at trial or from referencing PFC's offers in any manner.

Dated: April 15, 2021

Respectfully submitted,

By: ___/s/ Amy M. Zeman___

Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

*Plaintiffs' Counsel*

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5: OFFERS TO PAY MEDICAL EXPENSES**<br><br>Hearing: April 29, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jacqueline Scott Corley<br>Place: Courtroom F, 15th Floor<br>Trial: May 20, 2021 |

## I. INTRODUCTION

Plaintiffs' motion *in limine* No. 5 requests the Court to exclude specific Trial Exhibits (identified as 324, 330, 353, 369, 372, 373, 411, 424, 534[1]), which they claim contain evidence related to Pacific Fertility Center's (PFC) offers to provide free medical services to affected patients. However, these exhibits are emails containing evidence related directly to the viability of Plaintiffs' eggs and embryos following the Tank 4 incident, and a number of other issues important to this case not related to any payment or service offer. Even if the emails contain some discussion about refunding money or free storage of patient's embryos, this is not standard "defendant-offered-to-pay-plaintiff's-medical-bills" evidence to prove liability generally excluded by Federal Rule of Evidence 409. Instead, the evidence is highly relevant to the issues in this case and is thus admissible under Rule 402. Plaintiffs' motion should be denied.

## II. ARGUMENT

Rule 409 does not operate to exclude the emails Plaintiffs have sought to bar from trial. The Advisory Committee Notes state, "the present rule does not extend to conduct or statements not a part of the act of furnishing or offering or promising to pay." Fed. R. Evid. 409, Advisory Committee Notes, 1972 Proposed Rules. The trial exhibits Plaintiffs are requesting the Court exclude are internal emails between PFC employees, and emails between PFC and patients affected by the Tank 4 incident, including one plaintiff. These emails contain highly relevant information to a number of issues in this case.

For example, many of these exhibits contain reference to the potential and unknown viability of a plaintiff's or patients' eggs or embryos following the Tank 4 incident, and standards of care with respect to testing embryo viability. (*See* Trial Exhibits, 324, 330, 353, 369, 372, 373, 411, 424, 534.) They also contain discussion of a plaintiff's or patients' decision to attempt or not attempt to use their eggs or embryos to achieve live birth, where there was a chance of a live birth

---

[1] Plaintiffs moved to exclude Trial Exhibit 534 from their original MIL No. 5 they exchanged with Chart (identified in that version of Plaintiffs' MIL No. 5 as Trial Exhibit D093). Plaintiffs have omitted that Trial Exhibit from their updated MIL No. 5. Out of an abundance of caution, Chart includes Trial Exhibit 534 in this opposition, and seeks to preserve its admissibility for the reasons set forth herein.

result.  (*See* Trial Exhibits, 324, 534.)  The emails also contain a plaintiff's reaction to the incident and any information related to any emotional distress purportedly caused by the incident. (*See* Trial Exhibits, 324, 330, 353, 369, 372, 373, 411, 424, 534.)  They also contain discussions of PFC's reaction, considerations, plans, and transparency following the incident—these discussions are apart from any "offer" made to a patient regarding free IVF services, storage, or transfer of embryos.  (*See* Trial Exhibits, 324, 330, 353, 369, 372, 373, 411, 424, 534.)  Some of the emails discuss patients' desire to transfer (the potentially viable eggs or embryos) to a different facility following the Tank 4 incident, other options available to a patient potentially affected by the Tank 4 incident, or a plaintiff's actions, desires, and feelings related to undergoing another procedure and the options available.  (*See* Trial Exhibits, 324, 330, 369, 373, 411, 424, 534.)  Some emails discuss whether a plaintiff was currently pregnant, already had children or achieved a live birth at the time of the discussion about what to do with the potentially affected eggs or embryos in Tank 4. (*See* Trial Exhibits, 324, 330, 534.)  This evidence is all relevant to Plaintiffs' claims and the acts of PFC with respect to the Tank 4 incident.

These trial exhibits should also ***not*** be excluded on any other grounds.  For example, Pacific MSO's CEO, Alden Romney, testified at deposition that Trial Exhibit P034 is a "correspondence kept as part of Pacific MSO's business records[.]"  (September 10, 2019 Deposition of Alden Romney, 224:4-9.) Mr. Romney further testified that the significance of the conversations in those emails related to creating a mechanism to track the relevant information of patients potentially affected by Tank 4.  (*See id.*, 224:18-226:21.)   Mr. Romney testified the relevant information tracked could be if the patient said they have "completed their family and didn't want anything else or wanted to continue to try to have kids and wanted to do a cycle or some other go-forward plan."  (*See id.*, 225:7-14.)  Indeed, and as detailed above, each trial exhibit contains relevant information beyond any negotiation or offers between PFC and the patients potentially affected by the Tank 4 incident.

In another example, Plaintiff A.B. testified at deposition that the conversations described in Trial Exhibit 330 was with Dr. Schriock, and "[t]he conversations did not center around requests or proposals.  It was medical-related, to pursue a frozen cycle." (December 12, 2019 Deposition

3
CHART'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5
18-CV-01586-JSC

of A.B., 211:6-14.) In other words, the conversations depicted in the emails relate to Plaintiff A.B.'s options and decisions with respect to continuing treatment at PFC—not merely a settlement or offer to pay medical expenses.

Ultimately, these emails contain significant information related directly to important issues in this case. They are not merely offers to pay expenses as Plaintiffs suggest. The exhibits should be admissible at trial.

### III. CONCLUSION

WHEREFORE, Defendant Chart, Inc. respectfully requests this Honorable Court to deny Plaintiffs' request to exclude Trial Exhibits 324, 330, 353, 369, 372, 373, 411, 424, and 534, and for any other relief this Honorable Court may deem equitable and just.

Dated: April 15, 2021

Respectfully submitted,

By: /s/ Kevin M. Ringel

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*