Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

*Plaintiffs' counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Master Case No. 3:18-cv-01586-JSC<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 6: NON-PARTY FINANCES AND OWNERSHIP**<br><br>Pretrial Hearing: April 29, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jacqueline S. Corley<br>Place: Courtroom F, 15th Floor<br><br>Trial Date: May 20, 2021 |

**INTRODUCTION**

Evidence of a company's financial status is inadmissible under Rules 401 and 403 of the Federal Rules of Evidence where it bears no relevance to the issues at trial. Yet in advance of this trial, Chart has designated as a trial exhibit a web article about Prelude Fertility titled "This $200 million start-up wants to stop your biological clock." (Trial Ex. 183.) The article, which identifies the amount and source of Prelude Fertility's private equity funding, should be excluded at trial because it serves no purpose other than to suggest that Prelude, a non-party on which Chart will ask the jury to pin fault, has deep pockets from which Plaintiff could collect a hypothetical judgment. For this reason, Chart should be precluded from introducing evidence relating to Prelude's assets, capital funding, or ownership at trial, as well as questioning witnesses about or otherwise referencing such assets.

**ARGUMENT**

Trial Exhibit 153 in the joint exhibit list submitted by the parties is a 4-page article recounting the founding and mission of Prelude, the parent company of Pacific Fertility Center and Pacific MSO (collectively, PFC). Several portions of the article are particularly concerning because of their risk of prejudice and lack of relevance, including:

- References to Prelude as a "$200 million start-up" (*id.* at 1);
- Description of Prelude's founder Martin Varsavsky's "$200 million … shopping spree," in which he reportedly used money "raised from private equity fund Lee Equity to buy up" fertility clinics like PFC (*id.* at 2); and
- Description of Varsavsky as a "serial entrepreneur" (*id.* at 1).

First, trial courts have been clear that evidence of a non-party's wealth, valuation, or financial status are barred when not relevant to any issue in the case. *See Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 2015 WL 13861963, at *3 (S.D. Ind. May 11, 2015) (financial status relevant only as to punitive damages against party defendant); *see also Bruhn Farms Joint Venture v. Fireman's Fund Ins. Co.*, 2017 WL 752282, at *12 (N.D. Iowa Feb. 27, 2017) (party "may not introduce evidence of [parent company's] wealth").

Second, evidence of the identity of Prelude's owner and the private-equity sourcing of its capital funding should be excluded because it is irrelevant to the issues presented in this case and invites

prejudice. To illustrate, in *Medical Mutual of Ohio v. Air Evac EMS, Inc.*, the court found no need to disclose to the jury that the defendant's "owners are private equity firms, let alone the specific identity of any owner," which were irrelevant and inadmissible. 2019 WL 4573700, at *2 (N.D. Ohio Sept. 20, 2019) (citing Fed. R. Evid. 401, 402); *see also Karlo v. Pittsburgh Glass Works, LLC*, 2014 WL 1317595, at *21 (W.D. Pa. Mar. 31, 2014) (denying amendment of pleadings to "include irrelevant averments" of ownership by non-party "private equity firm with $8.0 billion in assets"), *aff'd*, 849 F.3d 61 (3d Cir. 2017). The *Air Evac EMS* court also cited the threat of prejudice that references to private equity ownership could pose as separate grounds for exclusion. 2019 WL 4573700, at *2 (citing Fed. R. Evid. 403).

Finally, although the jury will not be called to award damages against PFC at trial, Chart may still attempt to influence the jury as to PFC's percentage of fault in this case with references to PFC's financial relationship with Prelude and/or the financial consequences of a hypothetical verdict against PFC. Such prejudicial tactics should likewise be barred at trial. *See Bruhn Farms*, 2017 WL 752282, at *12 ("Plaintiff may not … make any argument that the jury should in any way consider the relationship between defendant and [parent] in determining any damage award in this case."); *Cellular Commc'ns Equip. LLC v. Apple Inc.*, 2016 WL 11496010, at *1 (E.D. Tex. Sept. 2, 2016) (excluding "argument, evidence, testimony, or reference … to [plaintiff's] financial relationship to its parent company … or to financial consequences … of a verdict").

## CONCLUSION

Plaintiffs respectfully request that the Court preclude Chart from entering Trial Exhibit 153 into evidence at trial, from entering any other exhibits into evidence that reference Prelude's owners, capital funding, ties to private equity, or financial relationship with PFC, and from asking any witnesses about or otherwise referencing the same.

Dated: April 14, 2021

Respectfully submitted,

By: __/s/ Amy M. Zeman__

Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**

505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

*Plaintiffs' Counsel*

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 6: NON-PARTY FINANCES**<br><br>Hearing: April 29, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jacqueline Scott Corley<br>Place: Courtroom F, 15th Floor<br>Trial: May 20, 2021 |

## I. INTRODUCTION

Plaintiffs' motion *in limine* No. 6 requests the Court to exclude all evidence or testimony related to Prelude Fertility's (Prelude) owners, capital funding, ties to private equity, or financial relationship with Pacific Fertility Center (PFC). (Pls.' MIL No. 6 at 2:20-23.) Like the requests in Plaintiffs' motion *in limine* No. 7, their requests here are overbroad and premature, and should be denied to the extent they seeks to exclude potentially relevant and admissible evidence.

## II. ARGUMENT

Primarily, Plaintiffs are seeking to exclude evidence related to third parties, over whom they have little to no control. Plaintiffs cannot predict what testimony will arise at trial from representatives of these third parties and thus open the door to introduce the evidence they now attempt to exclude. It is simply too early to exclude such evidence outright. PFC's and Pacific MSO's acts and wrongdoing are obviously at issue in this case and any evidence related to wrongdoing by their employees or agents, or anyone with control over policies and procedures is relevant. Indeed, evidence regarding Prelude's role in policies created, or in marketing and public relations before and after the subject incident could potentially be relevant during cross-examination at trial. This is exemplified by Plaintiffs' counsel's extensive questioning of Alden Romney (CEO of Pacific MSO and CAO of PFC) regarding Prelude's and Lee Equity's role and control over services provided at PFC. (*See* September 10, 2019 Deposition of Alden Romney.)

PFC's financial status is potentially relevant as well. For example, if PFC representatives testify to any financial hardships purportedly caused by the subject incident, whether to elicit sympathy or for any other yet-to-be-known reason, then PFC's financial status and relationship with Prelude may become very relevant.

Further, the financial status of third parties, whose testimony regarding their (not Plaintiffs) financial status and relationships is not unfair or prejudicial to Plaintiffs. If such evidence becomes relevant either through the third parties or plaintiffs themselves opening the door, Chart should be able to introduce such evidence as necessary to defend this case. The Court should not provide an outright bar of this evidence at this time.

### III. CONCLUSION

WHEREFORE, Defendant Chart, Inc. respectfully requests this Honorable Court to deny Plaintiffs' request to excluded all evidence or testimony related to Prelude Fertility's owners, capital funding, ties to private equity, or financial relationship with PFC, and for any other relief this Honorable Court may deem equitable and just.

Dated: April 15, 2021

Respectfully submitted,

By: /s/ Kevin M. Ringel

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*