Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

*Plaintiffs' counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Master Case No. 3:18-cv-01586-JSC<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 7: INSURANCE COVERAGE**<br><br>Pretrial Hearing: April 29, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jacqueline S. Corley<br>Place: Courtroom F, 15th Floor<br><br>Trial Date: May 20, 2021 |

Defendant Chart intends to argue at trial that the March 4th incident was the fault of Pacific Fertility Center, Pacific MSO, and Prelude Fertility. In support of that argument, Chart appears ready to introduce trial exhibits evidencing general and professional liability insurance policies and indemnification agreements benefitting all three entities, including:

- A renewal application for liability coverage by Pacific MSO's Laboratory Director, Dr. Joseph Conaghan (Trial Ex. 381, MSO014166–176);
- A "MANAGEMENT SERVICES AGREEMENT" between Pacific Fertility Center and Pacific MSO requiring each party to carry liability insurance covering itself and the other, and to indemnify the other for its own acts (Trial Ex. 505, PRELUDE000332, 343-345);
- A "TISSUE STORAGE MANAGEMENT SERVICES AGREEMENT" between Pacific Fertility Center and Prelude requiring each party to carry liability insurance, and to indemnify the other for certain of its own acts (Trial Ex. 506 at 1, 3–4, PRELUDE000369, 371–372); and
- An "INITIAL EMBRYO STORAGE MANAGEMENT SERVICES AGREEMENT" between PFC and Pacific MSO requiring each party to carry liability insurance, and to indemnify the other for certain of its own acts (Trial Ex. 507 at 1, 3–4, PRELUDE000427, 429–430).

Rule 411 of the Federal Rules of Evidence proscribes the use of this type of evidence to establish that these non-parties acted negligently or wrongfully — the only purpose for which it could conceivably be offered here. *See* Fed. R. Evid. 411. Although Rule 411 generally applies to insurance, the Ninth Circuit has found it apples to indemnification as well. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1014 (9th Cir. 2008) ("Evidence of indemnification is generally inadmissible"); *see also Perrin v. Anderson*, 784 F.2d 1040, 1047–48 (10th Cir. 1986).

This Rule "has its basis in the belief that such evidence is of questionable probative value or relevance" and "vindicates the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds." *Burke v. Regalado*, 935 F.3d 960, 1021 (10th Cir. 2019) (quoting *Charter v. Chleborad*, 551 F.2d 246, 248 (8th Cir. 1977) and Fed. R. Evid.

411, advisory committee's notes to 1972 proposed rules). Absent Rule 411's limitations, "[i]nstead of focusing the jury's attention on the injury actually suffered by the plaintiff, we would be subjecting the jury to a flurry of largely irrelevant assertions and counter-assertions concerning who may or may not be financially harmed by a particular award." *Moore v. Hartman*, 102 F. Supp. 3d 35, 141 (D.D.C. 2015) (quoting *Larez v. Holcomb*, 16 F.3d 1513, 1519 (9th Cir. 1994)); *see also Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, 2016 WL 1728381, at *10 (M.D. Pa. Apr. 29, 2016) (noting the possible "improper inference" that an insured party has "deep pockets").

In addition, Rule 411 "promotes a general public policy of favoring insurance coverage, as both insurers and insured are encouraged to enter into contracts of insurance with the implied promise that they will not, as a result of their forethought, be subject to an inference of carelessness." *Vargas-Alicea v. Cont'l Cas. Co.*, 2019 WL 1453070, at *6 (D.P.R. Mar. 31, 2019) (citing 2 Weinstein's Federal Evidence; Sec. 411.03(1), p. 411-5); *see Bacho v. Rough Country, LLC*, 2016 WL 4607880, at *8 n.4 (N.D. Ga. Mar. 17, 2016) ("evidence that [defendant's] insurer recognizes the increased risk of serious accidents posed by lift kits … is inadmissible to show liability").

Because Rule 411 prohibits such uses and because there is no other, permissible use for evidence of non-parties' insurance policies and indemnity agreements in this case (*e.g.*, "proving a witness's bias or prejudice or proving agency, ownership, or control"), the evidence should be excluded at trial. Fed. R. Evid. 411.

