Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

*Plaintiffs' Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Master Case No. 3:18-cv-01586-JSC<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 8: REMOTE TESTIMONY OF CHART WITNESSES**<br><br>Pretrial Hearing: April 29, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jacqueline S. Corley<br>Place: Courtroom F, 15th Floor<br><br>Trial Date: May 20, 2021 |

# INTRODUCTION

Rule 43(a) of the Federal Rules of Civil Procedure provides, "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Federal district courts have exercised this authority to compel a witness's remote testimony, even if the witness falls outside the court's subpoena power under Rule 45, where that witness is controlled by a party and other good cause may be found. Such good cause exists here for an order requiring Chart to produce certain witnesses remotely—namely its current and former employees Justin Junnier, Brendon Wade, and Kyle Eubanks—if they will not voluntarily attend trial in person.

# ARGUMENT

**I.   Rule 45 does not limit the Court's power under Rule 43, but must be read harmoniously with it to permit remote testimony from outside the judicial district.**

Rule 45 "restricts the reach of subpoenas to prevent undue inconvenience to witnesses," but it should "*not … confer advantages on parties.*" *In re Washington Pub. Power Supply Sys. Sec. Litig.*, No. MDL NO. 551, 1988 WL 525314, at *2 (W.D. Wash. Aug. 9, 1988); Fed. R. Civ. P. 45(c)(1) (100-mile rule). Accordingly, where there is good cause, courts may order "certain witnesses employed and/or otherwise under the control of defendants and who are beyond the 100 mile trial subpoena power of this Court to testify" remotely. *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424, 425–426 (D.P.R. 1989); *see also In re Washington Pub. Power Supply Sys. Sec. Litig.*, 1988 WL 525314, at *1 (permitting litigants "to utilize audio visual techniques and satellite transmission to enable witnesses located beyond the one hundred mile reach of the [trial court] to be examined and cross-examined from a site where the witnesses are subject to the subpoena power of another U.S. District Court."). Depriving courts of this ability "would narrow the scope of the authority granted to federal courts by allowing contemporaneous transmission only when the absent witness agrees to appear voluntarily" even though "[n]o such limitation appears on the face of Rule 43, nor is found within the comments addressing the Rule . . . ." *In re Actos (Pioglitazone) Prod. Liab. Litig.*, No. 12-CV-00064, 2014 WL 107153, at *9, 11 (W.D. La. Jan. 8, 2014); *see In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. at 426 (rejecting the argument that "this court lacks any authority whatsoever to order witnesses

outside this jurisdiction to submit themselves to questioning via satellite"). "[T]o the contrary, Rule 45 must be read *in tandem with* Rule 43 and as a part of an harmonious whole that is the Federal Rules of Civil Procedure." *In re Actos Prod. Liab. Litig.*, 2014 WL 107153, at *9.

**II.   There is good cause under Rule 43 to order remote testimony at trial.**

Plaintiffs' request falls squarely within the Court's authority under Rule 43. Courts analyze whether there is "good cause in compelling circumstances" for ordering remote testimony under a five-factor test, considering:

(1)   the control exerted over the witness by the defendant;

(2)   the complex, multi-party, multi-state nature of the litigation;

(3)   the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily;

(4)   the lack of any true prejudice to the defendant; and

(5)   the flexibility needed to manage a complex multi-district litigation.[1]

*In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006).  All factors weigh in favor of remote testimony here.

1.   *Defendants' control over the witnesses*

First, the Court's authority to compel remote testimony is at its peak when the witness is controlled by a party. Here, all the pertinent witnesses are current or former employees of Chart and were produced by Chart for depositions, during which they were represented by Chart counsel. Chart thus has control over the witnesses. *See In re Actos (Pioglitazone) Prod. Liab. Litig.*, 2014 WL 107153, at *7 ("[T]he relevant witnesses are all current or former employees of Defendants, therefore, this Court assumes the Defendants would have whatever control or sway which might be available over the relevant witnesses.").

---

[1] Courts typically analyze only the first four factors because, for most cases, "the fifth factor is essentially an extension of the second factor[.]" *Id.* at 644.

