Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

*Plaintiffs' counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Master Case No. 3:18-cv-01586-JSC<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 9: MAINTAINING CONFIDENTIALITY OF THE PLAINTIFFS' IDENTITIES**<br><br>Pretrial Hearing: April 29, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jacqueline S. Corley<br>Place: Courtroom F, 15th Floor<br><br>Trial Date: May 20, 2021 |

**INTRODUCTION**

The Court has repeatedly held that, given the sensitive and highly personal nature of the fertility services and attendant facts at issue in this case, Plaintiffs' need for anonymity supports protecting their identities from public disclosure. Plaintiffs request that the Court continue to seal the Plaintiffs' names and identifying information at trial.

While they have proceeded under pseudonyms to this point, Plaintiffs propose even narrower sealing of their identifying information at trial: using their first names alone throughout the trial, while redacting other identifying information (last names, birth dates and the like). Though it has not identified any prejudice this would cause, Chart has declined the proposal, expressing concern about the public right of access to trial. To alleviate any concerns, Plaintiffs propose disclosing their full names to potential and empaneled jurors so that any potential conflicts could be identified, but Plaintiffs would request that the Court instruct the jurors not to share Plaintiffs' identities with anyone and order that their full names and other identifying information remain sealed.

For these reasons, as well as those described below, Plaintiffs move the Court to continue to allow them to proceed without disclosing their full names to the public and maintain their other identifying information under seal.

**ARGUMENT**

While "[p]laintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings," courts "[i]n this circuit . . . allow parties to use pseudonyms" when "necessary … to protect [them] from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068. Courts "have permitted plaintiffs to use pseudonyms in three situations," including "when identification creates a risk of retaliatory physical or mental harm," and "when anonymity is necessary to preserve privacy in a matter of [a] sensitive and highly personal nature." *Id.* at 1068 (internal quotation omitted); *see also Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). "The most compelling situations" for allowing a party to proceed anonymously

1

PLAINTIFFS' MOTION IN LIMINE NO. 9: MAINTAINING
CONFIDENTIALITY OF THE PLAINTIFFS' IDENTITIES
MASTER CASE NO. 3:18-cv-01586-JSC

1  "involve matters which are highly sensitive, such as social stigmatization." *Doe v. Rostker*, 89 F.R.D.
2  158, 162 (N.D. Cal. 1981). Consequently, "courts have often allowed parties to use pseudonyms when
3  a case involves topics" relating to "human sexuality." *SFBSC Mgmt.,* 77 F. Supp. at 994.

### A. Privacy and Social Stigma

As the Court has previously concluded, Plaintiffs hold reasonable concerns about their privacy given the sensitive and highly personal nature of the fertility services at issue in this case. In addition to testimony about their fertility diagnoses and procedures, Plaintiffs have been deposed about a range of other highly sensitive and personal issues pertaining to sexuality and mental health, including birth control (A.B. Dep. at 88), miscarriage (C.D. Dep. at 50-51; I.J. Dep. at 38:17-39:8), their mental health histories (A.B. Dep. at 55-56; E.F. Dep. at 126), their families' mental health histories (E.F. Dep. at 33), abortion (G.H. Dep. at 20), sexually transmitted disease diagnoses (G.H. Dep. at 30), and the frequency with which one plaintiff and her husband are physically intimate (I.J. Dep. at 42, 88). All of these topics implicate legitimate privacy concerns and are firmly within the realm of information which courts in this circuit have routinely held justify proceeding anonymously. *SFBSC Mgmt.*, 77 F. Supp. 3d at 992 (risk of social stigma from exotic dancing justifies proceeding anonymously); *Doe v. United Serv. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (sexual orientation); *Doe v. Deschamps*, 64 F.R.D. 652 (D. Mont. 1974) (abortion; collecting older cases).

### B. Prejudice to the Opposing Party

Chart will suffer no prejudice if Plaintiffs are allowed to continue to proceed anonymously at trial. On April 5, 2021, Plaintiffs wrote to Chart to propose using the "Plaintiffs' first names throughout the trial" while still "redacting their last names, medical numbers, birth dates, and similar information (consistent with the District's existing guidance …) from the trial exhibits." *See* Exhibit __ (April 5, 2021 email from Amy M. Zeman to Kevin Ringel). Chart rejected this proposal, expressing concern about the right of public access to trial, but identifying no prejudice that would arise from protecting Plaintiffs' anonymity.

