John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI,**
**ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC |
| | **CHART, INC.'S MEMORANDUM OF LAW IN SUPPORT OF DISPUTED JURY INSTRUCTIONS 14, 15, and 16** |

## NOTICE OF TRIAL BRIEF AND TRIAL BRIEF

PLEASE TAKE NOTICE that Defendant Chart Inc. hereby submits the following Memorandum of Law in support of its proposed modifications to California Civil Jury Instruction (CACI) 3903L, 3903M, and 3903A; and in opposition to Plaintiffs' proposed instructions based in part on CACI 3903L and 3093A. This Legal Memorandum is submitted pursuant to the Order entered on April 29, 2019 (ECF No. 206) and the minute entry entered on March 24, 2021 (ECF No. 733).

This memorandum is based on this Notice, the following Legal Memorandum, pleadings and other documents on file in this action, any oral or documentary evidence or argument as may be requested by the Court, and any other information the Court deems proper and necessary.

Dated: April 15, 2021

Respectfully submitted,
By: /s/___Kevin Ringel_____
John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*

<u>**LEGAL MEMORANDUM IN SUPPORT OF**</u>
<u>**CHART'S PROPOSED ECONOMIC DAMAGES JURY INSTRUCTIONS**</u>

## I.    <u>INTRODUCTION</u>

This case arises from an incident involving a cryogenic tank (Tank 4), manufactured by Chart, at Pacific Fertility Center (PFC) on March 4, 2018. Tank 4 contained Plaintiffs' eggs and embryos. Plaintiffs contend that, as a result of the incident, the temperature of Tank 4 increased and compromised their eggs and embryos. Consequently, Plaintiffs seek damages for the alleged harm to their eggs and embryos.

This legal memorandum addresses a dispute between Plaintiffs and Chart regarding the applicable language for the jury instructions on items of economic damages, the parties' Disputed Instructions Nos. 14, 15, and 16. Plaintiffs propose two instructions identifying economic damages under CACI 3903: a non-pattern instruction seeking the peculiar value of the damaged eggs and embryos to be offered as an instruction of economic damages for all Plaintiffs (Plaintiffs' Disputed Instruction No. 14); and, a modified version of CACI 3903A that identifies past medical expenses (Plaintiffs' Disputed Instruction No. 15). Neither instruction should be given as proposed.

First, the Plaintiffs' Disputed Instruction No. 14 is premised on Cal. Civ. Code § 3355, property of peculiar value. Although Plaintiffs point to relevant case law in support of their proposed instruction, they fail to cite the applicable statute or, more importantly, the existing pattern instruction applicable to such claims. That pattern instruction, 3903L, demonstrates why Plaintiffs here are not entitled to seek peculiar value damages: it should only be given where a plaintiff can establish that the item of personal property had some market value.  CACI 3903L. Plaintiffs' eggs and embryos do not have any market value. Therefore, they are entitled to no economic damages for the peculiar value of those eggs and embryos.  Alternatively, in the event this Court were inclined to give any instruction related to those claimed damages, this Court should use a modified version of CACI 3903L, not the non-pattern instruction proposed by Plaintiffs.  (*See* Chart's Disputed Instruction No. 14)  Notably, that instruction would apply *only* to those Plaintiffs unable to replace their eggs and embryos.  For those Plaintiffs who are able to

1

CHART'S MEMORANDUM
REGARDING INSTRUCTIONS 14, 15, 16
18-CV-01586-JSC

replace their lost eggs and embryos, those Plaintiffs are entitled *only* to claim damages for the replacement value of their eggs and embryos.

Second, the Plaintiffs are not entitled to their proposed modified version of CACI 3903A, which instructs the jury about past medical expenses.  (Plaintiffs' Disputed Instruction No. 15).  The Plaintiffs' claims are for property damage, not personal injury.  Moreover, there is nothing in CACI 3903A that would allow Plaintiffs to seek the recovery of their "travel expenses to travel to the care provider," a modification Plaintiffs propose.  Further, certain of the Plaintiffs are limited to seeking only economic damages for the loss of use of their eggs and embryos – i.e., the replacement value of their eggs and embryos, and nothing more.  To the extent some of the Plaintiffs are seeking *post-incident* medical expenses for the replacement of their eggs and embryos, Plaintiffs cannot use their Disputed Instruction No. 15 to seek them.  Those damages - i.e., medical procedures needed to replace those eggs and embryos – should be classified as damages for the replacement of personal property, for which the applicable instruction is based on CACI 3903M, Defendants' Disputed Instruction No. 16.

