John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S MEMORANDUM OF LAW OBJECTING TO PLAINTIFFS' CLAIM FOR NON-ECONOMIC DAMAGES IN NEGLIGENCE**<br><br>Date:<br>Time:<br>Judge: Hon. Jacqueline Scott Corley<br>Place: Zoom |

## NOTICE OF TRIAL BRIEF AND TRIAL BRIEF

PLEASE TAKE NOTICE that Defendant Chart Inc. hereby submits the following Memorandum of Law in support of its proposed verdict forms; and in opposition to Plaintiffs' proposed verdict forms. This Legal Memorandum is submitted pursuant to the Order entered on April 29, 2019 (ECF No. 206) and the minute entry entered on March 24, 2021 (ECF No. 733).

This memorandum is based on this Notice, the following Legal Memorandum, pleadings and other documents on file in this action, any oral or documentary evidence or argument as may be requested by the Court, and any other information the Court deems proper and necessary.

Dated: April 15, 2021

Respectfully submitted,

By: /s/ Kevin Ringel
John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*

# LEGAL MEMORANDUM IN SUPPORT OF CHART'S PROPOSED VERDICT FORMS AND OPPOSITION TO PLAINTIFFS' PROPOSED VERDICT FORMS

## I. INTRODUCTION

Plaintiffs have proposed a jury verdict form including section III, seeking to recover damages for Chart's alleged negligent failure to recall or retrofit Tank 4's controller. The Plaintiffs have also included a single section for assignment of compensatory damages, section V, which identifies each individual Plaintiff's claims for economic loss and noneconomic loss, including "pain, suffering, and emotional distress." Plaintiffs Proposed Verdict Form at V – Compensatory Damages. The proposed verdict form is inappropriate. It does not distinguish between the damages available for their strict liability claims and the damages available for their negligence claims – and those damages are separate and distinct.

That is not a distinction without a difference in this case. California law is clear: Plaintiffs are not entitled to recover emotional distress damages in this property damage case. Assuming, *arguendo*, that the jury were to find for the Plaintiffs on their negligent failure to recall or retrofit claim, the Plaintiffs are not entitled to an award of any of noneconomic damages for those claims.

## II. NEGLIGENT EMOTIONAL DISTRESS DAMAGES ARE NOT AVAILABLE IN THIS PROPERTY DAMAGE CASE.

In California, negligent emotional distress is not an independent tort. *McMahon v. Craig*, 176 Cal. App. 4th 1502, 1509 (2009); *see also Robinson v. United States*, 175 F.Supp.2d 1215, 1224 (E.D. Cal. 2001); *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989). Rather, the availability of negligent emotional distress damages is a question of law, and "depends on the foreseeability of the risk and a weighing of policy considerations for and against imposition of liability." *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992).

California courts have traditionally limited the availability of damages for negligently inflicted emotional distress. *Molien v. Kaiser Found. Hosps.*, 27 Cal. 3d 916, 926-27 (1980). For example, emotional distress damages are generally not available in negligence cases that do not involve a physical injury to plaintiff. *Ehrlich v. Menezes*, 21 Cal. 4th 543, 558-59 (1999); *see also Molien*, 27

Cal. 3d at 926-27.  Emotional distress damages are also typically not available for claims involving negligent damage to personal property.  *See Gonzalez v. Personal Storage, Inc.*, 56 Cal. App. 4th 464, 476 (1997).  Also, "intentional torts will support an award of damages for emotional distress alone, but only in cases involving 'extreme and outrageous intentional invasions of one's mental and emotional tranquility.'"  *Molien*, 27 Cal. 3d at 927.  The question before this Court concerns whether the instant case implicates any exceptions to those general rules.  It does not.

### a. Categories and availability of emotional distress damages.

There are three classes of cases in which emotional distress damages in a negligence action may arise:  cases involving parasitic damages; bystander cases; and direct victim cases.  *Robinson*, 175 F.Supp.2d at 1224.  This case does not involve parasitic damages (where a plaintiff suffers a negligently-caused physical injury, she may also seek to recover emotional distress damages resulting from fear of future harm attributable to the physical injury).  *Id*. at 1224-25.  Nor is this a bystander case, in which the plaintiff was not physically impacted or injured, but instead witnessed someone else being injured due to defendant's negligence.  *Wooden v. Raveling*, 61 Cal. App. 4th 1035, 1037; *see also Robinson* at 1225 (describing a bystander case as one in which "a plaintiff seeks to recover damages as a percipient witness to the injury of another").  This case is a "direct victim" case, involving a claim of emotional distress "not based upon witnessing an injury to someone else, but rather [ ] based upon the violation of a duty owed directly to the plaintiff."  *Wooden*, 61 Cal. App. 4th at 1038.

