Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Case No. 3:18-cv-01586-JSC<br><br>**PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM**<br><br>Pretrial Hearing: April 29, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jacqueline Scott Corley<br>Place: Courtroom F, 15th Floor<br><br>Trial Date: May 20, 2021 |

We answer the questions submitted to us as follows:

**I.      MANUFACTURING DEFECT[1]**

1.   Did Tank 4 contain a manufacturing defect when it left Chart's possession?

    ____ Yes      ____ No

*If your answer to question 1 is yes, answer question 2. If you answered no, do not answer question 2 and go to question 3.*

2.   Was the manufacturing defect a substantial factor in causing harm to plaintiffs?

    ████████████ :   ____ Yes      ____ No

    ████████████ :   ____ Yes      ____ No

    ██████████████ :   ____ Yes      ____ No

    ██████████████ :   ____ Yes      ____ No

    ████████████ :   ____ Yes      ____ No

*Proceed to the next question.*

**II.     DESIGN DEFECT[2]**

3.   Did Tank 4 fail to perform as safely as an ordinary user of cryogenic storage tanks would have expected when used or misused in an intended or reasonably foreseeable way?

    ____ Yes      ____ No

*Regardless of your answer to question 3, answer question 4.*

---

[1] CACI VF-1200. Strict Products Liability—Manufacturing Defect—Comparative Fault at Issue
[2] CACI VF-1201. Strict Products Liability—Design Defect

1

PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM
CASE NO. 3:18-CV-01586-JSC

4. Did the benefits of the tank's design outweigh the risks of the design?

_____ Yes    _____ No

*If your answer to question 3 is **yes** or your answer to question 4 is no, then answer question 5. If you answered no to question 3 **and** yes to question 4, skip to question 6.*

5. Was the tank's design a substantial factor in causing harm to plaintiffs?

▮▮▮▮▮▮▮▮ :   _____ Yes   _____ No

▮▮▮▮▮▮▮▮ :   _____ Yes   _____ No

▮▮▮▮▮▮▮▮▮▮ :   _____ Yes   _____ No

▮▮▮▮▮▮▮▮▮▮ :   _____ Yes   _____ No

▮▮▮▮▮▮▮▮ :   _____ Yes   _____ No

*Proceed to the next question.*

III.     **NEGLIGENT FAILURE TO RECALL OR RETROFIT**[3]

6. Did Chart know or should it reasonably have known that Tank 4's controller was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner?

_____ Yes    _____ No

*If your answer to question 6 is yes, then answer question 7. If you answered no, do not answer questions 7 - 10 and go to question 11.*

---

[3] Based on CACI 1223. Negligence—Recall/Retrofit and modeled after VF-1205. Products Liability—Negligent Failure to Warn

7. Did Chart become aware of this defect after the tank was sold?

　　　　____ Yes   ____ No

*If your answer to question 7 is yes, then answer question 8. If you answered no, do not answer questions 8 - 10 and go to question 11.*

8. Did Chart fail to recall or retrofit the tank's controller?

　　　　____ Yes   ____ No

*If your answer to question 8 is yes, then answer question 9. If you answered no, do not answer questions 9 - 10 and go to question 11.*

9. Would a reasonable manufacturer under the same or similar circumstances have recalled or retrofitted the tank's controller?

　　　　____ Yes   ____ No

*If your answer to question 9 is yes, then answer question 10. If you answered no, do not answer question 10 and go to question 11.*

10. Was Chart's failure to recall or retrofit the tank's controller a substantial factor in causing harm to plaintiffs?

　　██████████ :   ____ Yes   ____ No
　　██████████ :   ____ Yes   ____ No
　　██████████████ :   ____ Yes   ____ No
　　████████████ :   ____ Yes   ____ No
　　█████████ :   ____ Yes   ____ No

*If you answered yes to any of questions 2, 5, or 10, then answer question 11~~13~~. If you answered no or did not answer questions 2, 5, and 10, stop here, answer no further questions, and have the presiding juror sign and date this form.*

3

PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM
CASE NO. 3:18-CV-01586-JSC

IV.     MISUSE

11.     Was Tank 4 misused after it left Chart's possession in a way that was so highly extraordinary that it was not reasonably foreseeable to Chart?

