John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
SWANSON, MARTIN & BELL, LLP
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
SHEUERMAN, MARTINI, TABARI, ZENERE
& GARVIN
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

Counsel for Defendant Chart Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**PROPOSED SPECIAL VERDICT FORM (■.)**<br><br>Pretrial Conference: April 29, 2021<br>Trial Date: May 20, 2021<br><br>The Honorable Jacqueline Scott Corley |

### Section I.  Strict Products Liability—Manufacturing Defect
### (Affirmative Defense—Misuse or Modification)[1]

We answer the questions submitted to us as follows:

1. Did Chart Inc. manufacture the MVE 808 cryogenic tank?

    ____ Yes     ____ No

    *If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

2. Was the MVE 808 cryogenic tank misused or modified after it left Chart Inc.'s possession in a way that was so highly extraordinary that it was not reasonably foreseeable to Chart Inc.?

    ____ Yes     ____ No

    *If your answer to question 2 is yes, then answer question 3. If you answered no, skip question 3 and answer question 4.*

3. Was the misuse or modification the sole cause of the plaintiff's harm?

    ____ Yes     ____ No

    *If your answer to question 3 is no, then answer question 4. If you answered yes, stop here and answer no further questions in Section I, and go to Section II.*

4. Did the Tank 4 contain a manufacturing defect when it left Chart's possession?

    ____ Yes     ____ No

    *If your answer to question 4 is yes, then answer question 5. If you answered no, stop here and answer no further questions in Section I, and go to Section II.*

5. Was the Tank 4's manufacturing defect a substantial factor in causing harm to the plaintiff?

    ____ Yes     ____ No

---

[1] CACI VF-1200 and CACI VF-1201.  Because product misuse or modification is alleged as a complete defense (CACI 1245), questions 2 and 3 of CACI VF-1201 are included after question 1.  *See* CACI VF-1200's "Directions for Use."

*If your answer to question 5 is yes, then answer question 6. If you answered no, stop here and answer no further questions in Section I, and go to Section II.*

6. Was PFC negligent?

   ____ Yes     ____ No

*If your answer to question 6 is yes, then answer question 7. If you answered no, insert the number zero next to PFC's name in question 8.*

7. Was PFC's negligence a substantial factor in causing plaintiff's harm?

   ____ Yes     ____ No

*If your answer to question 7 is yes, then answer question 8. If you answered no, insert the number zero next to PFC's name in question 8.*

8. What percentage of responsibility for plaintiff's harm do you assign to:

   PFC:         _____
                %

   Chart:       _____
                %

   TOTAL        100%

*Procede to Section II.*

**Section II.  Strict Products Liability—Design Defect**
**(Affirmative Defense—Misuse or Modification)[2]**

We answer the questions submitted to us as follows:

1. Did Chart manufacture the Tank 4, the MVE 808 cryogenic tank?

    ____ Yes     ____ No

    *If your answer to question 1 is yes, then answer question 2. If you answered no, stop here and answer no further questions in Section II, and go to Section III.*

2. Was the Tank 4 misused or modified after it left Chart's possession in a way that was so highly extraordinary that it was not reasonably foreseeable to Chart?

    ____ Yes     ____ No

    *If your answer to question 2 is yes, then answer question 3. If you answered no, skip question 3 and answer question 4.*

3. Was the misuse or modification the sole cause of the plaintiff's harm?

    ____ Yes     ____ No

    *If your answer to question 3 is no, then answer question 4. If you answered yes, stop here and answer no further questions in Section II, and go to Section III.*

4. Is the product, Tank 4, one about which an ordinary consumer can form reasonable minimum safety expectations?

    ____ Yes     ____ No

    *If your answer to question 4 is yes, answer question 5. If your answer is no, skip question 5 and answer question 6.*

5. Did Tank 4 fail to perform as safely as an ordinary consumer would have expected when used or

---

[2] CACI VF-1201 and CACI VF-1200.  Because the negligence of PFC is at issue, questions 7 through 11 of CACI VF-1200 are added at the end.  *See* CACI VF-1201 at "Directions for Use."  Question 6 is based on CACI 1244 as permitted under *Johnson v. Honeywell Internat. Inc.*, 179 Cal. App. 4th 549, 558 n. 4. (2009).

misused in an intended or reasonably foreseeable way?[3]

\_\_\_\_ Yes     \_\_\_\_ No

*If your answer to question 5 is yes, answer question 6. If your answer is no, skip question 6 and answer question 7.*

6. At the time of the plaintiff's injury, did PFC and its employees and agents because of their particular position, training, experience, knowledge, or skill, know or should they have known about the harm or danger caused by the MVE 808 cryogenic tank with the TEC 3000 electronic controller?

\_\_\_\_ Yes     \_\_\_\_ No

*Regardless of your answer to question 6, answer question 7.*

7. Did the benefits of Tank 4's design outweigh the risks of the design?

\_\_\_\_ Yes     \_\_\_\_ No

*If you answered no to question 6 and yes to question 7, stop here and answer no further questions in Section II, and go to Section III.*

8. Was Tank 4's design a substantial factor in causing harm to the plaintiff?

\_\_\_\_ Yes     \_\_\_\_ No

*If your answer to question 8 is yes, then answer question 9. If you answered no, stop here and answer no further questions in Section II, and go to Section III.*

9. Was PFC negligent?

\_\_\_\_ Yes     \_\_\_\_ No

---

[3] Chart objects to this instruction and maintains that the proof will not warrant its submission to the jury.

