Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com

Eric H. Gibbs (State Bar No. 178658)
Amy M. Zeman (State Bar No. 273100)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com

Adam B. Wolf (State Bar No. 215914)
Tracey B. Cowan (State Bar No. 250053)
**PEIFFER WOLF CARR KANE &**
**CONWAY, APLC**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3545
Fax: (415) 402-0058
awolf@peifferwolf.com
tcowan@peifferwolf.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Pretrial Conference: April 29, 2021<br>Trial Date: May 20, 2021<br><br>The Honorable Jacqueline Scott Corley |

1

**Ninth Circuit Model Jury Instructions**

2

Plaintiffs and Defendant Chart agree to the following Ninth Circuit Model Jury Instructions:

3

1.4, 1.5, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.12, 1.13, 1.14, 1.15, 1.16, 1.18, 1.20, 1.21, 2.2, 2.4, 2.11, 2.12,

4

2.13, 2.15, 3.1, 3.2, 3.3, 3.5.

5

Chart also requests the following Ninth Circuit Model Jury Instructions: 1.2, 1.3, 1.17, 1.19, 2.9,

6

2.10, 2.14, 5.1, 5.2, 5.3, and 5.4.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 1 Re Strict Liability Claims**

Plaintiffs claim that they were harmed by a product manufactured by Chart that contained a manufacturing defect or was defectively designed.

**Source:** CACI No. 1200

### Stipulated Instruction No. 2 Re Manufacturing Defect Claim

Plaintiffs claim that Tank 4, an MVE 808 cryogenic tank, contained a manufacturing defect. To establish this claim, plaintiffs must prove all of the following:

1) That Chart manufactured the tank;

2) That the tank contained a manufacturing defect when it left Chart's possession;

3) That plaintiffs were harmed; and

4) That the tank's defect was a substantial factor in causing plaintiffs' harm.

**Source:** CACI No. 1201

1

**Stipulated Instruction No. 3 Re Definition of Manufacturing Defect**

2     A product contains a manufacturing defect if the product differs from the manufacturer's design

3     or specifications or from other typical units of the same product line.

4

5     **Source:** CACI No. 1202

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 4 Re Consumer Expectation Test Offered by Plaintiff**

Plaintiffs claim Tank 4's design was defective because the tank did not perform as safely as an ordinary consumer would have expected it to perform. To establish this claim, Plaintiffs must prove all of the following:

1) That Chart manufactured the tank;

2) That the tank did not perform as safely as an ordinary <u>user</u> of cryogenic storage tanks would have expected it to perform when used or misused in an intended or reasonably foreseeable way;

3) That plaintiffs were harmed; and

4) That the tank's failure to perform safely was a substantial factor in causing plaintiffs' harm.

**Source:** CACI No. 1203 (modified as indicated for clarity)

1

**Chart's Objection to Disputed Instruction No. 4 Re Consumer Expectation Test**

2        Chart objects to this instruction and maintains that the proof will not warrant its submission to

3  the jury.  If the instruction is given, Chart believes it should be modified "to advise the jury that it must

4  first determine whether the product is one about which an ordinary consumer can form reasonable

5  minimum safety expectations."  *See* "Directions for Use."

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

**Disputed Instruction No. 5 Re Risk-Benefit Test Offered by Plaintiffs**

Plaintiffs claim that Tank 4's design caused harm to them. To establish this claim, plaintiffs must prove all of the following:

1) That Chart manufactured the tank;

2) That plaintiffs were harmed; and

3) That the tank's design was a substantial factor in causing harm to plaintiffs.

If plaintiffs have proved these three facts, then your decision on this claim must be for plaintiffs unless Chart proves that the benefits of the tank's design outweigh the risks of the design. In deciding whether the benefits outweigh the risks, you should consider the following:

a) The gravity of the potential harm resulting from the use of the tank;

b) The likelihood that this harm would occur;

c) The feasibility of an alternative safer design at the time of manufacture;

d) The cost of an alternative design; and

e) The disadvantages of an alternative design.

