John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Andrew A. Lothson (SB No. 6297061)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
alothson@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**CHART'S STATEMENT REGARDING OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBITS**<br><br>Pretrial Conference: May 18, 2021<br>Jury Selection: May 20, 2021<br>Trial Date: May 24, 2021<br><br>Judge: Hon. Jacqueline Scott Corley |

Pursuant to the Court's Order of April 30, 2021, Chart submits the following Statement in support of its objections to (1) Plaintiffs' inadmissible "other occurrence" trial exhibits, and (2) Plaintiffs' use of certain trial exhibits as a basis of their expert's inadmissible "state of mind" testimony. Chart requests to have the admissibility of the Plaintiffs' trial exhibits decided prior to the start of trial. (ECF No. 777 at 8-9.)

**1.  Chart's objections to Plaintiffs' "other occurrence" trial exhibits.**

Plaintiffs' Exhibit List includes 74 exhibits that should be excluded for the reasons articulated in Chart's Motion in Limine No. 1 [ECF No. 742] and in accord with the Court's *in limine* rulings set forth in the April 30, 2021 Order [ECF No. 777]. These exhibits consist of a hodge-podge of hearsay emails and other materials (*e.g.*, a post-incident recall notice about a different product line) that do not concern the actual product at issue in Plaintiffs' case against Chart, let alone the same defect and causation theory.

As set forth in Chart's Motion in Limine No. 1, Plaintiffs and their liability expert, Dr. Anand Kasbekar, allege that a welding defect in a fill port in Tank 4 (an MVE 808 cryogenic storage tank equipped with a TEC 3000 electronic controller) caused damage to the embryos stored inside that were owned by Plaintiffs as of March 4, 2018. Plaintiffs have not disclosed the existence of any specific defect in the TEC 3000 electronic controller, let alone supported such a theory with admissible expert opinion testimony. Any "evidence" involving a different tank or controller—other than the subject Tank 4 and its TEC 3000 controller—is classic alleged "other occurrence" evidence, which requires Plaintiffs to establish the stringent "substantial similarity" standard and that the evidence passes muster under both Fed. R. Evid. 401/402/403 and Fed. R. Evid. 801/802/803 *before* such evidence is admitted at trial.

None of the "other occurrence" evidence on Plaintiffs' proposed Exhibit List meets these standards and, therefore, this evidence is not admissible during the trial set to begin on May 20, 2021. To the contrary, Plaintiffs' "other occurrence" evidence is riddled with hearsay communications about *different* tanks and controllers, including tanks and controllers that contained *different* components or firmware. Indeed, this "evidence" concerns other products alleged to have experienced issues under *different* circumstances and conditions, while being handled and operated by *different* facilities and their

personnel.  Some of this "evidence" even involves events that took place *after* the events at issue in Plaintiffs' case—*i.e.*, after March 4, 2018.  Plaintiffs' attempt to introduce this "other occurrence" evidence will only exacerbate the Rule 403 / "mini trial" conundrum that is inevitable when the parties start litigating the collateral issue of what did or did not happen with different products.  There is also an inevitable "cumulative" problem should any of these exhibits be admitted.

In sum, Plaintiffs' Exhibit List makes abundantly clear that Plaintiffs desire to try their case *not* based on the facts and circumstances of PFC's use of Tank 4 and its controller leading up to March 4, 2018, or with respect to the specific condition of Tank 4 and its controller, or even the specific manufacturing/design defect and causation theory advanced by Plaintiffs and their expert.  Instead, Plaintiffs wish to try this case based on unsubstantiated allegations of what may or may not have happened with other tanks and controllers under other circumstances.  Courts across the country, including in California, have cautioned trial courts to reject the very trial strategy Plaintiffs are now attempting.

In Chart's previously lodged objections to Plaintiffs' trial exhibits, it identified the litany of objectionable "other occurrence" type exhibits that were subject to exclusion for the reasons set forth in Motion in Limine No. 1.  (ECF No. 760.)  Those exhibits and objections are identified again in <u>Exhibit A</u>, which is attached hereto.  <u>Exhibit A</u> includes a fourth column identifying Chart's statement as for why each "other occurrence" exhibit should be excluded.

**2.    Chart's objection to Plaintiffs' use of certain trial exhibits as a basis of their expert's inadmissible "state of mind" testimony.**

Plaintiffs and their liability expert, Dr. Anand Kasbekar, should be barred from attempting to offer "opinion" testimony from Kasbekar as to his belief regarding the content and meaning of Chart's discovery responses, historical Chart documents and emails, and what such documents allegedly reveal about Chart's actions and motives.  Plaintiffs' liability expert did not author those documents, never worked for Chart, and has no personal knowledge from which to testify about the actual authors' intentions or state of mind.  Not only does Plaintiffs' liability expert have no knowledge of the intentions or state of mind of Chart's employees, he has no personal experience in the decision-making process for product design, manufacture or testing of any cryogenic tank manufacturer.  Any testimony

by Plaintiffs' liability expert interpreting the meaning of Chart documents or the state of mind of Chart or its employees, or for him to testify regarding the credibility, truthfulness, motivation, and character of Chart or its witnesses, is improper and invades the province of the jury. Courts have repeatedly held that expert "opinion" testimony regarding the motive or intent of a corporate defendant is inadmissible.

