John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Andrew A. Lothson (SB No. 6297061)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
alothson@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI,
ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**CHART'S SUBMISSION IN RESPONSE TO THE COURT'S ORDER OF MAY 12, 2021**<br><br>Pretrial Conference: May 18, 2021<br>Jury Selection:  May 20, 2021<br>Trial Date: May 24, 2021<br><br>Judge:  Hon. Jacqueline Scott Corley |

Pursuant to the Court's Order of May 12, 2021, Chart provides the following submission in response to the Court's three orders identified below.

**1.      "[C]ontact CAIRE, Inc., the Chart division that employed Mr. Junnier, obtain Mr. Junnier's last known contact information, and contact him or his counsel to inquire as to whether he will voluntarily testify via live video at trial with Plaintiffs covering all his expenses[.]"**

On May 13, 2021, Chart's counsel contacted CAIRE's counsel who informed that it had its own counsel involved in representing Mr. Junnier during his videotaped deposition (Robert Dyer).  On the morning of May 14, 2021, Chart's counsel contacted Mr. Dyer to discuss Mr. Junnier, and, as of the time of this filing, they have not yet connected.

It is Chart's understanding that Mr. Junnier lives and works in Georgia.  He is not a party, was never a Chart executive or director, and did not provide Rule 30(b)(6) testimony.  Mr. Junnier provided more than 3 hours of videotaped deposition testimony for use at trial, assuming any portion of it is admissible.   For example, Mr. Junnier was involved in reviewing field service requests from customers and is being offered by Plaintiffs to provide testimony about inadmissible other occurrence evidence, which Chart maintains should be excluded for several reasons, including for the reasons discussed in its Motion in Limine No. 1.   To the extent that any portion of Mr. Junnier's testimony is admissible, his videotaped deposition should be presented to the jury in accordance with Rule 32(a)(4).

**2.      "[R]each out directly to Mr. Eubanks (or his counsel) to inquire as to whether he will voluntarily testify at trial via video with Plaintiffs covering all his expenses[.]"**

As previously stated in John Duffy's declaration of May 6, 2021, Mr. Eubanks is a Cryoport employee and Mr. Duffy "spoke with counsel for Cryoport about" his testimony.  Mr. Eubanks is represented by counsel, and he is not being made "available for live testimony at trial, including in a remote setting."  (Duffy Decl. at ¶¶ 2-3.)   On May 13, Mr. Duffy spoke again with Mr. Eubanks' counsel and the results have not changed.

Mr. Eubanks provided more than 2 hours of videotaped deposition testimony for use at trial, assuming any portion of it is admissible.   Chart also notes that Mr. Eubanks was involved

in reviewing field service requests from customers and is being offered by Plaintiffs to provide testimony about other occurrence evidence, which Chart maintains should be excluded for several reasons, including for the reasons discussed in its Motion in Limine No. 1.

Furthermore, Chart and its counsel, including Mr. Duffy, do not represent Cryoport. Chart is not privy to the mental impressions of Cryoport, who is represented by counsel.. However, it is Chart's understanding that Cryoport is not a large operation, and that any live trial testimony of a Cryoport employee (whether it be Buster Ingram, Seth Adams, Mr. Eubanks) would be a significant burden on that company that will cause substantial disruption to its vital and ongoing business operations. (These operations include manufacturing equipment that is being used to store vaccines critical to ending the ongoing COVID-19 pandemic.) In light of the proposal from the Court that *all* Cryoport employees testify at trial via their previously taken videotaped depositions, Chart agrees with the Court's assessment. Under the federal rules and applicable case law, that is the appropriate and fairest solution for all parties and Cryoport with respect to the presentment of the testimony of Mr. Eubanks, Mr. Ingram and Mr. Adams. Indeed, the video depositions of these out-of-state, non-party fact witnesses were taken for this very reason. *See* Rule 32(a)(4).

### 3. "Produce its employee Mr. Wade to testify live at trial via video"

Chart respectfully objects to the Court's order regarding Mr. Wade. Mr. Wade has previously provided 4.5 hours of videotaped deposition testimony for use at trial, assuming any of the testimony is admissible. For example, Mr. Wade was involved in reviewing field service requests from customers and is being offered by Plaintiffs to provide testimony about inadmissible other occurrence evidence, which Chart maintains should be excluded for several reasons, including for the reasons discussed in its Motion in Limine No. 1. Mr. Wade is not a fact witness on the ***subject*** Tank 4 or its TEC 3000 controller.

Mr. Wade is not a party. He was not a Chart employee when he was deposed, and was represented by separate counsel (Mr. Dyer). Mr. Wade was (and is) not a Chart director or executive. He did not provide Rule 30(b)(6) testimony. Mr. Wade lives and works in Georgia, outside of the subpoena power of the Court. That Mr. Wade was recently re-hired by Chart

CHART'S SUBMISSION IN RESPONSE TO THE COURT'S ORDER OF MAY 12, 2021
CASE NO. 3:18-CV-01586-JSC

does not change the application of Federal Rules of Civil Procedure 32, 43 and 45.   Compelling

this type of live testimony would eviscerate Rule 45.  (Tr. of 4/29/21 at 39:12-13.)  Mr. Wade is

an unavailable fact witness who has previously provided videotaped testimony for trial. *See*

Fed. R. Civ. P. 32(a)(4).  He is *not* being offered by Chart.  *See* Fed. R. Civ. P. 32(a)(4)(B).

Chart's objection is based on the application of these rules.

On Saturday, May 15, 2021, Plaintiffs' counsel informed Chart's counsel that they

intend to call Mr. Wade live from a remote location in Georgia sometime on Tuesday, May 25,

2021.  That Mr. Wade is being compelled to present remotely and live for Plaintiffs' case-in-

chief only compounds the prejudice to Chart, who will need to fly one of its trial counsel from

California to Georgia leading up to and during Mr. Wade's testimony.  Even assuming Plaintiffs

pay for this significant expense, no amount of compensation can make up for the absence of

trial counsel during this 48 to 72 hour trip to Georgia.  Plaintiffs have asked the Court to order a

costly and burdensome outcome that is not supported by the federal rules.  *See* Fed. R. Civ. P. 1,

32, 43 and 45.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
</table>

Dated: May 17, 2021

By:   /s/*John J. Duffy*
Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI,
ZENERE & GARVIN**
1033 Willow Street,
San Jose, California 95125
Tel: (408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Andrew A. Lothson (SB No. 6297061)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com

CHART'S SUBMISSION IN RESPONSE TO THE COURT'S ORDER OF MAY 12, 2021
CASE NO. 3:18-CV-01586-JSC

kringel@smbtrials.com
alothson@smbtrials.com

*Counsel for Defendant Chart, Inc.*

CHART'S SUBMISSION IN RESPONSE TO THE COURT'S ORDER OF MAY 12, 2021
CASE NO. 3:18-CV-01586-JSC