UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACIFIC FERTILITY CENTER LITIGATION | Case No. 18-cv-01586-JSC <br><br> **ORDER RE: PRETRIAL CONFERENCE NO. 3** <br><br> Re: Dkt. Nos. 783, 785, 799, 800, 802 |

This Order confirms the Court's rulings at the Third Pretrial Conference on May 18, 2021.

**1. Chart's Objections to Exhibits (Dkt. No. 783)**

First, Chart objects to 74 of Plaintiffs' exhibits as improper evidence of "other occurrences" which was the subject of Chart's Motion in Limine No. 1. The Court only ruled on those exhibits which Plaintiffs presently intend to offer as set forth below. If Plaintiffs advise Chart that they intend to rely on any of the other exhibits, the Court can address the issue at one of the 8:00 a.m. conferences prior to bringing the jury into the courtroom.

- **Trial Exhibits 219 and 201**—Objection overruled. These emails are relevant to Chart's knowledge of a defect with the controller.
- **Trial Exhibits 217, 239, 223, 280, 287**—Objection overruled. These emails are relevant to Chart's knowledge of a defect with the controller and as they are emails between Chart employees, to the extent they are offered for the truth of the matter, they are admissible as statements of an employee of a party opponent. *See* Fed. R. Evid. 801(d)(2)(D); *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019).

- **Trial Exhibit 206**—Objection overruled. These emails are relevant to show Chart's knowledge of potential damage to the tank contents from low level liquid nitrogen, not as a substantially similar incident and also non-hearsay as a statement of a party-opponent. *See* Fed. R. Evid. 801(d)(2)(D); *Weil*, 922 F.3d at 999.

Second, Chart objects to seven trial exhibits as a basis for any "state of mind" testimony by Plaintiffs' expert Dr. Anand Kasbekar. Chart appears to be seeking an order precluding Plaintiffs from "offer[ing] 'opinion' testimony from Kasbekar as to his belief regarding the content and meaning of Chart's discovery responses, historical Chart documents and emails, and what such documents allegedly reveal about Chart's actions and motives." (Dkt. No. 783 at 3.) To the extent that Chart is seeking to limit expert testimony, and, in particular, Dr. Kasbekar's opinion no. 6, the motion is denied as untimely without explanation. Chart can cross-examine Dr. Kasbekar about his opinion. With respect to Chart's objections to the particular exhibits, the Court ruled as follows:

- **Exhibit 2** – Objection overruled. However, Dr. Kasbekar's may not testify as set forth at page 37 of his report that Chart's representation that the bend was manufactured was "misleading," Dr. Kasbekar can testify to his understanding and what he was told as an explanation or context for the testing that was done or not done, but he may not characterize Chart's statement as "misleading."
- **Exhibits 5, 192, 208** – Objections overruled for the reasons stated on the record.
- **Exhibits 234, 275, 276** – Objections sustained for the reasons stated on the record.

**2. Plaintiffs' Objection to Chart's Exhibits (Dkt. No. 785)**

Plaintiffs raise only one objection to Chart's exhibits which is an authenticity objection to exhibit as to Exhibit 360. This objection is sustained unless and until Chart meets and confers with Plaintiffs and makes a proper authenticity and relevance showing.

**3. Moving Trial Exhibits into Evidence**

At the beginning of a witness' testimony, the parties shall move into evidence all the exhibits they anticipate using with that witness.

**4. Demonstrative Exhibits (Dkt. Nos. 799, 800)**

Each side raised issues regarding the others' proposed demonstrative exhibits. Chart will advise Plaintiffs by noon on May 19 which demonstratives they plan to use in their opening statement. Chart shall not include any reference to the tank "warranty" in its opening statement or on its demonstratives. Plaintiffs' objections to the "snowball" photo, use of a video of Dr. Miller's test, and any reference to Elizabeth Balassone are sustained. Plaintiffs' objections regarding the multiple alarm listing, back-dating reference, and statement that "Dr. Conaghan institutes a manual monitoring policy for Tank 4, against his own lab's protocols," and the blank "digital evidence" column in exhibit are overruled.

Chart's objections to Plaintiffs' demonstrative exhibit are overruled.

**5. Jury Instructions**

The Court made preliminary rulings regarding jury instructions 14, 15, 16, 19, 24, and 25. As the Court stated, there will be a fulsome discussion of the jury instructions at the charging conference during trial.

The parties have stipulated that Ninth Circuit Model Jury Instruction No. 1.5 be given at the start of the trial, but have not provided a draft instruction. (Dkt. No. 762 at 2.) The parties shall meet and confer and jointly file a proposed instruction by May 21, 2021 at noon.

**6. Opening Statements**

Opening statements will begin at 8:30 a.m. on Monday, May 24. Each side is limited to an hour. Plaintiffs shall have their first witness(es) immediately ready to testify following opening statements.

This Order disposes of Docket Nos. 783, 785, 799, 800, 802.

**IT IS SO ORDERED.**

Dated: May 19, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge