John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Case No. 3:18-cv-01586-JSC<br><br>**CHART'S TRIAL BRIEF REGARDING ARBITRATION EVIDENCE**<br><br>Judge: Hon. Jacqueline S. Corley<br>Trial Date: May 20, 2021 |

Pursuant to Rule 401 of the Federal Rules of Evidence, Chart Inc. hereby asks the Court to permit the introduction of evidence related to the arbitration proceedings between Plaintiffs and former co-defendants Pacific Fertility Center, Pacific MSO, Prelude Network, and Dr. Joseph Conaghan. In support of its request, Chart submits the following Trial Brief:

**BACKGROUND**

In May of 2018, Plaintiffs filed an Amended Class Action Complaint alleging causes of action against Pacific Fertility Center, Prelude, and Chart. (Am. Complaint, May 30, 2018, ECF No. 44). In June of 2018, PFC moved to compel the action to arbitration pursuant to Arbitration Agreements executed by Plaintiffs. (Mot. Compel Arbitration, Jun. 29, 2018, ECF No. 50). Prelude joined in the Motion to Compel Arbitration. (Joinder Mot. Compel Arbitration, Jun. 29, 2018, ECF No. 56). In November 2018, Plaintiffs filed a First Amended Complaint against PFC, Prelude, Pacific MSO, and Chart. (First Am. Complaint, Nov. 30, 2018, ECF No. 143). PFC filed a supplemental brief in support of their request to compel arbitration. (PFC Suppl. Brief Mot. Compel Arbitration, Jan. 9, 2019, ECF No. 155). Prelude and Pacific MSO followed. (MSO Joinder and Suppl. Brief Mot. Compel Arbitration, Jan. 9, 2019, ECF No. 160).

The parties briefed the motions, conducted discovery on the issue, and presented argument to the Court. Ultimately, Plaintiffs' claims against PFC, Prelude, and Pacific MSO were compelled to arbitration per the Arbitration Agreement and said defendants were dismissed from the ongoing litigation. (Order, May 15, 2020, ECF No. 446). Consequently, Chart remains the only defendant in this cause. Chart seeks permission to present evidence of the arbitration to present the jury with the complete story of the case, including why there is a proverbial "empty chair" with respect to the clinic and the lab.

**ARGUMENT**

As a threshold matter, the arbitration evidence is relevant and admissible. Admissibility under Rule 401 simply requires that evidence tend to make a fact more or less probable and that the fact is of consequence in determining the action. Fed. R. Evid. 401. Chart will introduce the arbitration evidence to show that joint tortfeasors PFC, Pacific MSO, and Prelude entered into an

arbitration agreement with Plaintiffs, and to explain the events leading to the trial and the absence of said joint tortfeasors. The fact of arbitration provides valuable context to assist the jury and is a fact of consequence to the determination of this action. Therefore, such evidence is relevant pursuant to Rule 401.

Moreover, the evidence is admissible under Rule 408. Rule 408 prohibits introduction of evidence of compromise offers and negotiations of a claim to prove liability. Fed. R. Evid. 408(a); *Microsoft Corp. v. Motorola, Inc.,* 795 F.3d 1024, 1055 (9th Cir. 2015). However, the Rule's exclusion of such evidence is not absolute. Indeed, settlement evidence is inadmissible in only specific and limited purposes, but may be admitted for another purpose, such as proving bias or prejudice. Fed. R. Evid. 408(b). As noted by the Ninth Circuit, the "other purpose need not be specifically mentioned" as Rule 408(b) is not "an exhaustive' list, but only illustrative." *Rhoades v. Avon Prod., Inc.,* 504 F.3d 1151, n. 9 (9th Cir. 2007). Thus, the plain language of the rule and the Ninth Circuit's interpretation permit evidence of negotiations to be used for any purpose not expressly prohibited by Rule 408(a).

As mentioned above, Chart seeks admission of evidence related to the arbitration for the permissible purpose of preventing jury confusion by explaining why there is the proverbial "empty chair." Specifically, Chart intends to use the arbitration proceedings, the Arbitration Agreement, and related ruling to show that PFC, Prelude, and Pacific MSO compelled their claims to arbitration and, as a result, are no longer defendants in this case. Courts have recognized the admission of such evidence for this precise purpose. For example, in *Belton v. Fibreboard*, 724 F.2d 500 (5th Cir. 1984), evidence of settlement was admitted for the purpose of explaining why fifteen defendants were not in court. *Id.* at 505. The *Belton* court recognized that it would be misleading and confusing to the jury if it did not admit evidence of settlement. *Id.* The court further recognized, "Rule 408 by its terms does not operate to exclude evidence unless it is offered to prove 'liability for or invalidity of the claim or its amount'." *Id.*

Chart's request to prevent confusion of the jury is identical to *Belton*: Chart plans to use evidence of the arbitration to explain why joint tortfeasors Pacific MSO, PFC, and Prelude are not

in Court. The absence of such evidence would unfairly prejudice Chart. The evidence central to this case indicates that the Plaintiffs should bring claims against PFC, Pacific MSO, and Prelude, and there is a high probability that the jury would be confused as to why such claims are not before them. The *Belton* Court sought to avoid this precise confusion. Accordingly, evidence of the arbitration is relevant, highly probative, and admissible.

**CONCLUSION**

    For the foregoing reasons, Chart respectfully requests that this Court permit Chart to introduce evidence of the arbitration for purpose of preventing confusion to the jury.

Dated: May 19, 2021

By:   *s/Kevin Ringel*
John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

CHART'S TRIAL BRIEF REGARDING ARBITRATION EVIDENCE
CASE NO. 3:18-CV-01586-JSC