UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACIFIC FERTILITY CENTER LITIGATION | Case No. 18-cv-01586-JSC<br><br>**ORDER NO. 1 RE: DEPOSITION DESIGNATIONS AND EXHIBITS**<br><br>Dkt. Nos. 814, 816 |

Upon review of the parties' written submissions regarding deposition designations and exhibits to be shown as part of those designations, the Court rules as set forth below:

**1. Ramon Gonzalez**

Plaintiffs may play excerpts from the deposition of Ramon Gonzalez in light of Chart's decision to no longer call live two of Chart's employees it previously indicated would testify live. These changed circumstances warrant allowing Plaintiffs to use Mr. Gonzalez's deposition testimony even though he was not originally on their witness list. Further, as it is deposition testimony, there is no prejudice to Chart as they do not have to prepare for an additional witness and he was also on Chart's witness list (Dkt. No. 756-3 at 4).

**2. Deposition Designations**

Federal Rule of Civil Procedure 32(a)(4)(B) allows a party to use a deposition "against a party" on the condition, among others, that the witness is unavailable due to being more than a 100 miles from the place of trial. Plaintiffs intend to use against Chart portions of the deposition testimony of such witnesses and has identified those portions. (Dkt. No. 814.) Chart has counter-designated other portions of the deposition transcripts. (Dkt. No. 816.) Rule 32 also provides that when "a party offers in evidence only part of a deposition, an adverse party may require the

offeror to introduce other parts *that in fairness* should be considered with the part introduced." Fed. R. Civ. P. 32(b)(6) (emphasis added); *see also* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."); Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2148 (3d ed. 2010) ("Rule 106 of the Federal Rules of Evidence has a parallel provision" to Rule 32(b)(6)). This principle is known as "the rule of completeness" and it "exists to avert "'misunderstanding or distortion' caused by introduction of only part of a document" or recording. *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014).

"The burden of establishing the applicability of the rule of completeness falls on the party seeking to have a counter-designation played in the other party's case." *Phoenix Techs. Ltd. v. VMware, Inc.*, No. 15-CV-01414-HSG, 2017 WL 2001981, at *10 (N.D. Cal. May 11, 2017). If testimony Chart designated does not come in during Plaintiffs' presentation as a matter of fairness, Chart may offer the deposition testimony in its own case-in-chief. *See* Fed. R. Civ. P. 32(b)(6).

The Court could not tell from Plaintiffs' submission whether it was objecting to playing during its case-in-chief Chart's counter-designations to which no objection was noted on the color-coded exhibits. Because some of the objections stated "waste of time," the Court assumed they had agreed to play those counter-designations to which no objection was noted. To the extent, however, Plaintiffs were still objecting to playing the "unobjected to" portions of Chart's counter-designations during Plaintiffs' presentation, the Court will have to address the objections tomorrow morning with Chart bearing the burden of identifying which portions in fairness should be played together with Plaintiffs' designations to avoid misunderstanding or distortion.

## A. SETH ADAMS

1. **Chart's counter-designations.** With respect to Chart's counter-designations to which Plaintiffs object, Plaintiffs should play the following:

   - 20:17-19.

2. **Chart's objections to Plaintiffs' designations.**

   - 25:1-14. Chart's relevance objection to Adams' testimony regarding the

2

touchscreen controller is overruled. As Chart admitted it was available at least two months before the accident, *see* Trial Exhibit 5, RFA Nos. 1 & 2, the Court cannot conclude as a matter of fact that it is irrelevant.

- 107:15-111:13. Sustained. Rule 401 and 403. The witness provides too little information for this occurrence to be relevant to the incident at issue. Chart's counter-designations are therefore unnecessary.
- 115:23-16. Overruled. Plaintiffs intend to use Exhibit 192 with respect to the portions that Chart admitted were in existence before the incident. *See* Trial Exhibit 5 Nos. 15, 16.

### B. JEFF BROOKS

1. **Chart's counter-designations**. All of Plaintiffs' objections are GRANTED without prejudice to revisiting the objections should Chart choose to play excerpts during its presentation of evidence.

2. **Chart's objections to Plaintiffs' designations.**

- 49:13-50:7. Sustained. This excerpt provides too little information to understand what the witness is talking about and thus it is not relevant.
- 266:16-267:12. Overruled. The testimony is based on Mr. Brooks' own observations.

### C. KYLE EUBANKS

1. **Chart's counter-designations**. All of Plaintiffs' objections are GRANTED without prejudice to revisiting the objections should Chart choose to play excerpts during its presentation of evidence.

2. **Chart's objections to Plaintiffs' designations.**

- 17:19-22. Sustained. Rule 601. The rest of this testimony is based on Mr. Eubanks' personal knowledge.
- 49:25-58:2. Sustained. The witness does not testify to sufficient information for a trier of fact to conclude that this 2020 incident was substantially similar to this incident or that the 2020 incident is otherwise relevant.

- 85:11-89:15. Overruled.  Relevant to the failure to recall the controller claim in this case.

### D. JUSTIN JUNNIER

1. **Chart's counter-designations**.  All of Plaintiffs' objections are GRANTED (without prejudice to revisiting during Chart's case-in-chief) except that Plaintiffs should play:

    - 15:05-10.
    - 44:19-45-8.
    - 45:12. No danger of confusion with leaving the warranty reference here.
    - 67:15-68-11.

2. **Chart's objections to Plaintiffs' designations.**

    - 29:5-32:11; 42:18-43:22 Overruled. Testimony is relevant to the controller issue.
    - 46:4-19; 47:6-48:22; 65:3-17. Overruled.  Relevant to failure to recall claim because shows Chart's knowledge of an issue with controller and how Chart addressed the issue.
    - 66:1-67:14. Overruled. Relevant to Chart engineer's understanding of risks of alarm malfunction.
    - 70:21-71:16. Overruled.
    - 73:15-74:22. Overruled.
    - 80:6-83:15. Overruled.
    - 91:12-96-13. Overruled.
    - 97:17-100:5. Overruled.
    - 114:6-16; 117:1-118:4. Overruled.
    - 133:13-23. Overruled.

### E. GREGORY MUELLER

1. **Chart's Counter-designations**.  Plaintiffs' objections are GRANTED without prejudice to revisiting the objections should Chart choose to play excerpts during its presentation

4

of evidence.

    2.    **Chart's Objections to Plaintiffs' Designations.**

- 127:18-129:2. Overruled. Exhibit 284 is admissible.

### F. BRANDON WADE

    1.    **Chart's Counter-designations.** Plaintiffs' objections are GRANTED without prejudice to revisiting the objections should Chart choose to play excerpts during its presentation of evidence.

    2.    **Chart's Objections to Plaintiffs' Designations.**

- 36:15-38:23: Overruled. Relevant to the failure to recall the controller claim.
- 43:17-24. Overruled.
- 68:21-81:14. Overruled.
- 121:2-221:18. Overruled.
- 223:19-224:18: Overruled.

### G. EXHIBITS

Chart's objections to Exhibits 192, 208, 216, 284, 200, 197, 225, 266, 220 and 263 are overruled for reasons previously stated where applicable and the reasons set forth by Plaintiffs in Docket No. 814.

**IT IS SO ORDERED.**

Dated: May 24, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge