John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Andrew A. Lothson (SB No. 6297061)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
alothson@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street
San Jose, California 95125
Tel: (408) 288-9700; Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

*Counsel for Defendant Chart Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION | Case No. 3:18-cv-01586-JSC<br><br>**CHART'S TRIAL BRIEF REGARDING ITS OBJECTIONS TO PLAINTIFFS' USE OF TRIAL EXHIBITS 201, 223, 239, 147 AND 247 DURING DIRECT EXAMINATION OF DR. JOSEPH CONAGHAN**<br><br>Judge: Hon. Jacqueline Scott Corley |

Defendant Chart, Inc. ("Chart"), submits this Trial Brief regarding its objections to Plaintiffs' use of certain Trial Exhibits during their direct examination of Dr. Joseph Conaghan on Wednesday, May 26, 2021, and in support states as follows:

On Monday, May 24, 2021, Plaintiffs' counsel emailed Chart's counsel a list of exhibits they intend to use during their direct examination of Dr. Conaghan, which included Trial Exhibits 201, 223, 239. Plaintiffs later emailed to notify of their intent to use Trial Exhibits 247 and 147 as well. Chart objects to the use of these exhibits during direct examination of Dr. Conaghan under Federal Rules of Evidence 402, 403, and 602.

With respect to Trial Exhibits 201, 223 and 239 about other controllers, the Court previously overruled Chart's objections and has permitted the exhibits, *e.g.*, for notice to Chart purposes.[1] However, that does not make these exhibits admissible for use with all witnesses in the case. These exhibits are multipage chains of emails from 2016 and 2017 between Chart employees or unidentified Chart customers or distributors. Dr. Conaghan is not part of the emails. Rather, he is PFC's lab director, a lay witness who was never an employee of Chart, and otherwise has no personal knowledge of the content of these emails. Fed. R. Evid. 602 is clear: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." As a result, Dr. Conaghan cannot testify about these emails.

Turning to the Rule 402 and 403 objections if these exhibits are used with Dr. Conaghan, Trial Exhibit 223 illustrates the point. Plaintiffs' counsel alluded multiple times in their opening statement to employee Brendan Wade's email that "[w]e try not to call attention to the issue with the customer obviously," as being somehow relevant to their claims. However, Mr. Wade's email is not relevant to any of Plaintiffs' strict liability claims predicated on an alleged weld-defect in Tank 4 or their negligent failure to recall claim predicated on an unspecified defect in the subject TEC3000. To be clear, purported evidence that Chart did not

---

[1] Chart preserves its previously lodged objections to these exhibits, which contain multiple levels of hearsay and discuss other occurrences Plaintiffs have not established to meet the "substantial similarity" test for admissibility. (*See* Dkt. Nos. 760 and 783.)

warn its customers (or the end-users) is not relevant to any of Plaintiffs' remaining claims, which do not include a failure to warn claim. (*See, e.g.*, May 18, 2021 hearing transcript, at 29:5-30:21.) Thus, to the extent Plaintiffs attempt to use Exhibit 223, or the other emails in Exhibits 201 and 239, to elicit testimony from Dr. Conaghan about Chart's purported lack of warnings regarding issues with other TEC3000 controllers, or what Dr. Conaghan would have supposedly done if PFC had been warned, such testimony is objectionable under Fed. R. Evid. 402 as irrelevant and Fed. R. Evid. 403 as confusing and unfairly prejudicial. In sum, Plaintiffs' attempt to parade objectionable "other occurrence" e-mails in front of a PFC witness that has absolutely no personal knowledge should be rejected.

As for Trial Exhibits 147 and 247, Plaintiffs notified Chart of their intention to use these exhibits with Dr. Conaghan after expiration of the 48-hour rule (Ex. 147 was disclosed after 5 pm on Monday, May 24, and Ex. 247 was not disclosed until the middle of court proceedings on Tuesday, May 25). On May 25, as a matter of professional courtesy, Chart informed Plaintiffs that it would not object to those two exhibits as untimely (as Chart would expect Plaintiffs to extend it that same courtesy). But Chart also informed Plaintiffs of substantive objections to using Trial Exhibits 147 and 247 with Dr. Conaghan. Dr. Conaghan lacks personal knowledge of Trial Exhibit 247 (*see* Fed. R. Evid. 602). Chart has also lodged an objection to Trial Exhibits 147 and 247 based on Fed. R. Evid. 402 and 403 (confusion and misleading).

Chart will be prepared to address all of these exhibits with the Court in the morning.

1
2  Dated: May 25, 2021
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

By:  /s/*Andrew A. Lothson*
Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN**
1033 Willow Street,
San Jose, California 95125
Tel: (408) 288-9700
Fax: (408) 295-9900
mcowden@smtlaw.com
astoddard@smtlaw.com

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Andrew A. Lothson (SB No. 6297061)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100
Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
alothson@smbtrials.com

*Counsel for Defendant Chart, Inc.*

---

4

CHART'S SUBMISSION IN RESPONSE TO THE COURT'S ORDER OF MAY 12, 2021
CASE NO. 3:18-CV-01586-JSC