United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: PACIFIC FERTILITY CENTER
LITIGATION

Case No.  18-cv-01586-JSC

**FINAL JURY INSTRUCTIONS**

**IT IS SO ORDERED.**

Dated: June 9, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 2**

**UNCONSCIOUS BIAS**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases. The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits that have been admitted into evidence;

      3. any facts to which the lawyers have agreed; and

      4. any facts that I have instructed you to accept as proved.

**JURY INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that was excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 6**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question could not be answered, and the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 7**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts which were read to you. You must treat these facts as having been proved.

# JURY INSTRUCTION NO. 8

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of the following individuals were used at trial:

(1) Seth Adams

(2) Kyle Eubanks

(3) Brendon Wade

(4) Justin Junnier

(5) Jeff Brooks

(6) Ramon Gonzalez

(7) Frank "Buzz" Bies

(8) Gregory Mueller

(9)  Hana Lamb

(10) Buster Ingram

(11) William Pickell

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 9
### USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 10

### USE OF REQUESTS FOR ADMISSION

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 13

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 14**

**EXPERT OPINION**

Experts may give opinions on those subjects in which they have special skills, knowledge, experience, training or education. You should consider each expert opinion in evidence and give it whatever weight it deserves. Remember, you decide all the facts. If, in reaching an opinion, you find that an expert relied on certain facts, and you decide that any of those facts were not true, then you are free to disregard the opinion.

The law allows expert witnesses to be asked questions that are based on assumed facts.

These are sometimes called "hypothetical questions." In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 15

### PLAINTIFFS' CLAIMS AND CHART'S DEFENSES


Plaintiffs Laura and Kevin Parsell, Chloe Poynton, Rosalynn Enfield, and Adrienne Sletten each engaged with Pacific Fertility Center (PFC) to provide them with fertility services. Plaintiffs' eggs and embryos were stored in a cryogenic tank, referred to as "Tank 4," which was designed and manufactured by the defendant, Chart Inc. Plaintiffs allege that Tank 4 lost liquid nitrogen during an incident that occurred the weekend of March 4, 2018, damaging or destroying their eggs and embryos. Plaintiffs assert that the tank malfunctioned because of a defect in the way it was designed or manufactured by Chart, and that Chart negligently failed to recall the tank's controller.

Chart denies Plaintiffs' allegations and denies that Plaintiffs are entitled to an award of damages. Chart contends that Pacific Fertility Center's misuse of the tank and controller caused the incident and any alleged damage to Plaintiffs' frozen eggs and embryos.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 16**

**PLAINTIFFS' STRICT LIABILITY CLAIMS**

Plaintiffs claim that they were harmed by a product manufactured by Chart that contained a manufacturing defect or was defectively designed.

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 17**

**CLAIM 1: STRICT LIABILITY—MANUFACTURING DEFECT**

Plaintiffs claim that Tank 4, an MVE 808 cryogenic tank, contained a manufacturing defect. To establish this claim, Plaintiffs must prove all of the following:

    1.  That Chart manufactured the tank;

    2.  That the tank contained a manufacturing defect when it left Chart's possession;

    3.  That Plaintiffs were harmed; and

    4.  That the tank's defect was a substantial factor in causing Plaintiffs' harm.

The parties have stipulated that Chart manufactured the tank so you must find that the first element of the claim has been proved.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 18**

**MANUFACTURING DEFECT—DEFINED**

A product contains a manufacturing defect if the product differs from the manufacturer's design or specifications or from other typical units of the same product line.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 19**

**CLAIM 2: STRICT LIABILITY—DESIGN DEFECT—CONSUMER EXPECTATIONS TEST**

Plaintiffs claim Tank 4's design was defective because the tank did not perform as safely as an ordinary consumer would have expected it to perform. To establish this claim, Plaintiffs must prove all of the following:

1.  That Chart manufactured the tank;

2.  That an ordinary consumer of the tank had reasonable minimum safety expectations about the tank;

3.  That the tank did not perform as safely as an ordinary user of cryogenic storage tanks would have expected it to perform when used or misused in an intended or reasonably foreseeable way;

4.  That Plaintiffs were harmed; and

5.  That the tank's failure to perform safely was a substantial factor in causing Plaintiffs' harm.

An "ordinary consumer" means an ordinary user of the tank.

The parties have stipulated that Chart manufactured the tank so you must find that the first element of the claim has been proved.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 20**

**CLAIM 3: STRICT LIABILITY—DESIGN DEFECT—RISK-BENEFIT TEST**

Plaintiffs also claim that Tank 4's design caused harm to them. To establish this claim, Plaintiffs must prove all of the following:

1.   That Chart manufactured the tank;

2.   That Plaintiffs were harmed; and

3.   That the tank's design was a substantial factor in causing harm to Plaintiffs.

If Plaintiffs have proved these three facts, then your decision on this claim must be for Plaintiffs unless Chart proves that the benefits of the tank's design outweigh the risks of the design. In deciding whether the benefits outweigh the risks, you should consider the following:

a) The gravity of the potential harm resulting from the use of the tank;

b) The likelihood that this harm would occur;

c) The feasibility of an alternative safer design at the time of manufacture;

d) The cost of an alternative design; and

e) The disadvantages of an alternative design.

The parties have stipulated that Chart manufactured the tank so you must find that the first element of the claim has been proved.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 21**

**CHART'S MISUSE OR MODIFICATION AFFIRMATIVE DEFENSE**

Chart claims that it is not responsible for Plaintiffs' claimed harm because the MVE 808 cryogenic tank and the TEC 3000 electronic controller (together the "Product") were misused or modified after it left Chart's possession.

