UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACIFIC FERTILITY CENTER LITIGATION<br><br>Re: A.B., C.D., E.D., G.H., and I.J | Case No. 18-cv-01586-JSC<br><br>**ORDER RE: MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(B)**<br><br>Re: Dkt. No. 883 |

Plaintiffs A.B., C.D., E.F., G.H., and IJ prevailed at trial on their product liability and failure to recall claims against Chart Industries. Because Plaintiffs also brought claims against Pacific Fertility Center, Prelude, and Pacific MSO (the "PFC entities") which have been stayed pending arbitration, this action remains pending and judgment was not entered following the jury's verdict on Plaintiffs' claims against Chart. Plaintiffs now move for entry of judgment under Federal Rule of Civil Procedure 54(b) arguing that there is no just reason to delay entry of judgment on their claims against Chart pending arbitration of their claims against the remaining Defendants. (Dkt. No. 883.) Having considered the parties' briefs, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion.

**DISCUSSION**

Under Rule 54(b), "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." This "Rule was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case.... The Rule thus aimed to augment, not diminish, appeal opportunity.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622,

627–28 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409-10 (2015) (alterations in original)).

A two-step process governs the Rule 54(b) analysis. "A district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Second, the court "must determine whether there is any just reason for delay." *Wood*, 422 F.3d at 878. The latter determination focuses on: "(1) the interrelationship of the certified claims and the remaining claims in light of the policy against piecemeal review; and (2) equitable factors such as prejudice and delay." *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 7635883, at *2 (N.D. Cal. June 27, 2016) (citing *Curtiss-Wright*, 446 U.S. at 8-10; *Gregorian v. Izvestia*, 871 F.2d 1515, 1518-20 (9th Cir. 1989)).

"It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Jewel*, 810 F.3d at 628 (quoting *Curtiss-Wright*, 446 U.S. at 7); *see also Jewel*, 810 F.3d at 628 ("juridical concerns" regarding piecemeal appeals are reviewed de novo; otherwise, "discretionary judgment of the district court should be given substantial deference").

**A. Final Judgment as to Plaintiffs' Claims Against Chart**

Chart does not argue—nor could it—that the jury's verdict in Plaintiffs' favor on all three of the claims pled, finding of damages, and allocation of fault between Chart and the PFC entities constitutes a final judgment as to Plaintiffs' claims against Chart. The jury's verdict constitutes "a judgment in the sense that it is a decision upon a cognizable claim for relief, and ... final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (internal citation and quotation marks omitted). The first step of the Rule 54(b) inquiry is thus easily resolved.

**B. Just Reasons to Delay Entry of Final Judgment**

Having found finality, the Court must next determine whether there is any just reason for

delay considering the policy against piecemeal appeals and the equities involved. *Curtiss-Wright*, 446 U.S. at 8. Chart insists that entering final judgment here will spawn multiple appeals on overlapping facts and legal issues and that the equities do not weigh in Plaintiffs' favor. The Court disagrees.

### 1) Avoidance of Piecemeal Litigation

Chart maintains that Rule 54(b) relief is inappropriate here because any appeal would not resolve all of Plaintiffs' claims nor would it include all the parties. *See Jewel*, 810 F.3d at 630 ("A final complication is that not all of the parties are included in this appeal, nor does this appeal resolve all of the Jewel plaintiffs' claims."). Chart emphasizes that Plaintiffs' claims against the PFC entities—which arise out of the same facts here—will be adjudicated in arbitration and the arbitration decision will be subject to confirmation or vacatur by this Court, and to an appeal following this Court's decision.

Chart relies heavily on the Ninth Circuit's statement in *Wood* that "[t]he greater the overlap the greater the chance that this court will have to revisit the same facts—spun only slightly differently—in a successive appeal." 422 F.3d at 882. However, as Plaintiffs note, the Ninth Circuit also stated that "[w]e do not mean to suggest that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b). Certainly they are not." *Id.* at 881. In *Wood*, "the factual issues overlap[ped] entirely—not just substantially; and the only legal right asserted [wa]s the right not to be discriminated against on account of age." *Id*. at 882.

While the factual circumstances underlying Plaintiffs' claims against Chart are nearly the same as for their claims against the PFC entities, "the claims under review [are] separable from the others remaining to be adjudicated and [] the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. That is, although Chart's appeal could raise challenges to the jury's factual findings and this Court's legal conclusions, an appeal of the arbitration decision regarding the PFC entities would not have a similar scope. "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 662 (9th Cir. 2012).

3

1  Chart's insistence that the Court's review of the arbitration decision "necessitates analyzing how
2  the arbitrators applied the law to the facts of the case, the same facts Chart will raise on appeal" is
3  unavailing. (Dkt. No. 896 at 5.) "[T]he FAA does not sanction judicial review of the merits, and
4  whether or not the panel's findings are supported by the evidence in the record is beyond the scope
5  of our review." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640–41 (9th
6  Cir. 2010) (cleaned up).
7  Accordingly, juridical concerns such as avoidance of piecemeal litigation do not weigh
8  against Rule 54(b) certification here.

9  **2) Equitable Considerations**

10  Next, the Court must consider "traditional equitable principles such as prejudice and
11  delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). Plaintiffs insist that the
12  equities weigh decidedly in favor of immediate entry of judgment because it would delay entry of
13  judgment by at least a year and "deprive Plaintiffs of the use of their sizable monetary awards for
14  fertility services made necessary by the tank failure." (Dkt. No. 883 at 7.) Plaintiffs also argue
15  that a lengthy delay would prejudice the claims of other IVF patients who were harmed by the
16  same incident suggesting that these individuals "will likely be entitled to rely on the *res judicata*
17  effects of that trial in their own proceedings." (*Id*. at 8.)
18  Chart's argument that Plaintiffs will not be prejudiced by any delay because any delay
19  would be minor is unpersuasive for several reasons. First, to the extent that Plaintiffs seek to use
20  the damages awards to pursue fertility services, *any* delay in their ability to do so is prejudicial.
21  Second, that the arbitration with the PFC entities is set for 2022 is unavailing given the pace of the
22  arbitration proceedings—the Court first compelled arbitration of Plaintiffs' claims against PFC in
23  2019—and even if the arbitration occurs in 2022 there is no certainty as to when a decision will
24  issue thereafter (or at least Chart has not pointed to anything that requires a decision within a
25  certain amount of time). Finally, that Plaintiffs have reached a settlement in principal with the
26  PFC entities which would resolve Plaintiffs' arbitration claims as part of a global settlement does
27  not weigh against entry of judgment against Chart now. While Chart suggests that the Court will
28  need to offset Chart's obligation to Plaintiffs to account for the settlement payment, Plaintiffs

persuasively note that any such offset is both speculative and would only relate to the economic damages and not the $13.05 million in non-economic damages. *See Garcia v. Duro Dyne Corp.*, 156 Cal. App. 4th 92, 100 (2007) ("a nonsettling defendant is not entitled to an offset for such a settlement until the settlement monies have been paid."); *Id.* at 102 ("a nonsettling defendant is not entitled to an offset credit under section 877 for the portion of any settlement that is attributable to noneconomic damages.").

Accordingly, the balance of equities weighs in Plaintiffs' favor and there is no just reason to delay entry of judgment.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for entry of judgment under Rule 54(b) is GRANTED.

The Clerk is instructed to enter final judgment on Plaintiffs' claims against Chart using the proposed final judgment submitted by Plaintiffs. (Dkt. No. 883-1.)

This Order disposes of Docket No. 883.

**IT IS SO ORDERED.**

Dated: August 13, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge