John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**ZENERE COWDEN & STODDARD APC**
2005 De La Cruz Blvd., Suite 240
Santa Clara, California 95050
Office: (408) 430-3551
mcowden@zcslawfirm.com
astoddard@zcslawfirm.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S NOTICE OF MOTION AND RULE 50(b) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** |

1 **NOTICE OF MOTION AND MOTION**

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  Please take notice that Defendant Chart Inc. will and hereby does move the Court, pursuant to
4  Rule 50(b) of the Federal Rules of Civil Procedure, for judgment as a matter of law on Plaintiffs'
5  negligent failure to recall claim. This Motion is based on this Notice, the Memorandum of Point
6  and Authorities, the Declaration of Margaret C. Redshaw, and other documents submitted
7  herewith, the evidence proffered at trial, the reporter's transcripts, the Court's file, and the
8  arguments of counsel presented at the hearing of this motion.

9  Dated: September 10, 2021

Respectfully submitted,
By: /s/ *John J. Duffy*
John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**ZENERE COWDEN & STODDARD APC**
2005 De La Cruz Blvd., Suite 240
Santa Clara, California 95050
Office: (408) 430-3551
mcowden@zcslawfirm.com
astoddard@zcslawfirm.com

*Counsel for Defendant Chart Inc.*

---

CHART'S NOTICE & RENEWED MOT. FOR J. AS A MATTER OF LAW
CASE NO. 3:18-CV-01586-JSC

John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**ZENERE COWDEN & STODDARD APC**
2005 De La Cruz Blvd., Suite 240
Santa Clara, California 95050
Office: (408) 430-3551
mcowden@zcslawfirm.com
astoddard@zcslawfirm.com

*Counsel for Defendant Chart Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE PACIFIC FERTILITY CENTER LITIGATION<br><br>This Document Relates to:<br>No. 3:18-cv-01586<br>(A.B., C.D., E.F., G.H., and I.J.) | Case No. 3:18-cv-01586-JSC<br><br>**DEFENDANT CHART INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 50(b) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Chart Inc. ("Chart") respectfully submits this Memorandum of Points and Authorities in support of its Renewed Motion for Judgment as a Matter of Law.

## I. INTRODUCTION

On June 3, 2021, Plaintiffs rested their case-in-chief. Chart promptly filed a Motion for Judgment as a Matter of Law. (Def.'s Rule 50(a) Mot., Jun. 3, 2021, ECF No. 835). As Chart explained, the negligent failure to recall claim concerned, not anything related to the allegedly defective weld at the liquid nitrogen port, but Plaintiffs' claim that Chart negligently failed to recall or retrofit the TEC 3000 controller. Despite the complicated nature of both that controller and Plaintiffs' theory of its malfunction, Plaintiffs offered *no evidence* to prove that the controller was defective and that it caused any damage to the plaintiffs' samples. This Court denied Chart's motion, but acknowledged the lack of evidence in support of the negligent failure to recall claim, noting it would reexamine the issue after the trial ended. (Trial Tr. Vol. 9 at 1401:24-25, Jun. 4, 2021, ECF No. 841).

That time is now. Pursuant to Rule 50(b), Chart hereby renews its Motion for Judgment as a Matter of Law as to Plaintiffs' negligent failure to recall claim. Because Plaintiffs failed to prove each element of their claim. Chart is entitled to judgment.

## II. LEGAL STANDARD

Rule 50(b) provides that, when the court does not grant a motion for judgment as a matter of law under Rule 50(a), the movant may file a renewed motion after the entry of judgment. Fed. R. Civ. P. 50(b). The court must grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In the Ninth Circuit, this standard is met, and judgment as a matter of law is proper, "when the evidence permits only one reasonable conclusion." *Lakeside-Scott v. Multnomah Cty.*, 556 F.3d 797, 802 (9th Cir. 2009) (internal citations omitted).

### III. PLAINTIFFS FAILED TO ESTABLISH THE ESSENTIAL ELEMENTS OF THEIR NEGLIGENT FAILURE TO RECALL CAUSE OF ACTION.

Claims alleging negligent failure to recall or retrofit are not widely recognized: they are not recognized under the Restatement (Third) of Torts: Products Liability §11 outside a government-ordered recall. *Roberts v. Electrolux Home Prods., Inc.*, No. CV 121644 CASVBKX, 2013 WL 7753579, *11 (C.D. Cal. March 4, 2013). Most jurisdictions have agreed with this limitation, "reasoning that governmental agencies are better suited than courts to determine when a product recall is necessary." *Id*. California is an exception: it recognizes a duty to recall or retrofit "due either to a shift in industry standards or post-sale knowledge that puts a manufacturer on notice regarding a dangerous product defect." *Id*. at 13.

To that end, the parties here agreed that CACI No. 1223 correctly defined the required elements of any negligent failure to recall or retrofit claim. Among the seven elements the Plaintiffs were required to prove were: element 2, Chart knew or reasonably should have known the controller was dangerous or likely to be dangerous when used in a reasonably foreseeable manner; element 3, Chart became aware of the defect after the controller was sold; and element 5, a reasonable manufacturer under the same or similar circumstances would have recalled or retrofitted the controller.