Dated: April 14, 2021

Respectfully submitted,

By: ___/s/ Amy M. Zeman___

Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Dena C. Sharp (State Bar No. 245869)

1
2
3
4
5
6

Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

7
8
9
10
11
12
13

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

14

*Plaintiffs' Counsel*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 7: INSURANCE COVERAGE**<br><br>Hearing:  April 29, 2021<br>Time:     2:00 p.m.<br>Judge:    Hon. Jacqueline Scott Corley<br>Place:    Courtroom F, 15th Floor<br>Trial:    May 20, 2021 |

## I. INTRODUCTION

Plaintiffs' motion *in limine* No. 7 requests the Court to exclude all evidence related to insurance or indemnity agreements of Pacific Fertility Center (PFC), Pacific MSO, and Prelude Fertility. The request is overbroad and is based on a flawed premise: "the only purpose for which [evidence of general and professional liability insurance and indemnification agreements] could conceivably be offered here" is to show a party acted negligently or wrongfully. (Pls.' MIL No. 7 at 1:19-21.) Chart agrees that under Rule 411, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether a person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. However, the Rule does not provide a blanket exclusion of this type of evidence but, instead, provides non-exhaustive examples of when evidence of insurance is admissible: "proving a witness' bias or prejudice or proving agency, ownership, or control." *Id*. Thus, while Chart does not intend to introduce "insurance" evidence to prove negligence or wrongful acts, the Court should deny Plaintiffs' request to the extent it attempts to exclude all such evidence even for admissible purposes.

## II. ARGUMENT

"Evidence regarding insurance coverage 'is admissible for any relevant purpose other than the prohibited purpose of showing negligence or wrongful conduct.'" *United Food Grp., LLC v. Cargill, Inc.*, No. CV 11-7752 SS, 2014 WL 12925563, at *2 (C.D. Cal. Nov. 14, 2014) (citing *DSC Commc'ns Corp. v. Next Level Commc'ns*, 929 F. Supp. 239, 246 (E.D. Tex. 1996)). Courts deny motions requesting broad exclusion of insurance evidence where the evidence may become admissible at trial, *e.g.*, where the plaintiff opens the door for its introduction, and where the evidence can show bias, prejudice, agency, ownership, or control. *See Berman v. Knife River Corp.*, No. 5:11-CV-03698-PSG, 2014 WL 12647750, at *2 (N.D. Cal. Aug. 15, 2014) (denying defendants motion to exclude insurance evidence, even where plaintiff did not oppose, because the evidence may be admissible for another purpose and stating "the court is not persuaded a broader prophylactic bar is warranted at this time [and] will consider any appropriate objection raised during trial."); *see also Moroccanoil, Inc. v. Marc Anthony Cosms., Inc.*, No. CV 13-2747-DMG AGRX, 2014 WL 5797541, at *7 (C.D. Cal. Oct. 7, 2014) (granting defendant's motion to exclude

insurance evidence, but only to the extent the plaintiff "seeks to admit evidence of [defendant]'s liability insurance policy to show wrongdoing."); *Est. of Nunez by & through Nunez v. Cty. of San Diego*, No. 316CV01412BENMDD, 2019 WL 2238655, at *4 (S.D. Cal. May 23, 2019) (granting defendants' motion to exclude insurance evidence insofar as it was inadmissible for the parties case-in-chief, where plaintiff did not oppose motion "unless Defendants open the door, *e.g.*, by introducing evidence of personal financial hardship or burden.").

Here, there are a number of potential avenues through which the door could be opened for introducing insurance or indemnity agreement evidence at trial, including any statement or testimony by a PFC, Pacific MSO or Prelude Fertility representative that Chart carries insurance coverage, or that they have suffered financial hardship as a result of the subject incident. There could also be testimony regarding any dispute about which entity had ownership or control over the subject tank or controller, or an indemnity agreement could be the basis for biased testimony with respect to the fault of one of those parties or damages owed. Plaintiffs have little to no control over how these third parties will testify and should not be able to limit Chart in the event those parties open the door, or whether Chart decides to use the evidence for an admissible purpose with respect to those third parties.

Ultimately, the Court should not enforce a complete exclusion of insurance evidence at this stage where there are a number of ways it could become admissible with respect to PFC, Pacific MSO, and Prelude Fertility. Further, it is unclear (and Plaintiffs have made no argument) how evidence of insurance or indemnity agreements between those non-parties, if introduced at trial, would unfairly prejudice Plaintiffs. *See Burke v. Regalado*, 935 F.3d 960, 1021 (10th Cir. 2019) (finding trial testimony about insurance of a third party did not prejudice defendants where defendants could not explain how they were prejudiced, and the record did not demonstrate prejudice). Indeed, no unfair prejudice would result to Plaintiffs in this case. Plaintiffs' motion should be denied to the extent it attempts to exclude non-prohibited, admissible insurance or indemnity agreement evidence at trial.

### III. CONCLUSION

WHEREFORE, Defendant Chart, Inc. respectfully requests this Honorable Court to deny

1  Plaintiffs' motion *in limine* No. 7 as set forth above, and for any other relief this Honorable Court
2  may deem equitable and just.

4  Dated: April 15, 2021

Respectfully submitted,

By: /s/ Kevin M. Ringel

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*