### 2. *Complex nature of the litigation*

Second, this litigation is complex, involving more than 130 individual actions for which the upcoming trial is to be a bellwether and coordination with dozens of actions in state court and hundreds of arbitrations proceedings. This factor weighs in favor of remote testimony. *See In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (holding that remote testimony was appropriate because, "although the *Barnett* case involves only a single plaintiff, a single defendant, and the law of a single jurisdiction, it is a bellwether trial" for a much larger set of cases).

### 3. *Tactical advantage without inconvenience.*

Third, Chart has provided no practical reason that remote testimony should not be used here. The witnesses need not travel any great distance or undergo any significant inconvenience to testify remotely. They are also highly relevant to this litigation:

- Justin Junnier was a Field Service Engineer and Quality Engineer at Chart, with experience with and knowledge of the set up, operation, and maintenance of Chart's tanks and controllers, reports to Chart about controller malfunctions and Chart's reaction, and Chart's risk analysis for its tanks;

- Brendon Wade was a Field Service Engineer and Technical Service Manager at Chart with knowledge of Chart's malfunctioning TEC3000 model and Chart's investigation of the recurring issue; and

- Kyle Eubanks was a Production Supervisor who oversaw the production line for Chart's MVE tanks, including the MVE 808 model at issue in this case, and has experience with and knowledge of tank production, post-production tank testing, and welding procedures for the tanks.

Based on importance of these witnesses and lack of inconvenience, the Court may infer that Chart will not produce them because it "would like to eliminate any unpredictability and limit [the witnesses'] trial testimony to [their] 'canned' deposition testimony—a purely tactical reason." *In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d at 643; *accord Mullins v. Ethicon, Inc.*, No. 2:12-CV-02952, 2015 WL 8275744, at *2 (S.D.W. Va. Dec. 7, 2015) ("[T]he witnesses are relatively important and knowledgeable employees of the defendants, the defendants refuse to make these witnesses available,

and the defendants want to limit the testimony of these witnesses to deposition testimony. The court . . . finds these circumstances show the defendants' refusal is purely tactical.").

        4.       <u>*No prejudice would result.*</u>

Fourth, remote testimony will cause no prejudice to Chart. All of the remote witnesses are current or former employees of Chart who have been deposed in this litigation. *See Chapman v. Tristar Prod., Inc.*, No. 1:16-CV-1114, 2017 WL 7048986, at *1 (N.D. Ohio July 6, 2017) ("Fisher's videoconference testimony will not prejudice Tristar. Fisher is Tristar's COO and Plaintiffs have already deposed him. Tristar should not be surprised by, or unprepared for, Fisher's answers.").

"[T]here has been an increasing trend by federal courts allowing … the use of contemporaneous transmission of trial testimony," *In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d at 642, and this trend has quickly accelerated during the COVID-19 pandemic. Remote testimony, including where remote participation is compelled by the court, has since become commonplace. *See, e.g.*, *Kieffaber v. Ethicon, Inc.*, No. CV 20-1177-KHV, 2021 WL 425822, at *1-2 (D. Kan. Feb. 8, 2021) (ordering remote jury trial over objection); *Wood v. Paccar, Inc.*, No. 19-CV-1010-LRR, 2020 WL 6387374, at *1-3 (N.D. Iowa Oct. 8, 2020) (permitting remote testimony); *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 969-73 (D. Minn. 2020) (same).

The Court can and should order Chart witnesses to appear at trial remotely. *See Chapman*, 2017 WL 7048986, at *1 (issuing a similar order).

**III.    Remote testimony is otherwise preferable to recorded testimony.**

Live, remote testimony at trial is in every way superior to testimony via deposition video clips. "The preference for live testimony at trial rather than deposition testimony as a substitute is uniformly stressed in case law. This was long ago asserted by Judge Learned Hand, who stated: '[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.'" *Young & Associates Public Relations, LLC v. Delta Air Lines, Inc.*, 216 F.R.D. 521 (D. Utah 2003) (quoting *Napier v. Bossard,* 102 F.2d 467, 469 (2d Cir. 1939)). Remote testimony helps the jury perform credibility assessments: "contemporaneous transmission of live witness testimony will better allow the jury to more realistically 'see' the live witness along with 'his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration,' without editing

or the unavoidable esthetic distance created by a video deposition[.]" *In re Actos (Pioglitazone) Prod. Liab. Litig.*, 2014 WL 107153, at *8 (quoting *In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. at 644). For this reason, remote testimony "more fully and better satisf[ies] the goals of live, in-person testimony" than does "either written or video deposition testimony perhaps recorded weeks or months earlier, prior to whatever developments might have occurred between the time the deposition was recorded and the time the testimony by video deposition is presented at trial." *Id.* Remote testimony "will promote coherency, especially when the alternative is spliced, edited, and recompiled clips of depositions that took place over multiple days[.]" *Mullins*, 2015 WL 8275744, at *2.