### C. Public Interest in Public Proceedings

Although the public has a general interest in court proceedings, the public has very little interest in knowing both the first and last names of the plaintiffs in this case. The relevant inquiry is whether

2

PLAINTIFFS' MOTION IN LIMINE NO. 9: MAINTAINING
CONFIDENTIALITY OF THE PLAINTIFFS' IDENTITIES
MASTER CASE NO. 3:18-cv-01586-JSC

1  "the plaintiffs' proceeding anonymously would actually bar public scrutiny of this case's operative
2  issues." *SFBSC Mgmt.*, 77 F. Supp. 3d at 996-997.[1] In this products liability case, anonymity would be
3  little if any obstacle to public scrutiny, because the operative issues mainly relate to whether Chart's
4  product was defective. "'[T]he public's interest in the case was not best served by requiring that the
5  litigants reveal their identities,' because here, 'party anonymity did not significantly obstruct the
6  public's view of issues joined or the court's performance in resolving them.'" *Doe v. Ayers*, 789 F.3d
7  944, 946 (9th Cir. 2015) (quoting *Advanced Textile*, 214 F.3d at 1068). Just as in *Doe v. Ayers*,
8  "[a]lthough the public does not know [Plaintiffs'] name[s], any reader of the Federal Reporter may
9  consider the evidence . . . and determine for himself whether our assessment of its strength was
10 correct." *Id.*; *see also Advanced Textile*, 214 F.3d at 1073, n.15 ("we fail to see[] how disguising
11 plaintiffs' identities will obstruct public scrutiny of the important issues in this case. . . . For instance,
12 the question whether there is a constitutional right to abortion is of immense public interest, but the
13 public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*.").

### D. Plaintiffs' Proposal is Narrowly Tailored

The Court has allowed the Plaintiffs to proceed under pseudonyms thus far in this litigation. In its March 4, 2019 Sealing Order, the Court granted Plaintiffs' motion to seal the portions of the record which identified Plaintiffs by name. (Dkt. No. 189 at 1). In its next order addressing the issue, the Court granted Plaintiffs' request that their names be sealed, explaining that it was "narrowly tailored." (Dkt. No. 404 at 3). In its most recent, February 18, 2021, order addressing motions to seal, the Court again described Plaintiffs' requests as "narrowly tailored" and granted their motion to keep their identities out of the public record. (Dkt. No. 691 at 2-3). Plaintiffs recognize that the public interest in open proceedings is at its peak at trial, and their proposal for anonymity at trial is even more narrowly tailored than the previous requests the Court has granted: they propose to proceed using only their real first names, without a last name referenced.

Here, as before, the Plaintiffs' need for anonymity outweighs the nonexistent prejudice to Chart and the public's modest interest in knowing the Plaintiffs' identities, and Plaintiffs' proposal is

---

[1] As noted above, Plaintiffs' consent to have their full names used so long as that information remains sealed.

3

PLAINTIFFS' MOTION IN LIMINE NO. 9: MAINTAINING
CONFIDENTIALITY OF THE PLAINTIFFS' IDENTITIES
MASTER CASE NO. 3:18-cv-01586-JSC

consistent with controlling Ninth Circuit authority. *See Advanced Textile*, 214 F.3d at 1068-69. Even if the public has a greater interest at trial than at previous stages of the litigation, Plaintiffs' proposal to reveal their first names more than satisfies the need for a narrow tailoring. The Court should once again allow Plaintiffs to preserve their anonymity.

## CONCLUSION

Plaintiffs respectfully request that the Court order that Plaintiffs may proceed at trial using only their first names, and that Plaintiffs' last names, medical numbers, birth dates, and similar information remain under seal.