## II.     PROPOSED ECONOMIC DAMAGES INSTRUCTIONS

The relevant economic damages instructions for this Court's consideration are Disputed Instructions 14, 15, and 16.

### a.   Plaintiffs' Proposed Economic Damages Instructions.

Plaintiffs propose the following modified version of CACI 3903 as their Disputed Instruction Nos. 14 and 15).  Plaintiffs' Disputed Instruction No. 14 is premised on Cal. Civ. Code § 3355 and incorporated elements of CACI 3903L.  Plaintiffs' Disputed Instruction No. 15 is a modified version of CACI 3093A.

**Disputed Instruction No. 14 Re Damage to Eggs or Embryos Offered by Plaintiffs**

1)     Damage to eggs or embryos. Plaintiffs' eggs and embryos do not have an established market value, but plaintiffs may establish their value through other available sources, including the expense of obtaining and cryopreserving the eggs and embryos; the time expended to obtain eggs and embryos; the difficulty associated with obtaining the eggs and

CHART'S MEMORANDUM
REGARDING INSTRUCTIONS 14, 15, 16
18-CV-01586-JSC

embryos; the nature and character of the eggs and embryos; and the use for which the eggs and embryos were intended.

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**Authority**: United States v. CB & I Constructors, Inc., 685 F.3d 827, 837–38 (9th Cir. 2012); Kimes v. Grosser, 195 Cal. App. 4th 1556, 1560-62; Zvolanek v. Bodger Seeds, 5 Cal. App. 2d 106, 109 (1935); Willard v. Valley Gas & Fuel Co., 171 Cal. 9, 15-16 (1915).

**Disputed Instruction No. 15 Re Past Medical Expenses Offered by Plaintiffs**

2)    Past Medical Expenses: To recover damages for past medical expenses, each plaintiff must prove the reasonable cost of reasonably necessary medical care that they received. The reasonable cost for reasonably necessary medical care may include costs reasonably required to obtain the medical care, including travel expenses to travel to the care provider.

**Source**: CACI 3903A (modified as indicated and to remove references to future expenses).

b.  **Relevant CACI Instructions.**

The relevant pattern instructions are as follows. Internal brackets have been omitted and case-specific language added where appropriate.

CACI 3903L:  Damage to Personal Property Having Special Value (Civ. Code, § 3355) (Economic Damage)

The unique value of plaintiffs' eggs and embryos.  To recover damages for the unique value, plaintiffs must prove all of the following:

1.  That the eggs and embryos had some market value;
2.  That the eggs and embryos had unique value to plaintiffs; and
3.  That Chart Inc. had notice of this unique value before the harm.

No fixed standard exists for deciding the amount of this value.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

CHART'S MEMORANDUM
REGARDING INSTRUCTIONS 14, 15, 16
18-CV-01586-JSC

CACI 3903A:  Medical Expenses – Past and Future (Economic Damage)

Past and future medical expenses.

To recover damages for past medical expenses, plaintiffs must prove the reasonable cost of reasonably medical care that they have received.

To recover damages for future medical expenses, plaintiffs must prove the reasonable cost of reasonably necessary medical care that they are reasonably certain to need in the future.

CACI 3903M:  Loss of Use of Personal Property (Economic Damage)

The loss of use of plaintiffs' [item of personal property].

To recover damages for loss of use, Plaintiffs must prove the reasonable cost to rent a similar item for the amount of time reasonably necessary to repair or replace the [item of personal property].

### c.  Chart's Proposed Economic Damages Instructions.

As explained below, Chart objects to Plaintiffs' Disputed Instruction No. 14, as no such instruction is appropriate in this case.  However, in the alternative, to the extent this Court determines that the Plaintiffs are entitled to an instruction concerning section 3355 damages, Chart proposes the following as its Alternative Disputed Instruction No. 14:

**Alternative Disputed Instruction No.** Error! Reference source not found.
**Re Damage to Eggs or Embryos Offered by Chart**

The following are the specific items of economic damages claimed by some of the plaintiffs:  The unique value of certain plaintiffs' eggs and embryos.