### b. The availability of negligent emotional distress damages depends on the scope of a defendant's duty to a plaintiff.

In order to determine whether a plaintiff may seek emotional distress in a direct victim case, the next question concerns the scope of duty the defendant owes the plaintiff.  *Robinson*, 175 F.Supp.2d at 1226; *Burgess*, 2 Cal. 4th at 1074.  A duty may (1) be imposed by law; (2) may be assumed by the defendant; or (3) may exist as a result of a special relationship between the plaintiff and defendant.  *Burgess*, 2 Cal. 4th at 1072.  Regardless of the type of duty, its scope is not limitless.  There is no duty under California law to "avoid negligently causing emotional distress to another."  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993).  Therefore, "unless the defendant has assumed a duty to

plaintiff in which the emotional condition of the plaintiff is an object, recovery [of emotional distress damages] is available *only* if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is caused by that breach of duty." *Id*. at 985 (emphasis added); *see also Gu v. BMW of North America, LLC*, 132 Cal. App. 4th 195, 204 (2005).  And, further, "even then, with rare exceptions, a breach of the duty *must threaten physical injury, not simply damage to property or financial interests*." *Potter*, 6 Cal. 4th at 985. (emphasis added).  That latter point is well-established under California law.  As the California Supreme Court emphasized in *Erlich*, *"*No California case has allowed recovery for emotional distress arising *solely* out of property damage[.]" 21 Cal. 4th at 554 (internal citations omitted, emphasis added).

        **c.**     **The Plaintiffs are not entitled to emotional distress damages in this case.**

Here, the Plaintiffs seek damages for – as is relevant for purposes of this motion – negligent failure to recall, a products liability claim.  In their jury instructions at section V, the compensatory damages section, the Plaintiffs' paragraph 13 identifies a single space to award noneconomic loss damages for "pain, suffering, and emotional distress" for all three of their claims.  This Court should reject that proposed verdict form.  They are not entitled to seek any such noneconomic damages arising out of their negligent failure to recall or retrofit claims for their allegedly damaged property.

Chart does not dispute that the Plaintiffs have alleged the existence of a duty owed them by Chart.  It is well-settled that a manufacturer of a product has a duty to "exercise reasonable care in its design so that it can be safely used as intended by its buyer/consumer." *Gu*, 132 Cal. App. 4th at 206.  Chart also does not dispute that "manufacturers and sellers are exposed to claims of emotional distress suffered by persons *injured* while using a defective product." *Id*. at 209.  However, the Plaintiffs have not suffered a *physical injury* as a result of Chart's alleged negligent failure to recall.  Their damages claims concerns their lost eggs and embryos – i.e., a claim alleging *property damage*.  Thus, theirs is a claim seeking emotional distress resulting *solely from negligent injury to property*, a category of damages not allowed under California law. *See Gonzalez*, 56 Cal. App. 4th at 476; *Erlich*, 21 Cal. 4th at 554.

Both California courts and federal courts interpreting California law have repeatedly reached that conclusion.  For example, in *Erlich*, the California Supreme Court considered whether

homeowners were entitled to seek emotional distress damages from their licensed general contractor, whom they alleged negligently built their new house. 21 Cal. 4th at 548. The plaintiffs claimed they suffered emotional distress as a result of the defective condition of the house, including fears that the house would collapse and injure both the plaintiffs and their daughter. *Id*. at 549. A jury found the contractor liable for breach of contract arising out of the negligent construction of the home and awarded the individual plaintiffs damages for emotional distress. *Id*. The California Supreme Court eventually reversed the emotional distress award, finding that the scope of duty in a negligent breach of contract case did not support "tortious damages for violation of an independent tort duty" – i.e., did not implicate a duty that would allow the recovery of emotional distress damages under California law. *Id*. at 553-54.