        ____ Yes     ____ No

*If you answered yes to question 11, then answer question 12. If you answered no, skip question 12 and go to question 13.*

12.     Was the miuse the sole cause of Plaintiff's harm?

        ____ Yes     ____ No

*If you answered no to question 12, then answer question 13. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.*

V.      **COMPENSATORY DAMAGES[4]**

13.     What are each plaintiff's damages?

███████████:

Economic loss

        Value of damaged/lost embryos:           $ _____

        Medical expenses after 3/4/18:           $ _____

Noneconomic loss

        ████████ pain, suffering, and emotional distress: $ _____

        ████████ pain, suffering, and emotional distress: $ _____

                    ████████████ **TOTAL**     $ _____

███████████:

Economic loss

---
[4] CACI VF-1200. Strict Products Liability—Manufacturing Defect—Comparative Fault at Issue

4

PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM
CASE NO. 3:18-CV-01586-JSC

   Value of damaged/lost eggs:  $ _____

Noneconomic loss

   Pain, suffering, and emotional distress:  $ _____

      █████████ **TOTAL**  $ _____

█████████ :

Economic loss

   Value of damaged/lost eggs:  $ _____

Noneconomic loss

   Pain, suffering, and emotional distress:  $ _____

      █████████ **TOTAL**  $ _____

█████████ :

Economic loss

   Value of damaged/lost eggs:  $ _____

   Medical expenses after 3/4/18:  $ _____

Noneconomic loss

   Pain, suffering, and emotional distress:  $ _____

      █████████ **TOTAL**  $ _____

*Proceed to the next question.*

**VI.  APPORTIONMENT OF FAULT[5]**

  14. Was PFC negligent with respect to Tank 4?

       ____ Yes  ____ No

---

[5] CACI VF-1200. Strict Products Liability—Manufacturing Defect—Comparative Fault at Issue

*If your answer to question 14 is yes, then answer question 15. If you answered no, insert the number zero next to PFC's name in question 16.*

15. Was PFC's negligence a substantial factor in causing harm to the plaintiffs?

    ____ Yes    ____ No

*If your answer to question 15 is yes, then answer question 16. If you answered no, insert the number zero next to PFC staff's name in question 16.*

16. What percentage of responsibility for the plaintiffs' harm do you assign to:

    Chart:      _____ %

    PFC:        _____ %

    **TOTAL       100 %**

*Only proceed to question 17 if you answered yes to question 10, above.*

VII.   **PUNITIVE DAMAGES[6] (PHASE ONE)**

17. Did Chart's failure to recall or retrofit Tank 4's controller constitute malice, oppression, or fraud?

    ____ Yes    ____ No

*If you answered yes, then answer question 18. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

18. Was the conduct constituting malice, oppression, or fraud committed by one or more officers, directors, or managing agents of Chart acting on behalf of Chart?

    ____ Yes    ____ No

---

[6] CACI VF-3902-04. Punitive Damages

*Proceed to the next question.*

19. Did an agent or employee of Chart engage in the conduct with malice, oppression, or fraud?

   \_\_\_\_ Yes     \_\_\_\_ No

*If you answered yes, then answer question 20. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

20. Did one or more officers, directors, or managing agents of Chart authorize this conduct?

   \_\_\_\_ Yes     \_\_\_\_ No

*Proceed to the next question.*

21. Did one or more officers, directors, or managing agents of Chart know of this conduct and adopt or approve it after it occurred?

   \_\_\_\_ Yes     \_\_\_\_ No

Signed: _____
              Presiding Juror

Dated: _____


After this verdict form has been signed, notify the [*clerk/bailiff/court attendant*] that you are ready to present your verdict in the courtroom.

**VIII.     PUNITIVE DAMAGES[7] (PHASE TWO)**

We answer the question submitted to us as follows:

    1.     What amount of punitive damages, if any, do you award plaintiffs?

        ▮▮▮▮▮▮▮▮ : $ _____

        ▮▮▮▮▮▮▮▮ : $ _____

        ▮▮▮▮▮▮▮▮▮▮ : $ _____

        ▮▮▮▮▮▮▮▮▮ : $ _____

        ▮▮▮▮▮▮▮▮ : $ _____

Signed: _____
              Presiding Juror

Dated: _____

After this verdict form has been signed, notify the [*clerk/bailiff/court attendant*] that you are ready to present your verdict in the courtroom.

---

[7] CACI VF-3902. Punitive Damages

Dated: April 15, 2021

By: */s/ Amy M. Zeman*
Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Ehg@classlawgroup.com
amz@classlawgroup.com

Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

*Plaintiffs' Counsel*