4

*If your answer to question 9 is yes, then answer question 10. If you answered no, insert the number zero next to PFC's name in question 11.*

10. Was PFC's negligence a substantial factor in causing plaintiff's harm?

    \_\_\_\_ Yes     \_\_\_\_ No

*If your answer to question 10 is yes, then answer question 11. If you answered no, insert the number zero next to PFC's name in question 11.*

11. What percentage of responsibility for plaintiff's harm do you assign to:

    PFC:        _____
                %

    Chart:
                %

    TOTAL       100%

*Procede to Section III.*

### Section III.  Negligent Failure to Recall or Retrofit[4]

1. Did Chart know or should it reasonably have known that Tank 4's TEC 3000 electronic controller was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner?

    \_\_\_\_ Yes     \_\_\_\_ No

*If your answer to question 1 is yes, then answer question 2. If you answered no, stop here and answer no further questions in Section III, and go to Section IV.*

2. Did Chart become aware of this defect after the controller was sold?

    \_\_\_\_ Yes     \_\_\_\_ No

*If your answer to question 2 is yes, then answer question 3. If you answered no, stop here and answer no further questions in Section III, and go to Section IV.*

---

[4] Based on CACI 1223 and modeled after CACI VF-1205 (Neligent Failure to Warn) and CACI VF-1200/1201 including the instructions on PFC's negligence.

3. Did Chart fail to recall or retrofit the controller?

   ____ Yes ____ No

*If your answer to question 3 is yes, then answer question 4. If you answered no, stop here and answer no further questions in Section III, and go to Section IV.*

4. Would a reasonable manufacturer under the same or similar circumstances have recalled or retrofitted the tank's controller?

   ____ Yes ____ No

*If your answer to question 4 is yes, then answer question 5. If you answered no, stop here and answer no further questions in Section III, and go to Section IV.*

5. Was Chart's failure to recall or retrofit the tank's controller a substantial factor in causing harm to plaintiff?

   ____ Yes ____ No

*If your answer to question 5 is yes, then answer question 6. If you answered no, stop here and answer no further questions in Section III, and go to Section IV.*

6. Was PFC negligent?

   ____ Yes ____ No

*If your answer to question 6 is yes, then answer question 7. If you answered no, insert the number zero next to PFC's name in question 8.*

7. Was PFC's negligence a substantial factor in causing plaintiff's harm?

   ____ Yes ____ No

*If your answer to question 7 is yes, then answer question 8. If you answered no, insert the number zero next to PFC's name in question 8.*

8. What percentage of responsibility for plaintiff's harm do you assign to:

   PFC: _____ %

6

PROPOSED SPECIAL VERDICT FORM
CASE NO. 3:18-CV-01586-JSC

Chart: _____ %

TOTAL         100%

*Procede to Section IV.*

### Section IV.  Compensatory Damages[5]

What are ▮▮▮▮▮▮▮ damages?

1. Economic loss:  Enter the amount below if you find that Chart is liable to plaintiff under the theories of Section I—Strict Liability (Manfufacturing Defect); Section II—Strict Liability (Design Defect); or Section III—Negligence (Failure to Recall or Retrofit).

    Value of 17 eggs damaged or/lost :   $ _____

    Past medical expenses incurred obtaining the 17 eggs:   $ _____

2. Noneconomic loss:  Enter the amount below if you find that Chart is liable to plaintiff under the theories of Section I—Strict Liability (Manfufacturing Defect) or Section II—Strict Liability (Design Defect).

    Pain, suffering, and emotional distress:   $ _____

    ▮▮▮▮▮▮▮ TOTAL    $ _____

*Procede to Section V.*

---

[5] CACI VF-3920 Damages on Multiple Legal Theories; *see also* CACI 3903L.

**Section V.  Punitive Damages**[6]

1. Did Chart's failure to recall or retrofit Tank 4's controller constitute malice, oppression, or fraud?

     ____ Yes     ____ No

    *If you answered yes, then answer question 10. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

2. Was the conduct constituting malice, oppression, or fraud committed by one or more officers, directors, or managing agents of Chart acting on behalf of Chart?

     ____ Yes     ____ No

    *Proceed to the next question.*

3. Did an agent or employee of Chart engage in the conduct with malice, oppression, or fraud?

     ____ Yes     ____ No

    *If you answered yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

4. Did one or more officers, directors, or managing agents of Chart authorize this conduct?

     ____ Yes     ____ No

    *Proceed to the next question.*

5. Did one or more officers, directors, or managing agents of Chart know of this conduct and adopt or approve it after it occurred?

     ____ Yes     ____ No


Signed: _____

  Presiding Juror

Dated: _____

---

[6] CACI VF-3902 through 3904.  Chart objects to these instructions and maintains that the proof will not warrant their submission to the jury.

After this verdict form has been signed, notify the [*clerk/bailiff/court attendant*] that you are ready to present your verdict in the courtroom.

Dated: April 15, 2021

By:   *John J. Duffy*
Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com

*Counsel for Defendant Chart, Inc.*

### **FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, _____ attest that concurrence in the filing of this document has been obtained.

Dated: April 15, 2021