**Source:** CACI No. 1204

**Disputed Instruction No. 5 Re Risk-Benefit Test Offered by Chart**

Plaintiffs claim that Tank 4's design caused harm to them. To establish this claim, plaintiffs must prove all of the following:

1)  That Chart manufactured the tank;

2)  That plaintiffs were harmed; and

3)  That the tank's design was a substantial factor in causing harm to plaintiffs.

If plaintiffs have proved these three facts, then your decision on this claim must be for plaintiffs unless Chart proves that the benefits of the tank's design outweigh the risks of the design. In deciding whether the benefits outweigh the risks, you should consider the following:

a)  The gravity of the potential harm resulting from the use of the tank;

b)  The likelihood that this harm would occur;

c)  The feasibility of an alternative safer design at the time of manufacture;

d)  The cost of an alternative design;

e)  The disadvantages of an alternative design; and

f)   Other relevant factor(s).

**Source:** CACI No. 1204

**Disputed Instruction No. 6 Re Negligence – Basic Standard of Care Offered by Chart**

A manufacturer is negligent if it fails to use the amount of care in <u>supplying</u> the product that a reasonably careful manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

In determining whether defendant Chart used reasonable care, you should balance what Chart Inc. knew or should have known about the likelihood and severity of potential harm from the product against the burden of taking safety measures to reduce or avoid the harm.

**Source:** CACI No. 1221

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

**Plaintiffs' Objection to Disputed Instruction No. 6 Re Negligence – Basic Standard of Care**

Plaintiffs object to this instruction as inapplicable to Plaintiffs' claims. The Directions for Use of CACI Nos. 1220 and 1221 show that the instruction was intended for use when a plaintiff alleges a manufacturing or design defect under a negligence theory. Plaintiffs are not asserting such a claim; they allege a manufacturing or design defect only under a theory of strict liability.

**Authority:** CACI Nos. 1220, 1221, Directions for Use.

**Stipulated Instruction No. 7 Re Negligent Failure to Recall**

Plaintiffs claim that Chart was negligent because it failed to recall or retrofit the TEC 3000 electronic controller installed on Tank 4. To establish this claim, plaintiffs must prove all of the following:

1) That Chart sold the TEC 3000 electronic controller;

2) That Chart knew or reasonably should have known that the controller was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner;

3) That Chart became aware of this defect after the controller was sold;

4) That Chart failed to recall or retrofit the controller;

5) That a reasonable seller under the same or similar circumstances would have recalled or retrofitted the controller;

6) That plaintiffs were harmed; and

7) That Chart's failure to recall or retrofit the controller was a substantial factor in causing plaintiffs' harm.

**Source:** CACI No. 1223

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

### Disputed Instruction No. 8 Re Custom or Practice Offered by Chart

You may consider customs or practices in the community in deciding whether defendant Chart acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in Chart's situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

**Source:** CACI No. 413

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

**Plaintiffs' Objection to Disputed Instruction No. 8 Re Custom or Practice**

Plaintiffs object to this instruction, which is intended for claims of ordinary negligence, as inapplicable and lacking foundational evidence. Plaintiffs have alleged a claim for negligently failing to recall or retrofit a defective product, none of Chart's expert witnesses have expressed an opinion regarding customs or practices in the cryogenic equipment industry with respect to product retrofits or recalls, and none of the potential trial exhibits submitted by Chart concern such a custom or practice.

**Authority:** CACI No. 413, Directions for Use, Sources and Authority

**Disputed Instruction No. 9 Re Definition of Substantial Factor Offered by Plaintiffs**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**Source:** CACI No. 430

**Disputed Instruction No. 9 Re Definition of Substantial Factor Offered by Chart**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

**Source:** CACI No. 430

**Stipulated Instruction No. 10 Re Multiple Causes**

A person or entity's conduct may combine with another factor to cause harm. If you find that Chart's conduct was a substantial factor in causing plaintiffs' harm, then Chart is responsible for the harm. Chart cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing plaintiffs' harm.

**Source:** CACI No. 431

**Disputed Instruction No. 11 Re Introduction to Tort Damages Offered by Plaintiffs**

If you decide plaintiffs have proved any of their claims against Chart, you also must decide how much money will reasonably compensate plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Chart's conduct, even if the particular harm could not have been anticipated.

Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

**Source:** CACI No. 3900

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

**Disputed Instruction No. 11 Re Introduction to Tort Damages Offered by Chart**

If you decide plaintiffs have proved any of their claims against Chart, you also must decide how much money will reasonably compensate plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Chart's conduct, even if the particular harm could not have been anticipated.

Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claims by the plaintiffs:

**Source:** CACI No. 3900

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

**Stipulated Instruction No. 12 Re Economic and Noneconomic Damages**

The damages claimed by each plaintiff for the harm caused by Chart fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

**Source:** CACI No. 3902

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 13 Re Items of Economic Damage**

The following are the specific items of economic damages claimed by the plaintiffs:

**Source:** CACI No. 3903

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

**Disputed Instruction No. 14 Re Damage to Eggs or Embryos Offered by Plaintiffs**

1)      *Damage to eggs or embryos*. Plaintiffs' eggs and embryos do not have an established market value, but plaintiffs may establish their value through other available sources, including the expense of obtaining and cryopreserving the eggs and embryos; the time expended to obtain eggs and embryos; the difficulty associated with obtaining the eggs and embryos; the nature and character of the eggs and embryos; and the use for which the eggs and embryos were intended.

No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**Authority:** *United States v. CB & I Constructors, Inc.*, 685 F.3d 827, 837–38 (9th Cir. 2012); *Kimes v. Grosser*, 195 Cal. App. 4th 1556, 1560-62; *Zvolanek v. Bodger Seeds*, 5 Cal. App. 2d 106, 109 (1935); *Willard v. Valley Gas & Fuel Co.*, 171 Cal. 9, 15-16 (1915).

**Chart's Objection to Disputed Instruction No. 14 Re Damage to Eggs or Embryos Offered by Plaintiffs**

Chart objects to this instruction as inapplicable to Plaintiffs' claims.  This is a non-pattern instruction based on the concept of property of peculiar value.  There already exists a pattern instruction reflecting that law:  CACI No. 3903L.  Further, CACI No. 3903L observes that to recover a claim for unique value under Cal. Civ. Code § 3355, a plaintiff must first prove that the item has some market value.  Because the eggs and embryos at issue here have no market value, Plaintiffs are not entitled to their proposed instruction.  In the event this Court were to overrule Chart's objection, Chart would propose the Alternative Disputed Instruction No. 14, below.

**Authority**:  Cal. R. 2.1050(e); CACI No. 3903L; Cal. Civ. Code § 3355.

**Alternative Disputed Instruction No. 14 Re Damage to Eggs or Embryos Offered by Chart**

The following are the specific items of economic damages claimed by some of the plaintiffs: The unique value of certain plaintiffs' eggs and embryos.

To recover damages for the unique value, certain plaintiffs' must prove the following:

1.  That the eggs or embryos had unique value to certain plaintiffs; and

2.  That Chart had notice of this unique value before the harm;

No fixed standard exists for deciding the amount of this value. You must consider only the property's unique economic value, not its sentimental or emotional value. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**Source**:  CACI No. 3903L, *modified*; *see* Cal. Civ. Code § 3355; *McMahon v. Craig*, 176 Cal. App. 4th 1502, 1518 (2009); *Zvolanek v. Bodger Seeds*, 5 Cal. App. 2d 106, 109 (1935).

**Disputed Instruction No. 15 Re Past Medical Expenses Offered by Plaintiffs**

    2)     Past Medical Expenses: To recover damages for past medical expenses, each plaintiff must prove the reasonable cost of reasonably necessary medical care that they received. The reasonable cost for reasonably necessary medical care may include costs reasonably required to obtain the medical care, <u>including travel expenses to travel to the care provider</u>.

**Source**: CACI 3903A (modified as indicated and to remove references to future expenses).

**Chart's Objection to Disputed Instruction No. 15 Re Past Medical Expenses Offered by Plaintiffs.**

Chart objects to this instruction as inapplicable to Plaintiffs' claims.  CACI No. 3903A applies to medical expenses in personal injury cases.  This is not a personal injury case; it is a case in which Plaintiffs seek to recover damages for property damage.  Chart acknowledges that certain Plaintiffs may claim certain medical expenses in this case as a part of their property damages claims, but this instruction is not applicable here.  Further, the proposed modification "including travel expenses to travel to the care provider" is not included in the pattern instruction.   And, to the extent Plaintiffs seek to recover for costs to replace lost eggs and embryos *after* the incident, those costs are not recoverable under this instruction.  Such damages could only be claimed as damages for loss of use.