For example, in *DePaepe v. General Motors Corp.*, 141 F.3d 715 (7th Cir. 1998), a product liability case, the Seventh Circuit held that the trial court erred in allowing expert testimony that GM had reduced the amount of padding in its automobile sun visors "to save money." *Id.* at 720. The plaintiff's expert, the court concluded, "lacked any scientific basis for an opinion about the motives of GM's designers." *Id.* Accordingly, "he could not testify as an expert that GM had a particular motive," and because he was not personally involved in the design process "he could not testify as a fact witness on the subject, either." *Id. See also In re Diet Drugs Prod. Liab. Lit.*, No. MDL 1203, 2000 WL 876900, at *9 (E.D. Pa. June 20, 2000) (excluding expert testimony that defendant's failure to change a warning label was "driven by a desire to increase profits" because "[t]he question of intent is a classic jury question and not one for experts"); *S.E.C. v. Lipson*, 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998) (excluding expert opinion testimony regarding defendant's belief because the expert's training and experience did "not specially equip him to divine what Defendant truly believed" and such expert opinion testimony "would invade, and perhaps usurp, the jury's fact-finding function").[1]

Courts have consistently held testimony that addresses issues such as knowledge, intent, character, and motivation of parties is "within the ken of lay jurors" and expert testimony on such issues is inadmissible. *United States v. Webb*, 625 F.2d 709, 711 (5th Cir. 1980) (quoting *United States v. Fosher*, 590 F.2d 381, 383 (1st Cir. 1979)). An expert's biased interpretations are particularly

---

[1] *See also City of Tuscaloosa v. Harcros Chem. Inc.*, 158 F.3d 548, 565 (11th Cir. 1998), *cert. denied*, 528 U.S. 812 (1999) (statistician's characterizations of corporate documents as collusive would not assist the jury, which is "entirely capable of determining whether or not to draw such conclusions without any technical assistance" from experts); *Lippe v. Bairnco Corp.*, No. 96 CIV. 7600(DC), 2002 WL 15630, at *2-3 (S.D.N.Y. Jan. 7, 2002) (expert may not "offer his personal assessment on the credibility of others or what others actually intended;" such testimony "would exceed the scope of permissible expert testimony by drawing conclusions as to the intent behind [defendant]'s conduct, an ultimate issue in the case"); *GST Telecomms., Inc. v. Irwin*, 192 F.R.D. 109, 111 (S.D. N.Y. 2000) ("the Court should not shift to [expert] witnesses the responsibility to give conclusory opinions and characterizations of the business conduct portrayed"); *Hoechst Celanese Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, CA No. 89C-SE-35, 1994 WL 721624, at *1 (Del. Super. Ct. April 20, 1994) (expert's "subjective testimony regarding the plaintiffs' subjective intent" is inadmissible).

troublesome because expert testimony has an "'aura of special reliability and trustworthiness.'" *United States v. Kozminski*, 821 F.2d 1186, 1199 (6th Cir. 1987) (citation omitted); *see also Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1112 n.10 (5th Cir. 1991), cert. denied, 112 S. Ct. 1280 (1992) (noting that "expert testimony creates the risk of a special kind of prejudice"). "The assistance provided by expert testimony is of dubious value where the 'level of reliability of the expert testimony had not surpassed the quality of a common sense evaluation' which could be performed by the members of a jury." *United States v. Leon*, 1992 WL 133039, *3 (6th Cir. 1992) (citation omitted). Any attempt by Plaintiffs' expert to opine as to the credibility, truthfulness, meaning or character of any of Chart's documents or the state of mind of any of Chart witnesses should be prohibited.

In Chart's previously lodged objections to Plaintiffs' trial exhibits, it identified the objectionable exhibits that are subject to exclusion for the reasons set forth herein. (ECF No. 760). Those exhibits and objections are identified again in Exhibit B, which is attached hereto. Exhibit B includes a fourth column identifying Chart's statement for why Plaintiffs' trial exhibits are an improper basis for Plaintiffs' expert to give inadmissible opinion testimony on the credibility, truthfulness, meaning or character of any of Chart's documents or the state of mind of any Chart witnesses.

Dated: May 6, 2021

By:  s/*Andrew A. Lothson*

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Andrew A. Lothson (SB No. 6297061)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300

Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
alothson@smbtrials.com

*Counsel for Defendant Chart, Inc.*

CHART'S STATEMENT REGARDING OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBITS
CASE NO. 3:18-CV-01586-JSC