To succeed on this affirmative defense, Chart must prove that:

1) The Product was misused or modified after it left Chart's possession; and

2) The misuse or modification was so highly extraordinary that it was not reasonably foreseeable to Chart, and therefore should be considered as the sole cause of Plaintiffs' harm.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 22**

**CLAIM 4: NEGLIGENT FAILURE TO RECALL**

Plaintiffs claim that Chart was negligent because it failed to recall or retrofit the TEC 3000 electronic controller installed on Tank 4. To establish this claim, Plaintiffs must prove all of the following:

1)  That Chart sold the TEC 3000 electronic controller;

2)  That Chart knew or reasonably should have known that the controller was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner;

3)  That Chart became aware of this defect after the controller was sold;

4)  That Chart failed to recall or retrofit the controller;

5)  That a reasonable seller under the same or similar circumstances would have recalled or retrofitted the controller;

6)  That Plaintiffs were harmed; and

7)  That Chart's failure to recall or retrofit the controller was a substantial factor in causing Plaintiffs' harm.

The parties have stipulated that Chart sold the TEC 3000 electronic controller so you must find that the first element of the claim has been proved.

23

1

2

**JURY INSTRUCTION NO. 23**

**SUBSTANTIAL FACTOR—DEFINED**

3

4

5

6

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

7

8

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 24**

**MULTIPLE CAUSES**

A person or entity's conduct may combine with another factor to cause harm. If you find that Chart's conduct was a substantial factor in causing Plaintiffs' harm, then Chart is responsible for the harm. Chart cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Plaintiffs' harm.

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 25**

2

**COMPARATIVE FAULT OF THIRD PERSON**

3

4          Chart claims that the negligence of Pacific Fertility Center contributed to Plaintiffs' harm.

5    To succeed on this claim, Chart must prove both of the following by a preponderance of the

6    evidence:

7          1)  That Pacific Fertility Center and its employees and agents were negligent; and

8          2)  That this negligence was a substantial factor in causing Plaintiffs' harm.

9          If you find that the negligence of Pacific Fertility Center and its employees and agents was

10   a substantial factor in causing Plaintiffs' harm, you must then decide how much responsibility

11   Pacific Fertility Center has by assigning percentages of responsibility to Pacific Fertility Center

12   and to Chart on the verdict form. The percentages must total 100 percent.  For purposes of these

13   instructions, Pacific Fertility Center employees include employees of Pacific Fertility Center,

14   Pacific MSO, LLC and/or Prelude Fertility, Inc.

15          You will make a separate finding of each plaintiff's total damages, if any. In determining

16   an amount of damages, you should not consider any entity's assigned percentage of responsibility.

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 26**

**NEGLIGENCE—DEFINITION**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. Pacific Fertility Center can be negligent by its employees or agents acting or by failing to act. Pacific Fertility Center was negligent if its employees or agents did something that a reasonably careful person would not do in the same situation or failed to do something that a reasonably careful person would do in the same situation. You must decide how a reasonably careful person would have acted in Pacific Fertility Center's employees' situation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 27

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

Plaintiffs have the burden of proving their claims and Chart has the burden of proving its affirmative defenses by a preponderance of the evidence.

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 28**

**INTRODUCTION TO TORT DAMAGES**

If you decide Plaintiffs have proved any of their strict liability claims against Chart, and that Chart has not proved its misuse/modification affirmative defense, or you decide Plaintiffs have proved their negligent failure to recall/retrofit claim, you also must decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Chart's conduct, even if the particular harm could not have been anticipated.

Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 29**

**ECONOMIC AND NONECONOMIC DAMAGES**

 The damages claimed by each plaintiff for the harm caused by Chart fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately as to each plaintiff.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 30**

**ITEMS OF ECONOMIC DAMAGE**

The following are the specific items of economic damages claimed by Plaintiffs:

    1)  Damage to eggs or embryos.

Plaintiffs' eggs and embryos do not have an established market value, but Plaintiffs may establish their value through other available sources, including the expense of obtaining and cryopreserving the eggs and embryos; the time expended to obtain eggs and embryos; the difficulty associated with obtaining the eggs and embryos; the nature and character of the eggs and embryos; and the use for which the eggs and embryos were intended.

No fixed standard exists for deciding the amount of these damages; however, you must consider only the economic value of the eggs and embryos, not their sentimental or emotional value. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 31**

**ITEMS OF NONECONOMIC DAMAGE**

The following are the specific items of noneconomic damages claimed by each plaintiff:

    1) Past and future mental suffering, inconvenience, grief, anxiety, and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future pain and suffering, each plaintiff must prove that they are reasonably certain to suffer that harm. For future emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate each plaintiff for future emotional distress.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 32**

**AGGRAVATION OF PREEXISTING CONDITION**

Each plaintiff is not entitled to damages for any physical or emotional condition that they had before Chart's conduct occurred. However, if a plaintiff had a physical or emotional condition that was made worse by Chart's wrongful conduct, you must award damages that will reasonably and fairly compensate them for the effect on that condition.

**JURY INSTRUCTION NO. 33**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous as to each issue submitted to you.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 34**

**USE OF NOTES**

Some of you took notes during the trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

You will have in the jury room the exhibits admitted into evidence.

# JURY INSTRUCTION NO. 35

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court staff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You should continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the me—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to me.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 36**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the court that you are ready to return to the courtroom.