During the hearing on Chart's Rule 50(a) motion, this Court focused on element 5: whether Plaintiffs offered evidence establishing that a reasonable manufacturer under the same or similar circumstances would have recalled or retrofitted the controller. As this Court observed, "[t]he question is whether this particular claim and element requires evidence[.]" (Trial Tr. Vol. 9 at 1401:20-21, ECF No. 841).

It does. Expert testimony is required to establish that a defendant breached the standard of care by failing to recall its product. *Kamerik v. Depuy Orthopaedics, Inc.*, No. CV1106920MMMMANX, 2013 WL 12322041, at *6 (C.D. Cal. Jan. 28, 2013). In *Kamerik*, plaintiff alleged strict liability and negligence claims, including a negligent failure to recall claim, related to a component of a prosthetic knee manufactured and distributed by defendant Depuy. 2013 WL 12322041, at *2. The district court granted Depuy's motion for summary judgment on plaintiff's negligent failure to recall claim, explaining: "Kamerik has also failed to proffer any evidence, expert or otherwise, regarding the standard

of care to which the manufacturer of a complex product such as the device at issue here should be held. Without such evidence, Kamerik cannot raise triable issues of fact as to whether Depuy should have recalled the product." *Id.*

Plaintiffs' case is similarly deficient. Plaintiffs adduced no evidence of the industry standards that manufacturers and engineers would apply in deciding whether to recall controllers. Expert testimony was required because such information is not within the knowledge of lay jurors. *See, e.g,*, *Kamerick,,* 2013 WL 12322041 at *6 (discussing the general requirement, citing California cases, that expert testimony is required to acquaint juries with information that is not within ordinary knowledge).

Additionally, Chart adduced uncontroverted evidence that, when controllers failed they did so for reasons unique to individual users, and not because of any common, underlying defect in the products. (Pls. Not. Lodging Dep. Testimony Ex. D (Junnier Dep.) at 72:14-24, ECF No. 869-4; *Id.* Ex. C (Wade Dep.) at 88:1-8, ECF No. 869-3). To prevail on their negligence claim, Plaintiffs had to introduce evidence that a *reasonable manufacturer* would have recalled its product. The jury had no basis to assess that and, particularly, past product failures had no common cause that could be remedied by a recall.

In the absence of required expert testimony, Plaintiffs argued that Trial Exhibit 239 showed that Chart believed it should recall the controller by virtue of the statement "take action immediately" in the email. (Trial Tr. Vol. 9 at 1400:11-14, Jun. 4, 2021, ECF No. 841). That misstates the evidence. Nowhere in Trial Exhibit 239 does a Chart representative suggest the controller should be recalled. Trial Exhibit 239 is an email thread between Chart representatives in which they discuss their efforts to troubleshoot the TEC3000. (Redshaw Decl. Ex. 5, Trial Ex. 239). The authors acknowledge, "there have been some TEC3000 issues that have mystified us in the past and sometimes could not provide explanations as to the cause or causes of the failure." (*Id.*) In addressing those issues, Chart "simply asked clients to calibrate, or restore to defaults, or replace." (*Id.*) The author then explains his belief, supported by testing performed by a third-party, that calibration or a restore to default <u>will take care of current controller issues</u>, including the "SN=0" issue. (*Id.*, emphasis original) The email shows that troubleshooting – not a recall – sufficiently addressed the controller issues. Plaintiffs did not present any evidence – expert or

otherwise – to show that such an action was unreasonable or that a reasonable manufacturer would have recalled products based on evidence of this sort.

As noted, under the Restatement, a claim for negligent failure to recall requires evidence that a *government agency* ordered the recall. The government directive gives the jury the framework for understanding the manufacturer's duty and the circumstances that trigger the need for manufacturer action. Here, there is no such framework. Emails addressing issues and solutions for controller issues, do not provide a basis for the jury to decide whether a reasonable manufacturer should have recalled the controllers.

Fundamentally, Plaintiffs failed to establish the standard of what a reasonable manufacturer should have been expected to do. Without evidence establishing the industry standard, the jury lacked the evidence it needed to consider whether a reasonable manufacturer would have recalled or retrofit the controller *in this case*. (Jury Instruction No. 22, ECF No. 853). Without sufficient evidence to make its determinations fully, the jury's verdict on negligent failure to recall is contrary to the manifest weight of the evidence presented during the trial and a new trial is warranted.

## IV.   CONCLUSION

Plaintiffs failed to present sufficient evidence in their case to prove each element of their negligent failure to recall claim. Therefore, pursuant to Fed. R. Civ. P. 50(b), this Court should direct judgment for Chart.

Dated: September 10, 2021            Respectfully submitted,

 By: */s/ John J. Duffy*
John J. Duffy (SB No. 6224834)
Kevin M. Ringel (SB No. 6308106)
Margaret C. Redshaw (SB No. 6327480)
**SWANSON, MARTIN & BELL, LLP**
330 N Wabash, Suite 3300
Chicago, Illinois 60611
Tel: (312) 321-9100; Fax: (312) 321-0990
jduffy@smbtrials.com
kringel@smbtrials.com
mredshaw@smbtrials.com

Marc G. Cowden (SB No. 169391)
Adam Stoddard (SB No. 272691)
**ZENERE COWDEN & STODDARD APC**
2005 De La Cruz Blvd., Suite 240
Santa Clara, California 95050
Office: (408) 430-3551
mcowden@zcslawfirm.com
astoddard@zcslawfirm.com

*Counsel for Defendant Chart Inc.*