## CONCLUSION

Plaintiffs respectfully request that this Court order Justin Junnier, Brendon Wade, and Kyle Eubanks to appear at trial by contemporaneous transmission from a different location, unless they are willing to appear in person.

DATED: April 14, 2021

Respectfully submitted,

By: ⎯⎯ */s/ Amy M. Zeman* ⎯⎯
Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

*Plaintiffs' Counsel*

1  John J. Duffy (SB No. 6224834)
   Kevin M. Ringel (SB No. 6308106)
2  Margaret C. Redshaw (SB No. 6327480)
   **SWANSON, MARTIN & BELL, LLP**
3  330 N Wabash, Suite 3300
   Chicago, Illinois 60611
4  Tel: (312) 321-9100; Fax: (312) 321-0990
5  jduffy@smbtrials.com
   kringel@smbtrials.com
6  mredshaw@smbtrials.com

7
   Marc G. Cowden (SB No. 169391)
8  Adam Stoddard (SB No. 272691)
   **SHEUERMAN, MARTINI, TABARI,**
9  **ZENERE & GARVIN**
   1033 Willow Street
10 San Jose, California 95125
11 Tel: (408) 288-9700; Fax: (408) 295-9900
   mcowden@smtlaw.com
12 astoddard@smtlaw.com

13
   *Counsel for Defendant Chart Inc.*
14

15

16                **UNITED STATES DISTRICT COURT**

17                **NORTHERN DISTRICT OF CALIFORNIA**

18                     **SAN FRANCISCO DIVISION**

19  | IN RE PACIFIC FERTILITY CENTER | Case No. 3:18-cv-01586-JSC |
    | LITIGATION |  |
20

21  **DEFENDANT CHART INC.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 8: REMOTE TESTIMONY OF CHART WITNESSES**

22

23

24  Hearing:  April 29, 2021
    Time:    2:00 p.m.
25  Judge:   Hon. Jacqueline Scott Corley
    Place:   Courtroom F, 15th Floor
26  Trial:   May 20, 2021

27

28

## I. INTRODUCTION

At the February 24, 2021 hearing, the Court stated it would be "happy to work with the parties in terms of witnesses appearing remotely. Again, with the parties' agreement." (*See* Tr. of Feb. 24, 2021, at 3:22-24). The parties **have not** agreed to certain witnesses appearing remotely for trial, but they have secured video depositions of the testimony at issue to be used for trial.

Despite the Court's direction, Plaintiffs appear to request two different actions from the Court—both of which are unsupported by their cited authority. First, in the "Introduction" section, Plaintiffs request an order "requiring Chart to produce certain witnesses" [who are *not* residents of California and are *not* current employees of Chart] to sit remotely for live video testimony during trial. (Pls.' MIL No. 8, 1:7-9.) Such an order is not supported by Rules 45 or 43. If anything, Plaintiffs' request is an attempt to end-run these rules, and compel live testimony from witnesses over whom the Court does not have compulsory subpoena power.

Second, in the "Conclusion," Plaintiffs request the Court to order "Justin Junnier, Brendon Wade, and Kyle Eubanks to appear at trial by contemporaneous transmission from a different location, unless they are willing to appear in person." (Pls.' MIL No. 8, 5:10-12.) However, none of these witnesses are within the Court's compulsory subpoena power, and Rule 45 specifically limits the Court's ability to compel them to testify at trial. To the extent Rule 43 permits remote live video testimony at trial from witnesses outside the Court's compulsory subpoena power, Plaintiffs have failed to establish such testimony would comply with Rule 45's limitations.