Dated: April 14, 2021

Respectfully submitted,

By:   */s/ Amy M. Zeman*

Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400

4

PLAINTIFFS' MOTION IN LIMINE NO. 9: MAINTAINING
CONFIDENTIALITY OF THE PLAINTIFFS' IDENTITIES
MASTER CASE NO. 3:18-cv-01586-JSC

San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

*Plaintiffs' Counsel*

5

PLAINTIFFS' MOTION IN LIMINE NO. 9: MAINTAINING
CONFIDENTIALITY OF THE PLAINTIFFS' IDENTITIES
MASTER CASE NO. 3:18-cv-01586-JSC

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 9: MAINTAINING CONFIDENTIALITY OF THE PLAINTIFFS' IDENTITIES**<br><br>Hearing:  April 29, 2021<br>Time:      2:00 p.m.<br>Judge:     Hon. Jacqueline Scott Corley<br>Place:     Courtroom F, 15th Floor<br>Trial:       May 20, 2021 |

## I. INTRODUCTION

On April 9, 2021, Plaintiffs submitted their motion *in limine* No. 9, requesting the Court to continue to seal their names and identifying information at trial. In their motion, Plaintiffs acknowledge the public interest in open proceedings "is at its peak at trial[.]" (Pls. MIL No. 9 at 3:21-22.) Chart agrees, and objects to Plaintiffs' request. It is Plaintiffs' burden to prove they should be allowed to proceed at trial anonymously. This is an extraordinary request. They have not met their burden under the factors and standards established by the Ninth Circuit, and their "narrowly tailored" proposal to use only their first names and last initial does not cure the deficiencies in their argument. Plaintiffs' motion should be denied.

## II. ARGUMENT

### 1. Pertinent legal standards.

"Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–99 (1978)). In the Ninth Circuit, "the common law rights of access to the courts and judicial records are not taken lightly." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Where a court seals a plaintiff's identity early in the case during pretrial proceedings, "the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Advanced Textile Corp.*, 214 F.3d at 1069 (holding a district court should use its powers under Fed. R. Civ. P. 16 and 26 to manage *pretrial* proceedings and issue protective orders limiting disclosure where plaintiffs have demonstrated a need for anonymity). However, the presumption in litigation is that parties must use their real names, based on the public's right to open courts and the right of private individuals to confront their accusers. *Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d at 1042.

The strong presumption of public access and disclosure applies fully to dispositive motions and trial. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986), and finding the Ninth Circuit "adopted this principle of disclosure because the resolution of a dispute on the merits,

whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'"). For this reason, "[t]he party seeking anonymity has the burden of proving it should be allowed to proceed anonymously." *A.G. v. Unum Life Ins. Co. of Am.*, No. 3:17-CV-01414-HZ, 2018 WL 903463, at *1 (D. Or. Feb. 14, 2018) (citing *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008). To fulfill that burden, Plaintiffs must show the following five factors weigh in favor of anonymity: (1) the severity of a threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the precise prejudice at each stage of the proceedings to the opposing party, and whether the proceedings may be structured so as to mitigate that prejudice; and (5) whether the public interest would be best served by requiring that the litigants reveal their identities. *A.G. v. Unum Life Ins. Co. of Am.*, No. 3:17-CV-01414-HZ, 2018 WL 903463, at *2 (D. Or. Feb. 14, 2018) (citing *Advanced Textile Corp.*, 214 F.3d at 1069).

"Without sufficient special circumstances justifying the need for anonymity, Courts should not deviate from the longstanding notion that '[t]he people have a right to know who is using their courts.'" *Smith v. Corizon Healthcare*, No. 116CV00461DADEPGPC, 2016 WL 3538350, at *2 (E.D. Cal. June 28, 2016), *report and recommendation adopted sub nom. Smith v. Healthcare*, No. 116CV00461DADEPG, 2016 WL 4679712 (E.D. Cal. Sept. 7, 2016) (citing *U.S. v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008).

### 2. Plaintiffs have not overcome the presumption that the public interest outweighs their privacy concerns.

First, the Ninth Circuit has held that threat of physical harm is the paradigmatic case for allowing anonymity, and "the two most important factors [are] severity of the [1] threatened harm and [2] the reasonableness of the plaintiffs' fears." *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d at 1043 (affirming district court's denial of Doe children's request for anonymity, even where there had been threats of physical violence against them, because the district court did not err in finding the children's fear was not objectively reasonable and, therefore, the remaining factors did not tip the balance). Plaintiffs have presented no evidence to suggest they would be

subjected to threats, physical or otherwise, from using their full names at trial. Thus, this is not a paradigmatic case for allowing anonymity.