To recover damages for the unique value, certain plaintiffs' must prove the following:

1.      That the eggs or embryos had unique value to certain plaintiffs; and

2.      That Chart had notice of this unique value before the harm;

No fixed standard exists for deciding the amount of this value. You must consider only the property's unique economic value, not its sentimental or emotional value. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

CHART'S MEMORANDUM
REGARDING INSTRUCTIONS 14, 15, 16
18-CV-01586-JSC

1

**Source**:  CACI 3903L, *modified*; *see* Cal. Civ. Code § 3355; *McMahon v.*
2    *Craig*, 176 Cal. App. 4th 1502, 1518 (2009); *Zvolanek v. Bodger Seeds*, 5
     Cal. App. 2d 106, 109 (1935).
3

4    In place of Plaintiffs' Disputed Instruction No. 14, Chart proposes an instruction based on CACI

5    3903M as its Disputed Instruction No. 16:

6
        **Disputed Instruction No. 16 Re Loss of Use of Personal Property**
7        **Offered by Chart**

8        3)      Loss of Use of Personal Property:  To recover damages for loss of
         use, certain plaintiffs must prove the reasonable cost to replace the eggs
9        and embryos.

10       **Source**: CACI 3903M, modified by specifying "certain" plaintiffs and
11       removing inapplicable language about renting substitute personal property.

12   **III.    LEGAL ARGUMENT**

13       **a.    The Plaintiffs' eggs and embryos are personal property.**

14       California law is clear: genetic material is a unique type of personal property. *See Hecht*

15   *v. Superior Court,* 16 Cal. App. 4th 836, 850 (1993) (sperm held at sperm bank is personal

16   property that occupies "an interim category" entitled to special respect due to potential for

17   human life); *see also Estate of Kievernasgel v. Kivernagel*, 166 Cal. App. 4th 1025, 1030 (2008)

18   (genetic material, with its potential to produce life, is a unique type of property); *Branzewell v.*

19   *California Crybank, LLC*, 480 F.Supp.3d 1080 (C.D. Cal. 2020) (sperm donor alleged injury to

20   property right in sperm where sperm bank claimed to destroy sperm samples, but sent to

21   purchaser instead); *Robertson v Saadat,* 48 Cal. App. 5th 630, 645 (2020) (reiterating property

22   interest in sperm samples).

23       Here, Plaintiffs seek damages for injuries to their eggs and embryos. Given the eggs and

24   embryos' potential to produce life, they are personal property under California law. Accordingly,

25   the CACI instructions on damage to personal property must apply.

26

27

28

5                                                    CHART'S MEMORANDUM
                                                     REGARDING INSTRUCTIONS 14, 15, 16
                                                     18-CV-01586-JSC

**b.  Plaintiffs' Disputed Instruction No. 14 seeking peculiar value damages is contrary to CACI 3903L.**

Under California law, if property is replaceable, the available damages for the lost property is fixed as replacement value less depreciation.  Restatement (Second) of Torts § 911, comment f (1979).  However, California law recognizes that certain personal property has a special, or peculiar, economic value to the person claiming the loss.  *McMahon v. Craig*, 176 Cal. App. 4th 1502, 1518 (2009); *see also King v. Karpe*, 170 Cal. App. 2d 344, 348 (1959); *Drinkhouse v. Van Ness*, 202 Cal. 359, 379 (1927).  Those special, or peculiar, damages, are recoverable under section 3355 of the California Civil Code:

> Where a certain property has a peculiar value to a person recovering damages for deprivation thereof, or injury thereto, that may be deemed to be its value against one who had notice thereof before incurring a liability to damages in respect thereof, or against a willful wrongdoer.

Cal. Civ. Code § 3355:

In cases involving such peculiar damages, juries are to be instructed under the applicable California pattern jury instruction: CACI 3903L.  *See* Cal. R. 2.1050(e).  However, CACI 3903L restricts claims for peculiar damages under Cal. Civ. Code § 3355 to only those items of personal property which have "some market value." *Id*.  That limitation is no accident.  The California Court of Appeal emphasized in *McMahon*:

> Even where the subject matter has its chief value in its value for use by the injured person, if the thing is replaceable, the *damages for its loss are limited to replacement value less an amount for depreciation*.  If the subject matter cannot be replaced, however, as in the case of a destroyed or lost family portrait, the owner will be compensated for its special value to him, as evidenced by the original cost, and the quality and condition at the time of the loss.  Likewise an author who with great labor has compiled a manuscript, useful to him but with no exchange value, is entitled, in the case of its destruction, to the value of the time spent in producing it or necessary to spend to reproduce it.  *In such cases, however, damages cannot be based on sentimental value.  Compensatory damages are not given for emotional distress caused merely by the loss of such things*, except that in the unusual circumstances damages may be awarded for humiliation caused by such deprivation, as where one is deprived of essential articles of clothing.