In contrast, in *Potter*, the California Supreme Court found that plaintiffs successfully articulated a claim under which negligent emotional distress damages were recoverable, even in the absence of a physical injury. 6 Cal. 4th at 985. But, the case spoke to a specific and crucial exception to the general physical injury requirement: emotional distress damages based on a well-founded fear of possible *future physical injury*. *Id*. at 997. Specifically, in *Potter*, plaintiffs – four landowners living adjacent to a landfill – alleged that defendant Firestone Tire & Rubber had a practice of releasing toxic wastes at the landfill. *Id*. at 975. As a result, they alleged prolonged exposure to certain carcinogens and sought to recover, among other things, emotional distress damages related to fear of developing cancer in the future. *Id*. at 975. The *Potter* court allowed the plaintiffs to seek negligent emotional distress damages related to fear of future injury, but "only if the plaintiff pleads and proves that (1) as a result of the defendant's negligent breach of duty owed to the plaintiff, the plaintiff is exposed to a toxic substance which threatens cancer; *and* (2) the plaintiff's fear stems from a knowledge, corroborated by reliable medical or scientific opinion, that it is more likely than not that the plaintiff will develop the cancer in the future due to the toxic exposure." *Id*. at 997 (emphasis in original). Further, the California Supreme Court held that each plaintiff must show that "based upon reliable medical or scientific opinion, the plaintiff harbors a serious fear that the toxic ingestion or exposure was of such magnitude and proportion as to likely result in the feared cancer." *Id*. Said succinctly, in order to seek emotional

distress damages in mass tort, the plaintiffs were required to establish that they were concerned about a specific *physical injury*, and that physical injury was likely to manifest at some point in the future. *Id*.

In *Robinson*, the United States District Court for the Eastern District of California engaged in an extensive evaluation of California precedent, including of *Erlich* and *Potter*, before concluding that the plaintiffs could *not* seek negligent emotional distress damages for damage to their personal and real property. 175 F.Supp.2d at 1225-29. There, the federal government allegedly negligently allowed a prescribed fire to escape onto property owned by plaintiffs, destroying their real and personal property. *Id*. at 1217. Plaintiffs were ordered to leave their property approximately ten minutes before the fire overtook their property and, as a result, they suffered no physical injuries. *Id*. at 1218. They sued the federal government under a direct victim theory, and the district court agreed that the government owed the plaintiffs a duty to "conduct its prescribed fire in such a way as to minimize the risk of harm to persons and property in the surrounding area" and also to "protect against physical injury posed by a prescribed fire." *Id*. at 1228. However, the district court observed, the scope of that duty was not so broad as to include a duty to prevent emotional distress. *See id*. Plaintiffs experienced no physical injury and were warned to leave before they were at significant risk of physical injury. *Id*. Without that actual physical injury or legitimate fear of a future physical injury, the district court ruled, the plaintiffs' only claims concerned property damage – claims for which the plaintiffs were not entitled to recover emotional distress damages. *Id*. at 1228-29. The district court explained:

> It is true that the Lowden Ranch fire escaped and did, ultimately, come onto Plaintiffs' property and destroyed Plaintiffs' home and possessions. No one would argue that seeing one's home and earthly possessions go up in flames is a shattering experience. However, the ten-minute warning allowed Plaintiffs adequate time to escape the specific threat of physical injury which would have provided the reasonable basis to believe that physical injury would result.

*Id*. at 1229.

Fundamentally, Plaintiffs' claims here are not claims that concern a personal injury or the fear of a future injury. They are not claims concerning a situation in which they witnessed an individual experience a personal injury. They are not claims in intentional tort, for which the analysis of possible emotional distress damages in a property damage context is different. Rather, their negligent failure to

recall or retrofit claim is a straightforward negligence claim seeking damages to personal property. Under California law, the Plaintiffs are not entitled to recover any emotional distress damages for those claims.  This Court should refuse to use the proposed jury instructions tendered by the Plaintiffs, because those instructions do not properly separate out Plaintiffs' negligence claims (for which they are not entitled to noneconomic damages) from their strict liability claims.  Instead, this Court should tender the jury verdict forms provided by Chart.

### III.   CONCLUSION

WHEREFORE, Defendant Chart, Inc. respectfully requests this Honorable Court enter an order finding that Chart's proposed verdict forms, which omit any claim for emotional distress damages arising out of Plaintiffs' negligent failure to retrofit or recall claims, should be given to the jury.

Dated:  April 15, 2021.                              Respectfully submitted,

By: /s/ *Kevin M. Ringel*_____

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com

*Counsel for Defendant Chart, Inc.*