**Authority**:  CACI No. 3903A, *id*. at Sources and Authority.

**Disputed Instruction No. 16 Re Loss of Use of Personal Property Offered by Chart**

      3)     Loss of Use of Personal Property:  To recover damages for loss of use, certain plaintiffs must prove the reasonable cost to replace the eggs and embryos.

**Source:** CACI No. 3903M, *modified* by specifying "certain" plaintiffs and removing inapplicable language about renting substitute personal property.

**Plaintiffs' Objection to Disputed Instruction No. 16 Re Loss of Use of Personal Property**

Plaintiffs are not seeking damages for "loss of use" of their property, which is different from "loss" of property and is determined by reference to the cost to rent a similar item for the amount of time reasonably necessary to repair or replace the item. An instruction about a category of damages that Plaintiffs are not seeking is therefore inappropriate.

**Authority**: CACI No. 3903M, Sources and Authority.

**Stipulated Instruction No. 17 Re Items of Noneconomic Damage**

The following are the specific items of noneconomic damages claimed by each plaintiff:

    1)  Past and future mental suffering, inconvenience, grief, anxiety, and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future pain and suffering, each plaintiff must prove that they are reasonably certain to suffer that harm. For future emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate each plaintiff for future emotional distress.

**Sources:** CACI No. 3905, 3905A

**Stipulated Instruction No. 18 Re Aggravation of Preexisting Condition Offered by Plaintiffs**[1]

Each plaintiff is not entitled to damages for any physical or emotional condition that they had before Chart's conduct occurred. However, if a plaintiff had a physical or emotional condition that was made worse by Chart's wrongful conduct, you must award damages that will reasonably and fairly compensate them for the effect on that condition.

**Source:** CACI No. 3927

---

[1] Chart reserves the right to object to this instruction depending on whether any Plaintiff offers admissible proof to support this instruction at trial.

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

**Disputed Instruction No. 19 Re Damages on Multiple Legal Theories Offered by Chart**

Plaintiffs seeks damages from defendant Chart under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Chart is liable to plaintiffs under the following legal theories:

1. Strict liability for a manufacturing defect with respect to its model MVE 808 cryogenic tank;

2. Strict liability for a design defect model MVE 808 cryogenic tank; and

3. Negligent failure to recall or retrofit the TEC 3000 electronic controller;

The following items of damages are recoverable only once under all of the above legal theories:

1. The emotional pain and suffering experienced and that with reasonable probability will be experienced in the future; and

2. The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future.

**Source:** CACI No. 3934

**Plaintiffs' Objection to Instruction No. 19 Re Damages on Multiple Legal Theories**

The Directions for Use to CACI No. 3934 provide, "It is not necessary to give this instruction if the same damages are recoverable on all causes of action, counts, or legal theories, although giving only the opening paragraph might be appropriate." That is the case here and so Plaintiffs believe that no instruction should be given, or that if an instruction is given, that it be limited to the first paragraph.

Plaintiffs further object that Chart's summary of the items of damages Plaintiffs are seeking is inaccurate, as it does not include past medical expenses or the economic value of their damaged eggs and embryos.

**Authority:** CACI No. 3934, Directions for Use.

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

**Stipulated Instruction No. 20 Re Punitive Damages (First Phase)[2]**

If you decide that Chart's conduct caused plaintiffs harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether plaintiffs proved that Chart engaged in that conduct with malice, oppression, or fraud. To do this, plaintiffs must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Chart, who acted on behalf of Chart;

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Chart; or

3. That one or more officers, directors, or managing agents of Chart knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred;

"Malice" means that Chart acted with intent to cause injury or that Chart's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Chart's conduct was despicable and subjected plaintiffs to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Chart intentionally misrepresented or concealed a material fact and did so intending to harm plaintiffs.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

**Source:** CACI No. 3946

---

[2] Chart objects to this instruction and maintains that the proof will not warrant its submission to the jury. Further, this instruction is not appropriately offered at this time.