## II. ARGUMENT

The Federal Rules and the circumstances of this case, including the Court's edict on the topic, do not support Plaintiffs' requested relief. Two important factual considerations undermine most, if not all, of Plaintiffs' arguments:

- Mr. Junnier, Mr. Wade, and Mr. Eubanks are not currently (nor were they during their 2020 depositions) employees of Chart (contrary to Plaintiffs' suggestion).
- These three witnesses were deposed through video recording which can be played at trial before the jury (to avoid the very issues Plaintiffs' motion now asserts).

Plaintiffs' MIL No. 8 should be denied for the following reasons.

### 1. Plaintiffs cite no authority to support that the Court should compel Chart to produce *former* employee witnesses live at trial.

Plaintiffs incorrectly state that Justin Junnier, Brendon Wade, and Kyle Eubanks are Chart's "current and former employees". But none of them are current employees of Chart, as each testified during their video depositions. (Depo. of Justin Junnier, 15:5-8; Depo. of Brendon Wade, 16:17-24; Depo. of Kyle Eubanks, 12:17-18.) Chart cannot be forced to secure non-party, non-employee witnesses and produce them for trial.

Plaintiffs cite one case where the plaintiffs "moved the Court to order defendants to produce witnesses" for trial. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, No. MDL NO. 551, 1988 WL 525314, *2 (W.D. Wash. Aug. 9, 1988). The plaintiff's motion was specific to those witnesses "who would voluntarily appear for defendants in their case in chief, for examination during plaintiffs' case, or, alternatively, to forbid defendants from calling such witnesses 'live' on their own case." The court, however, did "not require defendants to take any affirmative action." *Id*. Instead, the court acknowledged its limitations under Rule 45, stating, "*[the defendants] cannot be compelled by my powers to produce such witnesses for plaintiffs in Tucson*." *Id* (emphasis added).[1]

At bottom, neither Rule 45, the *Washington* case, nor any other authority support compelling Chart to produce Mr. Junnier, Mr. Wade, and Mr. Eubanks for remote live video testimony at trial. To the contrary, *Washington* demonstrates the Court *cannot* compel Chart to do so, and because videotaped depositions are available, these witnesses' testimony should be presented in that fashion.

---

[1] The *Washington* court granted plaintiffs' motion to the extent the defendants were going to call the witnesses live for their case, and explained it "treats plaintiffs' motion as a motion to reopen discovery for a limited purpose, that purpose being to allow the district court where witnesses reside to invoke the subpoena provisions of Rule 26 to compel attendance of witnesses in that district." *Id*. at *1. The court's ruling relied on its finding that the defendants were using the transfer of the case and Rule 45 for a tactical advantage: where they transferred out of the district where the witnesses resided, where they would call the witnesses for their case in chief and the witnesses would voluntarily testify for them, but then decline to produce the witnesses for plaintiffs' case in chief, and the witnesses would not otherwise comply with a Rule 45 subpoena nor could they be compelled to do so under Rule 45. *Id*. at *2.

### 2. Rules 45 and 43, when read harmoniously, still limit the Court's power to compel a witness to testify live at trial.

Rule 45 limits a court's power to compel live testimony at trial. *See Stambanis v. TBWA Worldwide, Inc.*, No. 19-CV-00821-TSH, 2019 WL 1979949, *3 (N.D. Cal. May 3, 2019) (finding that, for trial, the parties could subpoena those witnesses residing within the Northern District of California as a matter of right under Rule 45, but could subpoena those witnesses residing within the "Central District of California only after obtaining a court order made after a finding that attending trial there 'would not' cause the witnesses to 'incur substantial expense.'").

Rule 45's Advisory Committee Notes provides some clarity on the interaction between Rule 45 and Rule 43:

> Rule 45(c)(1) addresses a subpoena to testify at a trial, hearing, or deposition. Rule 45(c)(1)(A) provides that compliance may be required within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. **For parties and party officers**, Rule 45(c)(1)(B)(i) provides that compliance may be required anywhere in the state where the person resides, is employed, or regularly conducts business in person. **When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)**.