Instead, Plaintiffs' argument largely relies the Court's permission thus far to proceed under pseudonyms, and their purported embarrassment from their own medical histories as grounds to maintain anonymity at trial. However, the weight permitting anonymity during discovery and pretrial procedures does not apply equally at trial, *Kamakana*, 447 F.3d at 1179, and that "medical records might include embarrassing or private information is not unusual and does not justify the secrecy of anonymity. *E.L. v. Scottsdale Healthcare Corp. Health Plan*, No. 2:11-CV-00271-REJ, 2011 WL 1748548, at *1 (D. Ariz. May 6, 2011).

Plaintiffs' legal analysis relies on *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, which found "[t]his district has thus considered 'social stigmatization' among the 'most compelling' reasons for permitting anonymity." 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015). However, unlike Plaintiffs' request here, the *SFBSC Mgmt.* court was addressing pre-discovery requests by plaintiffs, who were exotic dancers, to proceed at that stage under the "Jane Roe" pseudonym. *Id*. at 992. The defendant agreed with plaintiffs, and the court found, that "public disclosure of an exotic dancer's true identity presents substantial risk of harm." *Id*. at 995. Further unlike *SFBSC Mgmt.*, Plaintiffs have failed to present any evidence they would face a substantial risk of harm or social stigma. This is not an unusual case warranting anonymity.

### a.   Privacy and Social Stigma

In their "privacy and social stigma" section, and as discussed above, Plaintiffs have presented no objective basis showing they would be subjected to social stigma by proceeding at trial under their full names. They cite one case from 1988, *United Serv. Life Ins. Co*., 123 F.R.D. 437 (S.D.N.Y. 1988), which suggests that homosexuality could cause social stigma sufficient to permit anonymity. They then cite a case from 1974, *Doe v. Deschamps*, which states "the intensely personal nature of pregnancy does, we believe, create an unusual case" so as to permit the anonymity of a pregnant plaintiff in a case "brought to test the constitutionality of Montana laws regulating abortions." 64 F.R.D. 652, 653 (D. Mont. 1974). Neither of those case support an argument that Plaintiffs' medical records are sufficiently stigmatizing in modern society to permit

anonymity at trial. Indeed, San Francisco, California, in the year 2021, is a far cry from New York in 1988 or Montana in 1974, and the issues shown in Plaintiffs medical records are more likely elicit sympathy than scorn.

Plaintiffs also suggest they have legitimate privacy concerns with respect to their medical histories, which justifies proceeding anonymously. (Pls. MIL No. 9 at 2:12-14.) However, many cases, including numerous medical malpractice lawsuits, also involve deeply personal information about a plaintiffs' health, medical history, and sexual relationships, and those cases commonly proceed at trial without the cloak of anonymity. *See E.L. v. Scottsdale Healthcare Corp. Health Plan*, No. 2:11-CV-00271-REJ, 2011 WL 1748548, at *1 (D. Ariz. May 6, 2011) ("Disclosure of medical records is part and parcel of judicial proceedings in many types of litigation, for example, Social Security administrative reviews, medical malpractice litigation, and, as alleged here, ERISA and welfare benefits claims. That the medical records might include embarrassing or private information is not unusual and does not justify the secrecy of anonymity."); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. But the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems.").

Finally, Plaintiffs list "topics" of issues in each of their medical histories that they consider highly sensitive and personal. (*See* Pls. MIL No. 9 at 2:7-12.) These topics show each Plaintiff's medical history is different from the next. While some of the topics may have been considered highly sensitive at some place and some time sufficient to warrant anonymity (such as abortion in Montana in 1974), the same cannot be said for each of these topics today. *See Corizon Healthcare*, 2016 WL 3538350, at *2 (rejecting plaintiff's request for anonymity and argument that the use of his true identity exposes his psychiatric medical records and mental health condition "to the public and fellow detainees, [which] will subject him to humiliation and embarrassment."). Thus, Plaintiffs' request is unworkable in this case with multiple plaintiffs, where a court could theoretically consider certain plaintiff's medical histories sufficiently sensitive to warrant

anonymity, but others are plainly not. Plaintiffs' suggested universal approach based on divergent medical issues should be rejected on its face.