CHART'S MEMORANDUM
REGARDING INSTRUCTIONS 14, 15, 16
18-CV-01586-JSC

176 Cal. App. 4th at 1519 (quoting Restatement (Second) of Torts § 911, internal quotations omitted, emphasis as in original); *see also Drinkhouse*, 202 Cal. at 379 (discussing the evidence of the peculiar value of a destroyed race horse could be established, in part, by considering evidence of the reasonable market value of the horse for a variety of purposes).

With that in mind, CACI 3903L is inapplicable here.  It requires, as a preliminary matter to the jury's evaluation of damages, that the damaged personal property "had some market value."  CACI 3903L(1).  That – the market value of the peculiar property – is to be the jury's starting point for fixing a plaintiffs' claimed damages.  However, eggs and embryos do not have an established market value. (Somkuti Dep. 82:16-21). The Plaintiffs, therefore, are not entitled to an instruction seeking economic damages for their loss of this particular personal property, because it has no established market value and cannot satisfy the threshold requirement of having a market value under CACI 3903L.  Plaintiffs' Disputed Proposed Instruction No. 14 describing economic "damages to eggs and embryos" is improper and should not be given to the jury.

If, and only if, *arguendo*, this Court were to determine that the jury should be given some sort of instruction about the economic damages associated with some of the Plaintiffs' eggs and embryos, that instruction must given through a modified version of CACI 3903L.  Again, CACI 3903L is the applicable instruction in cases involving claims of damage to personal property of peculiar value.  It would be improper to use a non-pattern instruction instead of modifying the existing, appropriate, and applicable instruction.

To that end, in the alternative, only, Chart has proposed its Alternative Disputed Instruction No. 14.  The proposed instruction applies only to those Plaintiffs who are unable to replace their lost eggs and embryos, and omits the language in the pattern instruction concerning the existing market value of the personal property.  (*Compare* Chart's Alternative Disputed Instruction No. 14 *with* CACI 3903L).  However, a jury cannot appropriately evaluate the peculiar or unique value of personal property under Cal. Civ. Code § 3355 without any further direction – direction which would, under the pattern instruction, be given by requiring the jury to consider the market value of the damaged property.  Although there are few cases addressing the concept of peculiar damages under California law, two concepts remain constant: 1) those

CHART'S MEMORANDUM
REGARDING INSTRUCTIONS 14, 15, 16
18-CV-01586-JSC

damages cannot take into account sentimental value, subjective value, or emotional damages; and 2) there must be a rational basis provided for determining the value. *See McMahon*, 176 Cal. App. 4th at 1518; *Robinson*, 175 F.Supp.2d at 1232-33.  Therefore, Chart proposes that this Court provide that legal context through an additional sentence, instructing the jury to "consider only the property's unique economic value, not its sentimental or emotional value."  (Chart's Alternative Disputed Instruction No. 14).

That sentence is based on the repeated and emphatic warning that peculiar damages under section 3355 "refers to a property's unique economic value, *not its sentimental or emotional value*." *McMahon*, 176 Cal. App. 4th at 1518 (emphasis added).  Unless given that specific direction, a jury may not recognize the legal limitation on the scope of peculiar value damages.  Indeed, the concept that sentimental or emotional value cannot be considered may seem counterintuitive to a jury.  Without that crucial clarification, and if this Court omits that portion of the instruction tying economic damages to the market value of the item at issue, there is no way for a jury to understand the context of its deliberations and the limitations on some Plaintiffs' economic damages claim.

Fundamentally, Plaintiffs' Disputed Instruction No. 14 is not an appropriate measure of economic damages.  It does not follow the existing pattern instruction.  On the contrary, it uses emotional and subjective language – e.g., "difficulty" obtaining the eggs and the intended "use" of the eggs/embryos – that is contrary to California law.  Chart's Alternative Disputed Instruction No. 14 accurately reflects both the law as well as the structure of the pattern instructions.  It is a fair and appropriate instruction, comprised of the language Plaintiffs and Chart do not dispute.  If this Court gives an instruction allowing certain Plaintiffs to seek damages for their non-replaceable lost eggs and embryos, it should be Chart's Alternative Disputed Instruction No. 14.

  c.  **Plaintiffs Disputed Instruction No. 15, Based on CACI 3903A, Does Not Apply Here.**

Further, Plaintiffs' Disputed Instruction No. 15, based on CACI 3903A (awarding damages for past medical expenses and related travel expenses) does not correctly instruct the

jury about the available economic damages for all Plaintiffs.  First and foremost, the Plaintiffs

have included non-pattern language about recovering travel expenses to travel to a care provider.