**Stipulated Instruction No. 21 Re Punitive Damages (Second Phase)[3]**

You must now decide the amount, if any, that you should award plaintiffs in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

    a) How reprehensible was Chart's conduct? In deciding how reprehensible Chart's conduct was, you may consider, among other factors:

        1. Whether the conduct caused physical harm;

        2. Whether Chart disregarded the health or safety of others;

        3. Whether plaintiffs were financially weak or vulnerable and Chart knew plaintiffs were financially weak or vulnerable and took advantage of them;

        4. Whether Chart's conduct involved a pattern or practice; and

        5. Whether Chart acted with trickery or deceit.

    b) Is there a reasonable relationship between the amount of punitive damages and plaintiffs' harm or between the amount of punitive damages and potential harm to plaintiffs that Chart knew was likely to occur because of its conduct?

    c) In view of Chart's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Chart has substantial financial resources.

Punitive damages may not be used to punish Chart for the impact of its alleged misconduct on persons other than plaintiffs.

---

[3] Chart objects to this instruction and maintains that the proof will not warrant its submission to the jury.

**Stipulated Instruction No. 22 Re Comparative Fault of Third Person**

Chart claims that the negligence of PFC contributed to plaintiffs' harm. To succeed on this claim, Chart must prove both of the following:

      1)  That PFC and its employees and agents were negligent; and

      2)  That this negligence was a substantial factor in causing plaintiffs' harm.

If you find that the negligence of PFC and its employees and agents was a substantial factor in causing plaintiffs' harm, you must then decide how much responsibility PFC has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of each plaintiff's total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

"Person" can mean an individual or a business entity.

**Source:** CACI No. 1207B

**Disputed Instruction No. 23 Re Apportionment of Responsibility Offered by Chart**

Defendant Chart claims that the negligence of PFC and its employees and agents contributed to plaintiffs' harm. To succeed on this claim, Chart must prove both of the following:

1. That PFC and its employees and agents were negligent; and
2. That the negligence of PFC and its employees and agents was a substantial factor in causing plaintiffs' harm.

If you find that the negligence of PFC and its employees and agents was a substantial factor in causing plaintiffs' harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of plaintiffs' total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

"Person" can mean an individual or a business entity.

**Source:** CACI No. 406

1

**Plaintiffs' Objection to Disputed Instruction No. 23 Re Apportionment of Responsibility**

2      Plaintiffs object to this instruction as duplicative of Stipulated Instruction No. 22, Comparative

3  Fault of Third Person.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

**Disputed Instruction No. 24 Re Superseding Cause Offered by Chart**

Defendant Chart claims that it is not responsible for plaintiffs' harm because of the later misconduct of PFC[4] and its employees and agents. To avoid legal responsibility for the harm, Chart must prove all of the following:

1.    That PFC and its employees and agents' conduct occurred after the conduct of Chart;

2.    That a reasonable person would consider PFC and its employees and agents' conduct a highly unusual or an extraordinary response to the situation;

3.    That Chart did not know and had no reason to expect that PFC and its employees and agents would act in a wrongful manner; and

4.    That the kind of harm resulting from PFC and its employees and agents' conduct was different from the kind of harm that could have been reasonably expected from Chart's conduct.

**Source:** CACI No. 432

---

[4]    The term PFC refers collectively to Pacific Fertility Center, Prelude Fertility, Inc., and Pacific MSO, LLC.

**Plaintiffs' Objection to Disputed Instruction No. 24 Re Superseding Cause**

Plaintiffs object to this instruction as duplicative of Stipulated Instruction No. 26 Re Misuse or Modification. Chart contends that PFC misused Tank 4 by unplugging its electronic controller after it malfunctioned, by continuing to operate Tank 4 without a working controller, and by failing to comply with it is own quality management plan concerning liquid nitrogen levels and the operation of the tank. (*See* Chart's Daubert Reply at 12-13, ECF No. 686; Chart's Daubert Mot. at 8-9, ECF No. 629.) Product misuse is a type of superseding cause and the jury instructions are accordingly similar. There is no need for both instructions and repeating both could confuse the jury or cause a juror to attach undue importance or credibility to the repeated instructions.