Rule 45 Advisory Committee Notes, 2013 Amendment, Subdivision C (emphasis added). In other words, Rule 43 may permit live video testimony at trial from a witness who may be compelled by the court under Rule 45, but the party seeking such testimony must do so within the limitations set by Rule 45. Here, however, the witnesses identified by Plaintiffs are not parties or officers of Chart. The Advisory Committee Notes explain:

> Under Rule 45(c)(1)(B)(ii), nonparty witnesses can be required to travel more than 100 miles within the state where they reside, are employed, or regularly transact business in person **only if they would not, as a result, incur "substantial expense."**

Rule 45 Advisory Committee Notes, 2013 Amendment, Subdivision C (emphasis added).

Plaintiffs failed to make any argument, let alone establish, that the witnesses from whom they seek to compel live testimony would not "incur substantial expense." Instead, they simply request Chart be compelled to present these former-employee witnesses remotely under Rule 45 and Rule 43. This request is unsupported by law, and obliging that request would be improper.

Likewise, because Plaintiffs have provided no basis to conclude Mr. Junnier, Mr. Wade, and Mr. Eubanks would not "incur substantial expense" if compelled to testify remotely at trial, their argument fails under Rule 45. *See Stambanis*, 2019 WL 1979949 at *3 (subpoena of out-of-district witnesses appropriate only after a finding that attending trial would not cause the witnesses to incur substantial expense).

> **3. Plaintiffs have not shown good cause and compelling circumstances, or otherwise provided sufficient justification to support a court order requiring these non-party witnesses to testify remotely at trial.**

Rule 43 cautions (and Plaintiffs' motion fails to acknowledge this):

> Ordinarily depositions, **including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena**, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying.

Fed. R. Civ. P. 43 Advisory Committee Notes, 1996 Amendment (emphasis added). Plaintiffs have not demonstrated compelling circumstance in this case to deviate from the superior means of presenting testimony of the three non-party, non-employee witnesses: videotaped deposition.

That the parties secured video deposition testimony of these witnesses should weigh heavily against granting Plaintiffs' motion. Plaintiffs' cited case law supports Chart's argument. *See In re Actos (Pioglitazone) Prod. Liab. Litig.*, No. 12-CV-00064, 2014 WL 107153, at *4-7 (W.D. La. Jan. 8, 2014) (permitting live video testimony at trial under the "unique posture" of that case where the court issued a "Scheduling Order specifically tailored to first bellwether trials [in a multi-state, multi-defendant MDL] instructing all parties to 'make significant efforts to produce witnesses for trial rather than relying on deposition testimony'" and finding plaintiffs "have not been and will not be able to obtain the necessary video trial depositions of the large number of defense witnesses" that could be potentially used at trial). The *In re Actos* court stated

> [Rules 43 and 45] are not being used *in lieu of the more desirable live testimony in Open Court* at the location of the Court, *rather are being employed to more closely provide "live" testimony in Open Court when the witnesses **cannot** appear in Open Court at the location of the Court* and *when video depositions are not a viable means of securing the appearance of those witnesses.*

*Id.* *6 (emphasis in original).

Plaintiffs rely on other cases that actually support Chart's position. *See In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643–44 (E.D. La. 2006) (permitting remote video testimony in MDL of a current upper-level officer of defendant, over whom defendant had "significant control," who already testified in multiple Vioxx case depositions and at trial, where plaintiff's steering committee offered to pay expenses, after finding defendant's refusal to produce the controlled officer was for "purely tactical advantage," where the officer possessed highly relevant and potentially damaging information); *Mullins v. Ethicon, Inc.*, No. 2:12-CV-02952, 2015 WL 8275744, *1 (S.D.W. Va. Dec. 7, 2015) (permitting remote video testimony of Rule 30(b)(6) corporate witnesses who were currently employed by defendants, and over whom defendants "unquestionably had control" but would not make available for trial); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424, 425 (D.P.R. 1989) (permitting remote video testimony at trial of "witnesses employed and/or otherwise under the control of defendants" where there was no available video deposition testimony to play for the jury).

Furthermore, Plaintiffs' recitations of Rule 43's "good cause" factors do not establish good cause in this case. First, as stated, Chart does not have control over these three witnesses who left Chart even prior to giving their video deposition testimony in early and mid-2020. Plaintiffs' suggestion these witnesses are current employees or under the control of Chart is wrong, and *In re Actos* does not support any inference otherwise. Plaintiffs' "control" argument should be rejected.