### b. Prejudice to the Opposing Party

In there "prejudice to the opposing party" section, Plaintiffs offer the unsupported assertion that "Chart will suffer no prejudice if Plaintiffs are allowed to continue to proceed anonymously at trial." (Pls. MIL No. 9 at 2:19-29.) However, "merely showing the absence of prejudice to a defendant is insufficient for a plaintiff to meet his or her burden." *Unum Life Ins. Co. of Am.*, 2018 WL 903463, at *4 (citing *Kamehameha*, 596 F.3d at 1043).

Plaintiffs' unsupported contention is also wrong. The jurors will need to know the identities of the Plaintiffs for obvious reasons; namely, to determine if they know or recognize any of the Plaintiffs (this may be especially true if Plaintiffs are wearing masks). If a juror knew or knew of a Plaintiff, this could cause severe prejudice to Chart. Further, prejudice can derive from the simple fact that Plaintiffs are allowed to remain anonymous. The "anonymous plaintiff" circumstance provides an aura of concealment generally reserved for people against whom some horrible wrong was committed, such as sexual assault victims. That in and of itself would be prejudicial to Chart. The contention that a jury sitting at trial with anonymous plaintiffs will have no prejudicial effect on the defendant is shortsighted.

### c. Public Interest in Public Proceedings

The presumption is that the public has an interest in the court proceedings because "the people have a right to know who is using their courts.'" *Corizon Healthcare*, 2016 WL 3538350, at *2. Plaintiffs have not demonstrated a need for anonymity that outweighs that presumption. Their assertion the public has very little interest in knowing the first and last names of the Plaintiffs in this case is unsupported, defies the presumption, and is incorrect. First, this case is more than just a products liability case related to whether Chart's product was defective and caused Plaintiffs' damages. It involves a renowned cryopreservation fertility clinic (PFC) in San Francisco. Chart submits that the public has great interest in this case and all of its actors. Second, permitting anonymity *at trial* in this case would set poor guidance, and encourage any plaintiff who was purportedly embarrassed of his or her medical history to fight for anonymity when it is

unwarranted. Finally, and perhaps most important, the strong principle of disclosure applies at its fullest at trial because it helps ensure the public's understanding of the judicial process and of significant public events. *Kamakana*, 447 F.3d at 1179.

### d. Plaintiffs' Proposal

In their final argument, Plaintiffs' propose they be allowed to proceed at trial using only their first name and last initial, while continuing to seal other potentially identifying information. This is no different than proceeding anonymously. Plaintiffs recognize the heightened public interest at trial [Pls. MIL No. 9 at 3:21-22], as trial is the ultimate disposition of any case. They reference the Court's previous orders permitting them to seal portions of the record that identified Plaintiffs by name because it was "narrowly tailored" to the needs of the case at that juncture. However, none of the discussion or proposals in that section carry Plaintiffs' burden to overcome the strong presumption of disclosure at trial. Nor would Plaintiffs' suggestion to limit disclosure of full names for jury selection purposes only (followed by a proclamation from the Court that the Plaintiffs' full names are thereafter sealed for good) cure many of the problems with anonymity at trial. If anything, that approach, in particular the post-jury selection sealing aspect, could exacerbate the prejudice to Chart discussed above. Ultimately, Plaintiffs proposal need not be considered by the Court because they simply have not established they should be permitted to proceed at trial anonymously. Therefore, their motion should be denied.

## III. CONCLUSION

WHEREFORE, Defendant Chart, Inc. respectfully requests this Honorable Court to deny Plaintiffs' Motion *In Limine* No. 9 requesting to proceed at trial anonymously by only using their first name and last initial, and for any other relief this Honorable Court may deem equitable and just.

Dated: April 15, 2021                                   Respectfully submitted,

By: /s/ Kevin M. Ringel

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)

7
CHART'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 9
18-CV-01586-JSC

Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*