Neither the pattern instruction, nor the sources and authority, suggests the availability of such

damages.  The Plaintiffs have identified no basis for that instruction, and it is not appropriate

here.

Second, this is a property damage case, not a personal injury case.  The language in

Plaintiffs' Disputed Instruction No. 15 concerns medical expenses incurred as a result of a

personal injury.  That is not the dispute in this case.  Therefore, it would be inappropriate to

instruct the jury using an instruction based on CACI 3903A.

Finally, to the extent the Plaintiffs intend to use this instruction to argue they are entitled

to costs of *replacing* their damaged eggs and embryos – i.e., loss of use of their personal property

- Plaintiffs' Disputed Proposed Instruction No. 15 is not appropriate.  As noted above, not all

Plaintiffs would be entitled to seek damages under this instruction.  Those who cannot replace

their eggs and embryos should, if this Court determines it appropriate, only be entitled to seek

damages for the peculiar value of their destroyed eggs and embryos.  In contrast, those Plaintiffs

who *were* able to replace their eggs and embryos are only allowed to recover for the loss of use

of that personal property.

CACI 3903M sets forth the law on recovering damages for "loss of use."  CACI 3903M.

It provides that the measure of damages is the  "the reasonable cost to rent a similar item of

personal property for the amount of time reasonably necessary to repair or replace the item of

personal property." CACI 3903M.  To be sure, that typically refers to economic damages

incurred over the course of replacing an item of personal property, such as the costs of a rental

car while waiting for a replacement vehicle.  *See* CACI 3903M, *sources and authority*.

However, eggs and embryos have no fair market value, therefore none of the CACI instructions

(particularly CACI 3903K, which addresses the replacement of destroyed personal property) is

applicable here.  With some modification, the language of CACI 3903M is the most appropriate

for those Plaintiffs who seek economic damages for the replacement value of their damaged eggs

and embryos.  It should be used in this unusual case.

CHART'S MEMORANDUM
REGARDING INSTRUCTIONS 14, 15, 16
18-CV-01586-JSC

Specifically, Chart contends, and the evidence will show, that Plaintiffs A.B., C.D., and E.F. have the ability to replace their eggs and embryos. Dr. Feinberg and Dr. Somkuti agree. (Feinberg Report 5-8, Somkuti Dep., 25:19-26:2, 28:25-29:4, 46:25-47:5).  In fact, Plaintiff E.F. already replaced her Tank 4 eggs and embryos and does not have a diagnosed fertility condition. (Feinberg Report 7-8, Somkuti Dep. 45:13-15). Plaintiff A.B. is thirty-six years old with PCOS, which results in an ability to produce more eggs. (Somkuti Dep. 25:19-26:2). Although Plaintiff C.D. discarded his frozen sperm samples, he can undergo another TESE procedure to retrieve additional sperm. (Feinberg Report 6). Thus, Plaintiffs A.B. and C.D. have the option to undergo another egg retrieval and fertilization. (Feinberg Report 7). The evidence will also show that Plaintiffs G.H. and I.J. do not have the ability to replace their eggs and embryos. (Feinberg Report, 8-9) (Somkuti Report 21-22).

Therefore, the jury must decide whether any of the Plaintiffs' damages are limited *only* replacement value.  It is Chart's position that they are.  Chart is entitled to have the jury instructed on that issue.  For that reason, Chart's proposed instructions – Chart's Alternative Disputed Instruction No. 14 and Chart's Disputed Instruction No. 16 - state that they shall apply to "certain plaintiffs," not "all plaintiffs."  For Plaintiffs *unable* to replace their lost eggs and embryos, Alternative Disputed Instruction 14 (based on CACI 3903L) should be used.  For Plaintiffs *able* to replace their lost eggs and embryos, Disputed Instruction 16 (based on CACI 3903M) should be used.

CHART'S MEMORANDUM
REGARDING INSTRUCTIONS 14, 15, 16
18-CV-01586-JSC

## IV.    **CONCLUSION**

WHEREFORE, Defendant Chart, Inc. respectfully requests this Honorable Court enter an order finding that Chart's proposed instructions of CACI 3903L and 3903M shall be offered to the jury during the trial in this cause.

Dated: April 15, 2021

Respectfully submitted,

By: /s/ Kevin M. Ringel

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*

11

CHART'S MEMORANDUM
REGARDING INSTRUCTIONS 14, 15, 16
18-CV-01586-JSC