**Disputed Instruction No. 25 Re Sophisticated User Defense Offered by Chart**

Chart claims that it is not responsible for any harm to plaintiffs based on the MVE 808 cryogenic tank's failure to meet the safety expectations of PFC because PFC is a sophisticated user of the MVE 808 cryogenic tank. To succeed on this defense, Chart must prove that, at the time of the injury, PFC, because of its particular position, training, experience, knowledge, or skill, knew or should have known of the MVE 808 cryogenic tank's risk, harm, or danger.

**Source:** CACI No. 1244, modified per *Johnson v. Honeywell Internat. Inc.*, 179 Cal. App. 4th 549, 558 n. 4. (2009)

**Plaintiffs' Objection to Disputed Instruction No. 25 Re Sophisticated User Defense**

The sophisticated user defense is a defense to a failure-to-warn claim. As Plaintiffs are not pursuing a failure-to-warn claim at trial, instructing the jury on the sophisticated user defense would be inappropriate.

**Authority:** CACI No. 1244, Directions for Use.

**Stipulated Instruction No. 26 Re Misuse or Modification Defense**

Defendant Chart claims that it is not responsible for plaintiffs' claimed harm because the MVE 808 cryogenic tank and the TEC 3000 electronic controller (the "product") were misused or modified after it left Chart's possession.

To succeed on this defense, Chart must prove that:

1.    The product was misused or modified after it left Chart's possession; and

2.    The misuse or modification was so highly extraordinary that it was not reasonably foreseeable to Chart, and therefore should be considered as the sole cause of plaintiffs' harm.

**Source:** CACI No. 1245

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

1

2   Dated: April 15, 2021                    **GIRARD SHARP LLP**

3                                            By: ___/s/ Amy M. Zeman___

4                                            Eric H. Gibbs (State Bar No. 178658)
                                             Amy M. Zeman (State Bar No. 273100)
5                                            **GIBBS LAW GROUP LLP**
                                             505 14th Street, Suite 1110
6                                            Oakland, CA 94612
                                             Tel: (510) 350-9700
7                                            ehg@classlawgroup.com
8                                            amz@classlawgroup.com

9                                            Dena C. Sharp (State Bar No. 245869)
10                                           Adam E. Polk (State Bar No. 273000)
                                             Nina R. Gliozzo (State Bar No. 333569)
11                                           **GIRARD SHARP LLP**
12                                           601 California Street, Suite 1400
                                             San Francisco, California 94108
13                                           Tel: (415) 981-4800
                                             Fax: (415) 981-4846
14                                           dsharp@girardsharp.com
15                                           apolk@girardsharp.com
                                             ngliozzo@girardsharp.com
16
17                                           Adam B. Wolf (State Bar No. 215914)
                                             Tracey B. Cowan (State Bar No. 250053)
18                                           **PEIFFER WOLF CARR KANE &**
                                             **CONWAY, APLC**
19                                           4 Embarcadero Center, Suite 1400
20                                           San Francisco, CA 94111
                                             Tel: (415) 766-3545
21                                           Fax: (415) 402-0058
                                             awolf@peifferwolf.com
22                                           tcowan@peifferwolf.com

23                                           *Counsel for Plaintiffs*

24
25   Dated: April 15, 2021                   By: ___/s/ Kevin M. Ringel___
                                             John J. Duffy (SB No. 6224834)
26                                           Kevin M. Ringel (SB No. 6308106)
                                             **SWANSON, MARTIN & BELL, LLP**
27                                           330 N Wabash, Suite 3300
                                             Chicago, Illinois 60611
28                                           Tel: (312) 321-9100

Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI,
ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Amy M. Zeman, attest that concurrence in the filing of this document has been obtained.

Dated: April 15, 2021

/s/ *Amy M. Zeman*
Amy M. Zeman

JOINT PROPOSED JURY INSTRUCTIONS
CASE NO. 3:18-CV-01586-JSC