Second, this case, unlike all cases cited by Plaintiff, is not an MDL with multiple defendants and plaintiffs spread across numerous states, and these witnesses are not upper-level corporate representatives. This trial is one trial in potentially many trials. Requiring non-party, non-employee witnesses to potentially testify live in multiple trials is untenable and would create significant burdens on these witnesses, where no burden need be created because there is video deposition testimony prepared for trial. The reasoning *Vioxx* employed to require an upper-level officer to testify remotely at trial is non-existent in this case.

Third, Plaintiffs have identified no tactical advantage attributable to Chart, nor can such an inference be made. Conversely, where video depositions were secured for these witnesses for use at trial, yet Plaintiffs now want to require those same witnesses to appear live remotely (despite

the Court requiring an agreement for remote appearance), can only infer that Plaintiffs are unhappy with the testimony provided and wish for second bite at the apple.  The Court should not oblige.

Fourth, prejudice will result as to Chart because these proposed remote witnesses are *not* current Chart employees, over whom Chart has control; unlike *Chapman v. Tristar Prod., Inc.*, where the defendant listed its Chief Operating Officer as one of its trial witnesses and refused to produce him for plaintiffs' case-in-chief, but reserved the right to call him for its own case-in-chief.  2017 WL 7048986, *1 (N.D. Ohio July 6, 2017).   Here, instead, these witnesses were prepared for video depositions to be used at trial, knowing this Court does not have compulsory subpoena power over them.[2]  Plaintiffs now want to change the game, but have not suggested a viable plan or appropriate safeguards for doing so, or why the Court should disregard its previous statement and not now require an agreement between the parties.  Again, they simply want the Court to compel Chart to compel these witnesses to testify live at trial.

**4.     An "increasing trend" in remote testimony or the COVID-19 pandemic do not justify requiring remote testimony where there are video depositions of these non-party, non-employee witnesses prepared for use at trial.**

Plaintiffs suggest that because remote testimony is more common during the COVID-19 Pandemic, the Court should permit it here.  However, the court in *Wood v. Paccar, Inc.*, (which Plaintiffs cite), in allowing remote testimony of certain expert witnesses at trial, explained:

> [T]here are drawbacks to testimony received by video link. There is frequently a transmission delay such that the facial expression of the speaker is not synchronized to the speaker's words. Videoconference technology is useful when it is working properly. It would be to the advantage of the fact finder, the jury, to both see and hear the testimony of these witnesses via video link rather than have the deposition read, assuming no video deposition.

*Wood v. Paccar, Inc.*, No. 19-CV-1010-LRR, 2020 WL 6387374, *3 (N.D. Iowa Oct. 8, 2020).

The *Wood* opinion (1) supports Chart's argument that because there are video depositions for use at trial, the witnesses should not be required to testify remotely; and, (2) illuminates the

---

[2] Rule 43 anticipates unforeseen circumstances in its "good cause and compelling circumstances" analysis, like when a witness is "unable to attend trial for unexpected reasons, such as accident or illness."  None of that applies in this case where these witnesses were known to be outside the compulsory power of the Court.  This is why the use of video depositions is suggested in Rule 43 as a superior means of securing the testimony of witnesses beyond the reach of the Court.  *See* Fed. R. Civ. P. 43 Advisory Committee Notes, 1996 Amendment.

absurdity of Plaintiffs' final argument that remote testimony is somehow preferable to recorded testimony.[3]   None of the drawbacks of remote video testimony should arise in this case because video depositions of Mr. Junnier, Mr. Wade, and Mr. Eubanks are already prepared for trial.

### CONCLUSION

Plaintiffs' motion *in limine* No. 8 should be denied.

Dated: April 15, 2021                                      Respectfully submitted,

By: /s/ Kevin M. Ringel

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*

---

[3] Nor is this a situation where COVID-19 prevented these three witnesses from attending trial, or where Chart has objected to admission of their video depositions at trial. *See In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 969–70 (D. Minn. 2020) (permitting live remote testimony where COVID-19 prevented live testimony of defense witnesses, where defense counsel objected to both live remote testimony and admission of depositions of defense witnesses).